

**M. JANE BRADY**
**ATTORNEY GENERAL**

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19901 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

**PLEASE REPLY TO:**

March 8, 2005

[New Castle County-Civil Division]

The Honorable Joseph J. Farnan, Jr.
United States District Court for the
    District of Delaware
844 N. King Street
Lock Box 27
Wilmington, DE 19801

Re:    Carter v. Taylor, et al.
        <u>C.A. No. 99-757-JJF</u>

Dear Judge Farnan:

      Defendants in the above-captioned matter recently received and reviewed Plaintiff's self-described "letter response" to Defendants' renewed Motion for Summary Judgment. Given the desire to avoid unnecessary duplication and to keep the current docket from swelling to unmanageable levels, Defendants respectfully submit and request that this Honorable Court accept the following letter memorandum in lieu of a formal Reply Brief.

      On February 3, 2005, Your Honor presided over a hearing that dealt with two issues. The first was consideration of Plaintiff's Motion for Discovery Sanctions and the second concerned Defendants' renewed case dispositive Motion now considered as a Motion for Summary Judgment. As for the first issue, Defendants note that following a short colloquy with the parties, the Court seemingly resolved the issue by asking Defendants' counsel to submit affidavits supporting statements made in open Court that reasonable and timely (but ultimately unsuccessful) efforts were made to locate the documentation sought by Plaintiff. As requested, Defendants have attached hereto as Exhibits A and B the appropriate affidavits and the Court's attention is respectfully directed to same.
      In addition, Your Honor indicated an Order would be issued to the medical care providers/vendors by whom the original documents were generated seeking release to the Court of all records related to Plaintiff. However, Plaintiff indicated at the hearing (and in a subsequent February 12th letter to the Court) that such an Order would be to no avail and that he was withdrawing his request for that documentation. Notwithstanding the subsequent submission of several pages of other documents with his reply to the pending case dispositive Motion, Plaintiff's voluntary withdrawal renders the Motion for Sanctions moot.

The only other basis for even considering such a Motion was Plaintiff's misunderstanding of the form of responses to other discovery requests. Simply put, he apparently did not "like" the answers he received and considered them as non-responsive. However, it is readily apparent from the discussions held in open Court on February 3rd that Your Honor did not consider such "displeasure" to be equated with nonresponses that would otherwise lend themselves to any form of sanctions. Indeed, it seems that Plaintiff's persistence in pursuing some form of sanction is merely a desperate knee-jerk reaction to the pending defense Motion and a realization that in the absence of any relevant, credible evidence, Plaintiff's submissions are insufficient to either refute the defenses raised by Defendants or deny Defendants the final relief they seek.

At the February 3rd hearing, Your Honor stated that notwithstanding Plaintiff's self-styled "letter motion/reply" of July 15, 2004, Plaintiff would be given yet one more opportunity to address the three issues/defenses raised in the pending Motion for Summary Judgment. The first of these dealt with Plaintiff's failure to exhaust his administrative remedies prior to initiating the Section 1983 litigation now pending before this Honorable Court. Plaintiff suggests that this is a non-issue since he was not incarcerated at the time he filed his lawsuit. However, Defendants respectfully submit that Plaintiff misses the point.

Prior to his release (obtained in part through the actions of one of the Defendants) and the commencement of this lawsuit, Plaintiff was obligated to exhaust any administrative remedies then available to him. Well-established caselaw, most notably *Booth v. Churner*, 206 F. 3d 289, 295 (3d Cir. 2000), requires such exhaustion. In fact, Plaintiff cannot cite to the alleged futility on pursuing the grievance process as a basis for terminating his efforts. A more detailed discussion of this is found at pages 2 and 3    of Defendants' June 25, 2004, Memorandum. Yet Plaintiff consciously opted not to pursue any of that. Rather, he chose to file habeas corpus petitions, repeatedly rejected by both the original State court sentencing judge as well as Your Honor.

In his February 13, 2005 response at page 2, Plaintiff attempts to justify this abject failure to exhaust by asserting, without any foundation, that "[a]dministrative remidies [sic] require a clear set of rules or guidelines that make an individual aware of his obligation as well as the obligations of those responsible for both the creation and workings of the procedures" and that Plaintiff has never seen such written guidelines. Yet, in just one of several instances in which Plaintiff contradicts himself, he first states at page 7 of his February 13th response that he gave the grievance process "the **allotted** time to respond." He further states that he then undertook an investigation into the lack of response and determined that "the grievance was not being dealt with in accord with **established guidelines**." Still later at page 9, Plaintiff again refers to S.O.P. grievance procedures and a purported violation of same by DCC officials. These statements clearly fly in the face of Plaintiff's earlier claim that no such administrative guidelines existed of which he had knowledge or to which he was to adhere in pursuit of his grievance and the exhaustion of his administrative remedies.

Accordingly, Defendants respectfully submit that despite assertions to the contrary, Plaintiff did clearly fail to exhaust his administrative remedies, solely through his own passivity and neglect, thereby precluding consideration of the instant claim. Had he pursued the appropriate remedies in a timely fashion, it is quite conceivable he would have obtained his release, thereby eliminating the need for this subsequent baseless claim requiring the considerable resources of both Defendants and this Honorable Court.

Turning to the second issue, that of qualified immunity and its availability to the Defendants, it is respectfully submitted that Plaintiff has once again failed to strip Defendants of this shield from liability.

The standard by which this defense is determined to be applicable is more fully set forth on pages 12 through 14 inclusive of Defendants' June 25, 2004 Memorandum of Points and Authorities. Again, for the sake of judicial economy, Defendants respectfully direct Your Honor's attention to that portion of the Memorandum. Despite Plaintiff's best efforts in his February 13th letter to refute Defendants' assertion of this defense, it is painfully clear that Plaintiff's efforts fall well short of their mark.

For example, Plaintiff suggests that the Defendants had been given ample notice through what Plaintiff describes as a massive letter-writing campaign.  However, the only letters provided as exhibits are those written to this Honorable Court or Defendants' counsel during the pendency of this case.  Indeed, Plaintiff clearly contradicts himself as is seen by reference  to his sworn deposition testimony wherein he freely admits he never wrote to Defendants Taylor and McBride and only once to Defendant Snyder. (See A-6-14 of Defendants' June 25, 2004, Memorandum).  To now allege that he had put the Defendants on notice of his concerns via correspondence is simply untrue and unworthy of this Honorable Court's consideration.

As established in *Harlow v. Fitzgerald*, 427 U.S. 800 (1982), the test to determine the applicability of qualified immunity rests upon the consideration of several elements.  These are set forth more fully at pages 12 through 14 of Defendants' June 25, 2004 Memorandum and this Honorable Court's attention is respectfully directed thereto.  In applying those standards to the facts of the case, it is undeniable that the Defendants are cloaked by qualified immunity and clearly entitled to its protection.

This brings Defendants to the third and final issue left to be determined by this Honorable Court.  Has Plaintiff established or stated a claim upon which relief may be granted?  Defendants respectfully submit that this question can only be answered with a resounding "no".

Whether or not Plaintiff's 8th and 14th Amendment rights were violated depends upon a two-pronged test first enunciated in *Wilson v. Seiter*, 501 U.S. 294 (1991).  First, Plaintiff must establish that the deprivation or violation is objectively "sufficiently serious".  In addition, Plaintiff must establish that Defendants "had a sufficiently culpable state of mind" which has, in turn, routinely been described as deliberate indifference to the alleged deprivation of the Plaintiff's constitutional rights.  A more detailed analysis of this test and its applicability to the case at bar is found at pages 9 through 12 inclusive of Defendants' June 25, 2004 Memorandum.  Again, the desire to avoid unnecessary duplication leads Defendants to respectfully direct the Court's attention to that detailed discussion that clearly shows Plaintiff's failure to state an actionable claim.

A final point warrants but brief mention.  In *Preiser v. Rodriguez*, 411 U.S. 475 (1973) the Supreme Court considered much the same issue as raised in the instant case.  More specifically, the Court considered the applicability of the Civil Rights Act when an incarcerated individual challenged the fact or duration of his imprisonment and sought immediate or speedier release from such imprisonment.  In reversing the lower courts' decisions, the Supreme Court held that the incarcerated individual's sole federal remedy was a writ of habeas corpus, to which it was further held that the exhaustion requirement applied.

In the case at bar, several habeas petitions were brought both in State and Federal Court.  Indeed, Your Honor presided over Plaintiff's petition and denied same as well as requests for reconsideration.  Given the decision reached in *Preiser v. Rodriguez, supra.*, and the subsequent rulings by both Judge Alford and Your Honor, it is incomprehensible to Defendants as to how Plaintiff can continue to suggest he has a viable claim for which he is entitled to some relief.

Accordingly, Defendants respectfully submit that Plaintiff's most recently filed pleading brings nothing new to the table nor should it deter Your Honor from granting Defendants' Motion for Summary Judgment. Though given another opportunity to resurrect his claim, Plaintiff has done nothing more than pile still more unsubstantiated opinions upon those previously submitted for the Court's consideration. Mere regurgitation of earlier statements, coupled with innuendos meant to impugn the integrity of Defendants' counsel, are woefully insufficient for the purpose of establishing constitutional violations. The citations to which Plaintiff alludes are, for the most part, not controlling within this circuit or district. But the most telling statement evidencing Plaintiff's failure to establish a claim come from his own mouth as are more fully shown in the portions of his deposition transcript made a part of the record. His own inconsistencies and admissions against interest clearly establish that not only has Plaintiff failed to exhaust his administrative remedies or state a claim upon which relief may be granted, but he has also failed to remove the cloak of qualified immunity from the shoulders of the Defendants. For the reasons set forth above as well as those in Defendants' June 25, 2004 Memorandum and July 29, 2004 letter, Defendants respectfully request that this Honorable Court grant their Motion for Summary Judgment.

Thank your for Your Honor's continued patience and attention throughout these proceedings. I remain

Respectfully,

/s/ Stuart B. Drowos
Stuart B. Drowos, ID#427
Deputy Attorney General
State of Delaware
Department of Justice
Carvel State Bldg., 6th Fl.,
820 N. French Street
Wilmington, De  19801

cc:    Mr. Sherman Carter (w/attach)
       Clerk of the Court (w/attach)
       Stanley Taylor, Commissioner (w/attach)
       Rebecca McBride (w/attach)