The Honorable Joseph J. Farnan. Jr.
United States District Court
District of Delaware
844 King Street, Lock Box 27
Wilmington, DE 19801

May 7,2005

Re: Carter v. Taylor, et al.
    Civil Action No. 99-757-JJF

Dear Judge Farnan;

On April 14,2005, you entered a order setting a date of June 2,2005 for a Pretrial Conference, followed by a trial date of, June 10th. I would like you to consider two request from me. The first being that you review the information that has been docketed with the Clerks off being, a Submission in support of Plaintiff's Request for discovery Sanctions, (docket entry 122) and Appendix in Support(docket entry 123).

Eventhough I am a pro se litigant I believe that I have diligently created a very extensive record as to my complaints as to the conduct throughout these proceedings of the defendants and, their attorney. I further feel confident that upon an appellant review, a panel would concur that eventhough specific claims were presented the record is at best sparse as to indications that any of the Plaintiff's issues were given serious consideration. I, the Plaintiff was promised twenty (20) minutes to present support of my request for discovery sanctions. At the time of that hearing, that which transpired was not what the Plaintiff had worked hard to be prepared for. An examination of the transcript alone would bare out the claim of "no serious consideration". Due to my stronge feelings after this hearing I felt it in my best interest to make the information that supported the request for sanctions a part of the record.

With all due respest the Plaintiff pleads that your Honor review the information before the time of the Pretrial Hearing.

Pretrial conferences serve several purposes, including clarifying the legal and factual issues; determining whether the complaint or answer needs to be amended; getting stipulations conserning facts which are not disputed, the admissibility of evidence, and the authenticity of documents; identifying witnesses and documents. Due to all that has been put in my path up to this point, Plaintiff is sure that counsel for the defendants will attempt to deny the Plaintiff the benefit of many of the witnesses that the Plaintiff intends to call.

Due to the Plaintiff's problems in the past in his attempts to relay his position to the court, and to save time the Plaintiff, will provide the identity of proposed witnesses, with a brief preview of the sought after testimony. The Plaintiff would like to remind this Honorable Court that eventhough Defense Counsel has undertaken throughout these proceedings tried to minimize the extent of the wrong done to the Plaintiff, if given a fair opportunity the Plaintiff will prove to a jury that not only the defendants, but many others paid by the tax payers of this state contributed to the violations of the Plaintiff's right.

Witness (1) Deputy Attorney General Loren C. Meyers.

THe Appeals Division pursuant to the Delaware Code have have a duty to not violate the Constitution. Further these attorneys have a responsibility to investigate before undertaking a case. Since, more than one case involving "credit for time previously served" was decided during the periode that the Plaintiff complained, it is important to understand (a) what drove the DAJ to continue to oppose inmates such as the Plaintiff. (b) was there a sharing of information with the Corrections Unit where a decision had a direct effect on that unit's representation of DOC.

Witness (2) Assistant Public Defender EDward Pankowski.

Mr. Pankowski was assigned to assist the Plaintiff, and agreed with the Plaintiff's position. However after a contact with defen-

dant McBride he backed off his legal position. Plaintiff seeks to find out, (a) what was the extent of McBrides effecting his legal position, (b) what is required of his office who are the primary defenders of indigent persons, where cases are decided that effect so many of the Defender's Office's clients, (c) is there in place any information sharing process between his office, and either the Appellate Division, or the Corrections unit.

Witness (3) Deputy Attorney General Mary Page Bailey.

DAG Bailey was assigned to represent the DOC, during the periode that the Plaintiff sought his release. By way of a letter from Ms. Bailey Plaintiff became aware that his records were being passed around to numerous persons in the DOJ. Without any request for any privileged information, this witness being responsible for giving legal advise should be able to inlighten the court as to if there exist a information sharing procedure between internalentities of the DOJ. Also questions exist as to her actions when she was contacted.

Witness (4) Francine Kobus.

During the Plaintiff's plight for his release Ms. Kobus was "Legal Administrator" for DCC. She has since then moved on to now have a position in the DOJ. Ms. Kobus was the head of the DCC Law Library, and has direct information as to Plaintiff's attempts to get someone to correctly deal with his problem. Also in April of 2000 the Plaintiff contacted Kobus requesting copies of evidence under her control, ie copy request forms that proved countless contacts withh all defendants. The request was made well in advance of the two year retention timefram of DCC. Ms Kobus allowed the evidence to be destroyed, which raises some concerns as to "Why". Ms. Kobus was also in charge of housing unit log books that were ordered produced by this court. The Plaintiff beleaves that a re-

tention schedual of five years was applicable to these documents, which todate have not been produced, nor has any explanation been offered.

Witness (5) MacKinnen Young/ Law Library Officer.

Mr Young witness the continued efforts of the Plaintiff to gain his release. Young personally gave to Ms. Kobus a packet of information establishing the correct calculation of Plaintiff's sentence and that the information was directed to defendant McBride. Mr. Young was also aware that threats had been made to take Plaintiff's job.

Witness (6) Frances L. Lewis, Master Correctional Counselor.

Ms. Lewis provided a sworn affidavit to the defendants' attorney to use in the original motion to dismiss. Within this affidavit the inference was that (1) the Plaintiff refused treatment, and (2) that this somehow caused Plaintiff to be held longer. The sworn affidavit goes to how far the Defendants in this case will go to cover-up their actions. Plaintiff seeks to show the jury the dishonesty involved, encluding the fact that eventhough thousands of dollars were spent to have Plaintiff professionally evaluated in order to provide adequate treatment, Ms Lewis nor anyone else at DCC, utilized this information. However Lewis did on several, opportunities falsified classifacation records.

Witness (7) Richard E. Seifert, Executive Assistant.

Mr. Seifert was contacted by the Office of the Lt. Governor, concerning the Plaintiff's being held illegally. Todate Seifert has "Never" responded to the legitimate request. Also Plaintiff was provided a note written by Seifert that deserves an explanation. The note refers to "the heat being turned up".

Plaintiff contends that these witnesses are vital to his abilaty to present his case in full in a manner that will be under-

stood by the jury. Plaintiff will stipulate that he has no intention nor need to persue any questions that will violate attorney client privilege. In the interest of justice and a level playing field I respectfully request that this witness list be granted. Barring any unforseen changes the Plaintiff is confidant of his ability to present his case.

Respectfully submitted

*Sherman A. Carter*

Sherman A. Carter/Pro.,se
2900 Jefferson Street
Wilmington, DE 19802
(302) 494-9227

xc; Stuart B. Drowos DAG
    Clerk of District Court
    file