**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SHERMAN CARTER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Commissioner, STANLEY TAYLOR, )<br>Warden, ROBERT SNYDER, Records )<br>Supervisor, REBECCA McBRIDE, )<br>)<br>Defendants. ) | C.A. No. 99-757-JJF<br><br>Jury Trial Demanded |

**DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE SUPPLEMENTAL**
**SUMMARY JUDGMENT ARGUMENT BASED ON THE**
**"FAVORABLE TERMINATION RULE"**
**AND LACK OF SUBJECT MATTER JURISDICTION**

COME NOW, the Defendants Commissioner Stanley Taylor, Warden Robert Snyder and Records Supervisor Rebecca McBride, and respectfully request that this Honorable Court grant them leave to raise a clearly case-dispositive legal argument not previously argued. In support of their motion, the Defendants offer the following information:

1.  Sherman A. Carter ("Plaintiff") was a former inmate incarcerated and under the supervision of the Delaware Department of Correction ("DOC") within the Delaware Correctional Center ("DCC") at Smyrna, Delaware.

2.  On or about November 5, 1999, Plaintiff filed a complaint pursuant to 42 *U.S.C.* §1983, alleging Eighth and Fourteenth Amendment Due Process violations. (D.I.#2). In his complaint, Plaintiff alleges the Defendants demonstrated deliberate indifference when Defendants allegedly miscalculated his sentence resulting in Plaintiff's spending additional time in incarceration. (Complaint, *passim*).

3.     Plaintiff's claim is predicated on his allegation that he was unlawfully detained due to an administrative misinterpretation of his criminal sentencing order. Plaintiff alleges that the Defendants, employees of the Department of Correction, are legally responsible to him for monetary damages for their failure to cause his timely release from incarceration. At no time has Plaintiff obtained a legal decision invalidating any portion of his sentence, the duration of his sentence, or his sentence calculation prior to the institution of the instant action.

4.     The United States Supreme Court has required that where a plaintiff alleges §1983 liability based on the length or duration of his sentence, that plaintiff must have first obtained habeas corpus relief in relation to the period of detention giving rise to the claim. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok,* 520 U.S. 641, 646-48 (1997). This concept is known as the "favorable termination rule."

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . .

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Here, Plaintiff's claim is based on his allegation that he remained incarcerated longer than the time set forth in his sentencing order. Therefore, he specifically attempts to recover damages for unconstitutional imprisonment as contemplated by *Heck*.

5.     The Supreme Court re-emphasized the *Heck* ruling in *Edwards v. Balisok*, 520 U.S. 641 (1997). The Supreme Court specifically couched the issue of "favorable

termination" as a necessary precondition to a § 1983 lawsuit which in any way challenges the legal propriety of confinement.[1] According to the United States Supreme Court, a prisoner's (or former prisoner's) lawsuit which collaterally challenges the length or duration of his confinement in the absence of a prior grant of habeas relief is not cognizable under 42 *U.S.C.* § 1983. According to *Balisok*, the District Court is without subject matter jurisdiction to hear Plaintiff's complaint unless he can demonstrate a prior favorable termination.

6.     According to the United States Supreme Court, a § 1983 suit seeking a judgment at odds with a State's calculation of time to be served on an underlying criminal sentence specifically requires the Plaintiff to satisfy the favorable termination rule. *Muhammad v. Close*, 540 U.S. 749, 755 (2004). Plaintiff's claim directly challenges the calculation of his criminal sentence and seeks a judgment which would necessarily imply that his sentence was illegally calculated and that he was illegally incarcerated. Accordingly, Plaintiff must have first satisfied the favorable termination rule.

6.     Prior to filing the instant action, Plaintiff repeatedly challenged his sentence and his sentence calculation in both State and Federal courts.[2] Plaintiff has never obtained a favorable habeas corpus decision in relation to his allegedly unlawful detention or

---

[1] "We reemphasize that § 1983 contains no judicially imposed exhaustion requirement, *Heck,* 512 U.S., at 481, 483, 114 S.Ct., at 2369, 2370-2371; absent some other bar to the suit, a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Edwards v. Balisok,* 520 U.S. 641, 649 (1997)(holding a prisoner's claim under 42 *U.S.C.* § 1983 was not cognizable because it implicitly challenged the length of his confinement in the absence of a prior favorable termination).

[2] According to the docket for the Superior Court of the State of Delaware (a copy of which is attached as Exhibit A), Plaintiff moved to modify or "correct" his sentence on multiple occassions. Plaintiff also filed two state habeas corpus actions, a collateral attack on his conviction and sentence pursuant to Rule 61of the Superior Court Civil Rules, and a Mandamus Petition which were all denied by the State of Delaware Superior Court and Supreme Court. In Federal Court, Plaintiff filed 2 habeas corpus petitions which were both denied by this Honorable Court. Plaintiff also filed numerous § 1983 actions in both State and Federal court attacking his sentence and the State's calculation of his sentence. Plaintiff has never attained a favorable termination with regard to any of his numerous claims.

allegedly illegal sentence calculation. In fact, Plaintiff was denied habeas relief twice by this Honorable Court and twice by his sentencing judge in State court.[3] Accordingly, because Plaintiff cannot satisfy the "favorable termination rule" the instant lawsuit must be dismissed.

7. Federal Rule of Civil Procedure 12(h)(3) requires that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Additionally, the interests of justice require that the Defendants be permitted to raise this issue now, in order to fairly present it to this Honorable Court and preserve the issue for any potential appeal.[4] With regard to the Defendants, the "favorable termination rule" applies both to the Court's jurisdiction, the merits of Plaintiff's allegations, and to the defenses of qualified immunity. Briefly stated, it would be novel to require Defendants to stand trial based on an accusation of unlawful incarceration in the absence of a prior favorable habeas corpus decision.[5] Thus, liability absent the favorable termination requirement could not be "clearly established" for the purposes of qualified immunity.[6]

8. Should this Honorable Court grant Defendants' Motion for Leave and require additional briefing, Defendants would be agreeable to an expedited briefing schedule and an appropriate page limitation.

---

[3] It is undisputed that Plaintiff was released from incarceration on August 3, 1999. This Honorable Court denied Plaintiff's second attempt at habeas relief in Federal Court less than a week after he was released from incarceration. *See Carter v. Taylor*, C.A. No. 98-549-JJF, D.I. # 11 and 12 (Memorandum Opinion and Order dismissing Plaintiff's Habeas petition and denying certificate of appealability- decided August 6, 1999)(attached hereto as Exhibit B).

[4] In addition to the holding in *Balisok* depriving the District Court of subject matter jurisdiction, Fed.R.Civ.P. 60(b)(6) ("Relief from Judgment or Order") provides an additional basis for re-visiting a legally dispositive issue at this stage of the litigation.

[5] Or any other ruling from State or Federal Court that Carter was unlawfully imprisoned.

[6] For the purposes of expediency and judicial economy, the Defendants herein present only a brief outline of the issues necessary to a complete discussion of the "favorable termination rule."

9.   Counsel for Defendants certify that they believe that the issues raised herein are meritorious and that they are required to bring them to the Court's attention by their duties to their clients and the Court. Counsel for Defendants further certify that Defendants' Motion for Leave to File Supplemental Summary Judgment Argument is not presented for the purpose of delay.

|  |  |
|---|---|
|  | **DEPARTMENT OF JUSTICE STATE OF DELAWARE** |
|  | /S/ Aaron R. Goldstein |
|  | _____ |
|  | Aaron R. Goldstein, #3735 |
|  | Stuart B. Drowos, ID #427 |
|  | Deputy Attorneys General |
|  | 820 North French Street, 6th Floor |
|  | Wilmington, Delaware 19801 |
|  | (302) 577-8400 |
|  | aaron.goldstein@state.de.us |
|  | stuart.drowos@state.de.us |
| Dated: May 31, 2005 | Attorneys for Defendants Stan Taylor, Robert Snyder and Rebecca McBride. |

### *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on May 31, 2005, I electronically filed Defendants' Motion for Leave to File Supplemental Summary Judgment Argument with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: (*pro se* matter). I hereby certify that on May 26, 2005, I have mailed by United States Postal Service, the attached document to the following non-registered participants: Sherman Carter, 2900 Jefferson Street, Wilmington, DE 19802.

/s/ Aaron R. Goldstein
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
aaron.goldstein@state.de.us
stuart.drowos@state.de.us