IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERMAN A. CARTER, :
:
    Petitioner, :
:
v. :   C.A. No. 98-549-JJF
:
STANLEY TAYLOR, Warden :
and M. JANE BRADY, Attorney General of :
the State of Delaware, :
:
    Respondents. :

---

Sherman A. Carter, Smyrna, Delaware.
Pro Se Petitioner.

Thomas E. Brown, Esquire, Deputy Attorney General, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware.
Attorney for Respondents.

---

## MEMORANDUM OPINION

August __, 1999
Wilmington, Delaware

FARNAN, Chief Judge.

Presently before the Court is a Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody (the "Petition") (D.I. 1) filed by Petitioner, Sherman A. Carter. For the reasons set forth below, the Petition will be dismissed.

## BACKGROUND

In 1993, a grand jury indicted Petitioner on 12 charges stemming from three separate incidents. The first four charges -- second degree burglary, criminal mischief, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited -- arose from an alleged incident in May 1993 involving Petitioner's former girlfriend. The second set of charges -- first degree assault, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited -- arose from an alleged incident in August 1993 involving one of Petitioner's relatives. The third set of charges -- possession with intent to deliver narcotics, possession of narcotics within 1000 feet of a school, carrying a concealed deadly weapon, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited -- arose from an arrest of Petitioner on outstanding warrants in September 1993.

Prior to trial, the first four charges were severed and nolle prossed by the State. On the day Petitioner's trial was to commence, the State nolle prossed the three charges relating to the incident involving Petitioner's relative and the charges of possession of narcotics within 1000 feet of a school and possession of a deadly weapon during the commission of a felony. The State also amended the indictment to reduce the charge of possession with intent to deliver to simple possession. In June 1994, a Delaware Superior Court jury convicted Petitioner of possession of cocaine, possession of a deadly weapon by a person prohibited and carrying a concealed deadly

weapon.

Petitioner was initially sentenced to eight years imprisonment, suspended after three years imprisonment for five years of drug treatment and probation. In September 1994, the sentence was amended to one year imprisonment followed by seven years of decreasing levels of probation. On direct appeal, the Delaware Supreme Court affirmed the judgment of the Superior Court. Carter v. State of Delaware, 663 A.2d 486 (Del. 1995). Subsequently, the Superior Court denied Petitioner's application for post-conviction relief and the Delaware Supreme Court affirmed. Carter v. State of Delaware, 676 A.2d 901 (Del. 1996).

On May 28, 1997 and again on September 16, 1997, Petitioner was found guilty of violating his probation. (Superior Court Criminal Docket at Nos. 62 and 66). Petitioner did not appeal either of the convictions. On December 16, 1997, the Superior Court again found Petitioner guilty of violating his probation. (Superior Court Criminal Docket at Nos. 67 and 68). The Superior Court revoked Petitioner's probation and sentenced him to two years in prison suspended for probation following successful completion of a drug treatment program. (Superior Court Criminal Docket at No. 62).

Thereafter, Petitioner filed a petition for writ of mandamus with the Delaware Supreme Court. The state Supreme Court found that there was no basis for an issuance of a writ of mandamus to the trial court and dismissed Petitioner's application. In re Carter, No. 90,1998, 1998 WL 171110, at *1 (Del. March 25, 1998). On April 6, 1998, Petitioner filed a Petition pursuant to 28 U.S.C. § 2254 alleging that his December 16, 1997 sentence was illegal.

On February 12, 1999, the Court issued a Memorandum Opinion and Order denying the Petition. (C.A. No. 98-173-JJF, D.I. 29 and 30). Thereafter, Petitioner filed a Motion for

2

Amendment of Judgment (C.A. No. 98-173-JJF, D.I. 31) requesting the Court to hold an evidentiary hearing or, in the alternative, to grant Petitioner a certificate of appealability. The Court found that there was no error of law or injustice in denying the Petitioner's Section 2254 Petition, and therefore, denied the Motion for Amendment of Judgment. (C.A. No. 98-173-JJF, D.I. 35 and 36).

The instant Petition relates to the criminal charges that were nolle prossed by the State prior to the Petitioner's trial. Specifically, the Petitioner alleges (1) ineffective assistance of counsel in that his trial attorneys failed to have dismissed the allegedly false and inflated charges, which were later nolle prossed, and (2) malicious prosecution in that he was held in jail under excessive bail on allegedly false or inflated charges that were later nolle prossed. (D.I. 1). In their Answer to the Petition, the Respondents contend that the Petition is untimely pursuant to 28 U.S.C. § 2244(d), and therefore, should be dismissed. (D.I. 7 at 4-5). Alternatively, the Respondents contend that Petitioner's claims should be rejected on the merits. (D.I. 7 at 5-9).

## DISCUSSION

As a threshold matter, the Court must address whether the instant Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").[1] Effective April 24, 1996, the AEDPA amended 28 U.S.C. § 2254 by making habeas petitions subject to a one year statute of limitations. The relevant part of Section 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of

---

[1] Petitioner filed the instant Petition subsequent to April 24, 1996, the effective date of the AEDPA, and therefore, the AEDPA applies to the instant Petition. Dawson v. Snyder, 988 F. Supp. 783, 803 (D. Del. 1997) (holding that amended Section 2254 applies to any habeas petition filed after effective date of AEDPA).

3

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
28 U.S.C. § 2244(d).

In applying Section 2244(d), the United States Court of Appeals for the Third Circuit has held that petitioners, whose conviction became final before April 24, 1996, are entitled to a one year "grace period" following the effective date of the AEDPA in which to file habeas motions. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Accordingly, Section 2254 petitions filed on or before April 24, 1997, may not be dismissed for failure to comply with the one year statute of limitations. Id. at 112. Petitions filed after the one year grace period; however, are subject to dismissal for failure to adhere to the new limitations period imposed by the AEDPA. United States v. McNair, Civ. A. 98-6021, Crim. A. 95-124-09, 1999 WL 281308, at *1 (E.D. Pa. May 3, 1999). The Third Circuit has recognized that the "effect of Burns v. Morton was to make . . . all other convictions in this circuit otherwise final before the effective date of the AEDPA, April 24, 1996, final on that day for purposes of calculating the [one year limitations period]." United States v. Duffus, 174 F.3d 333, 335 (3d Cir. 1999).

In the instant case, the Petitioner was convicted in June 1994, and the Delaware Supreme Court affirmed his conviction on July 18, 1995. Where, as here, a petitioner has not filed a petition for a writ of certiorari before the United States Supreme Court, the judgment of conviction becomes final on "the date on which the [petitioner's] time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

4


Accordingly, the Petitioner's conviction became final 90 days from July 18, 1995.[2] Because the Petitioner's conviction was final prior to the enactment of the AEDPA, for purposes of calculating the one year limitations period, Petitioner's conviction will be deemed final as of April 24, 1996, the effective date of the AEDPA. Applying Section 2244(d) from this date, the Petitioner was required to file the instant Petition no later than April 24, 1997.

The Third Circuit has ruled that a pro se prisoner's habeas petition is deemed file at the "moment he delivers it to prison officials for mailing to the district court." Burns, 134 F.3d at 113 (extending rule in Houston v. Lack, 487 U.S. 266 (1988) to petitions filed under Sections 2254 and 2255). Here, the Petitioner does not indicate the date on which the Petition was delivered to prison officials for mailing. Absent proof of mailing, courts have held that the date of the signatures within the petition is the date on which the petition is deemed filed. See Esquilin v. Artuz, No. 97 Civ. 3310, 1998 WL 2827, at *2 (S.D.N.Y. Jan. 6, 1998) (treating date on which petition was notarized as filing date); United States v. Timber, 7 F. Supp. 2d 1356, 1361 (N.D. Ga. 1998) (treating date on which pro se prisoner signed and dated motion as filing date).

In this case, the Petition is dated September 10, 1998, which is beyond the April 24, 1997 filing deadline. Accordingly, the Court concludes that the instant Petition is untimely under Section 2244(d) and will dismiss the Petition. Because of the Court's conclusion, the Court will

---

[2] Supreme Court Rule 13 provides in pertinent part:

1. Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.

not address the merits of the Petitioner's claims.

## CONCLUSION

For the reasons discussed, the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus (D.I. 1) filed by Petitioner, Sherman A. Carter will be dismissed.

An appropriate Order will be entered.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERMAN A. CARTER,

    Petitioner,

v.                                                   C.A. No. 98-549-JJF

STANLEY TAYLOR, Warden
and M. JANE BRADY, Attorney General of
the State of Delaware,

    Respondents.

### ORDER

At Wilmington this _6_ day of August 1999, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1. The Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus (D.I. 1) filed by Petitioner, Sherman A. Carter is DISMISSED.

2. Because the Court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), a certificate of appealability is DENIED.

_____
UNITED STATES DISTRICT JUDGE