**M. JANE BRADY**
ATTORNEY GENERAL



# STATE OF DELAWARE
## DEPARTMENT OF JUSTICE

**NEW CASTLE COUNTY**
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630
TTY: (302) 577-5783

**KENT COUNTY**
102 West Water Street
Dover, DE 19901
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652
TTY: (302) 739-1545

**SUSSEX COUNTY**
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369
TTY: (302) 856-4698

**PLEASE REPLY TO :**
[New Castle County-Civil Division]

May 31, 2005

Sherman A. Carter
2900 Jefferson Street
Wilmington, DE 19802

      Re:   Carter v. Taylor, et al.;
             <u>C.A. No. 99-757-JJF</u>

Dear Mr. Carter:

      Thank you for your correspondence dated May 28, 2005. I have reviewed the contents of your letter and will discuss your settlement offer with my clients. I appreciate your efforts to resolve this case. Please understand that our discussions, your demand for settlement, and any of the defendants' responsive correspondence is inadmissible at trial as a matter of law. (*See* Federal Rule of Evidence 408).

      As you are aware, I recently entered my appearance in this case. Upon review of this matter, it became clear to me that a legally dispositive issue had not been brought to the court's attention. Accordingly, the Defendants intend to file a Motion for Leave to File Supplemental Summary Judgment Argument. Therein, the Defendants request leave of Court to argue that you have failed to satisfy the so-called "favorable termination rule" at any point prior to the institution of this action. While I must apologize for the lateness with which this issue is brought forth, I have an obligation to my client and to the Court to raise this issue immediately.

      Additionally, with respect to your letter to Court dated May 7, 2005, please accept this letter as Defendants objections to the proposed testimony from the following witnesses: Loren C. Meyers, Esquire, Edward Pankowski, Esquire, MacKinnen Young, Richard Seifert. It is the position of the Defendants that, based on the stated purposes for the above witness' testimony, these witnesses are objected to on the grounds of general relevancy, undue prejudice, lack of personal knowledge, and lack of notice. Defendants specifically reserve the right to file additional objections at the time the pre-trial order is submitted.

I look forward to the prospective resolution of this matter.



Very truly yours,

Aaron R. Goldstein
Deputy Attorney General

Cc: Clerk of the Court
Stuart B. Drowos