To: The Honorable Joseph J. Farnan
    United States District Court for
    the District of Delaware
    844 King Street, Lock Box 27
    Wilmington, DE 19801

2005 JUN -6 AM 8:37

June 2, 2005

Re: Carter v. Taylor, et al
    C.A. No. 99-757-JJF

Dear Judge Farnan:

   Please accept this as the Plaintiff's response to the Defendant's "Motion for Leave to File Supplemental Summary Judgement", based on the "Favorable Termination Rule". Counsel cites Heck v. Humphrey, 512 U.S. 477, 486-487(1994); Edwards v. Balisok, 520 U.S. 641, 646-48(1997).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corlus...

   In Heck, The foregoing conclusion follows upon recognition that the common law of torts provides the appropriate starting point for the § 1983 inquiry, see Carsy v. Piphus, 435 U.S. 247, 257-258; that the tort of malicious prosecution, which provides the closest analogy to claims of the type considered here, require the allegation and proof of termination of the prior criminal proceeding in favor of the accused, see, e.g., Carpenter v. Nutter, 59 P. 301; and that this Court has long been concerned that judgements be final and consistent and has been disinclined to expand opportunities for collateral attack on criminal convictions,

   The Plaintiff contends that there has infact been established a appropriate starting place. This was created when Deputy Attorney General Mary Page Bailey submitted to Judge Haile L. Alford a re-

quest for clarifacation as to her modifacation of the plaintiff's sentence which included "The defendant shall be given credit for time previously served." (see exibit No. 1). The fact that the, plaintiff was released hours after receipt of the response. (see exibit No. 2) This causing proof of termination in favor of the plaintiff.

Defense Counsel has taken the position that The United States Supreme Court's requirement of proof of conviction or sentence, having been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, is all inclusive, and the only basis for a victim to obtain review pursuant to § 1983. However the Plaintiff can not invision that the Supreme Court took into consideration, that a State's Justice System, with a duty to protect the Constitutional rights of it's citizens, would violate that duty.

Here in Delaware the Department of Justice has consistently, challenged unrepresented, unskilled individuals seeking to regain rights protected by the Constitution. This even after this State's own High Court has consistently ruled that "credit for all time spent in jail must be credited". Each time this ruling was re-pronounced the Department of Justice was obligated not to continue to challenge such claims. Counsel has stated that the Plaintiff was unsuccessful on numerous attempts to convince Courts that his claim was correct. The Plaintiff's failures don't lessen the fact that his contention was correct. The unsuccessful attempts go to the damnation of those within the State's Justice Department that used the full force, and resourses of that state agency to illegally hold the Plaintiff, and others in violation of this country's constitution

Plaintiff would suggest to this Honorable Court that it would be a travesty to allow the opposing party to knowingly violate the obligations invisioned by the High Court, and when successful use the results to further deny fair, and just accountability. The record shows that the Plaintiff tried to gain his release but was at every attempt blocked by skilled attorneys who had a legal obligation not to harm the Plaintiff.

Counsel states that, "At no time has Plaintiff obtained a legal decision invalidating any portion of his sentence, the duration of his sentence, or his sentence calculation prior to the institution of the instant action". The Plaintiff directs this Honorable Court to sentencing Judge Alford's letter dated August 2,1999. (see exibit No. 2). Plaintiff further restates that his release came hours after "the excess time should be applied to the two year Violation of Probation sentence", included in that response. As a layperson the Plaintiff contends that the wording of Judge Alfords letter is in effect, combined with the Plaintiff's immediate release proof of termination, in favor of the Plaintiff.

Defense Counsel's most recent filings are as has been numerous others misrepresentative of what is truly. the facts of this case, and the problems that are rampent throughout the Department of Justice. Where the Deputy Attorney General assigned to represent the Department of Corrections contacted the sentencing Judge to clarify the meaning of her sentence. Once again the Plaintiff states that Delaware's Highest Court had already established that "all time spent in jail must be credited". The contact was only to serve as an attempt to cloud the waters. It would have been more reasonable for one division within the Department of Justice ie, the Correction's Unit, to contact the Appellate Division. The Supreme Court Rulings, had been supplied by the Plaintiff for countless months.

The Plaintiff would next like to address Defense Counsel's exspected objections to many of the Plaintiff's proposed witnesses. The Plaintiff has a right to call any witness that will offerd his almost non-existent trial ability the possibility to present to a jury a cohesive presentation of his case. Counsel has stated that he objected in part on the basis of undue prejudice. Plaintiff is confident that Your Honor can preside skillfully enough to make sure that a jury only takes into account that which is appropriate as to the case at hand. Plaintiff can not help but imagine the uncertainty of Defense Counsel as to what skeletons that might come out of the closet. These fears can not however be an acceptable basis for excluding Plaintiff's witnesses.

The Plaintiff would welcome the opportunity to explain in open court what he intends to gain by calling each witness, and what benifit their testimony would have on his case. Perhaps such a presentation would be possible at the next pre-trial conference. As to counsel's claim that there exist a "lack of notice" the Plaintiff believes the Honorable Court will see this as without merit.

                                        Respectfully submitted
                                        /s/ Sherman A. Carter
                                        _____
                                        Sherman A. Carter/Plaintiff


xc: Clerk of the Court
    AAron R. Goldstein
    Deputy Attorney General
    Executive Directot: Josh Templet
    file

Exibit No. 2

## SUPERIOR COURT
### OF THE
### STATE OF DELAWARE

HAILE L. ALFORD
JUDGE

August 2, 1999

COURT HOUSE
WILMINGTON, DELAWARE 19801-3353
(302) 577-2374

Mary Page Bailey
Deputy Attorney General
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

Dear Ms. Bailey:

**Re: Sherman A. Carter - Cr.A. No. VN93-09-0851**

    I am writing in response to Deputy Attorney General, Mary Page Bailey's July 22, 1999 letter regarding credit time on the above-referenced sentence.

    Mr. Carter's original sentence was for three years at Level 5. When he was sentenced for the violation of probation, he was given two years at Level 5. This sentence took into account that he previously served time at Level 5 by virtue of the two year Violation of Probation sentence.

    However to the extent that he may have served more than one year Level 5 on the original sentence, the excess time should be applied to the two year Violation of Probation sentence.

    I trust that this clarifies any question regarding the modification of the Violation of Probation Sentence giving credit for any time previously served.

Sincerely,

Haile L. Alford

HLA/bfs
ORIGINAL: PROTHONTARY'S OFFICE - CRIMINAL DIV.
cc: Stanley Taylor, Commissioner
    Robert Snyder, Warden
    Sherman Carter - DCC

Exibit No. 1



M. JANE BRADY
ATTORNEY GENERAL

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

NEW CASTLE COUNTY
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630

KENT COUNTY
Sykes Building
45 The Green
Dover, DE 19901
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652

SUSSEX COUNTY
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369

PLEASE REPLY TO:
New Castle County - Civil Division

July 22, 1999

The Honorable Haile L. Alford
Superior Court
Daniel L. Herrmann Courthouse
Wilmington, DE 19801

RE:  Sherman A. Carter

Dear Judge Alford:

I am one of the Deputy Attorneys General who represent the Department of Correction. Recently, I received correspondence from an inmate named Sherman Carter regarding the application of a sentence issued by you in December, 1997. Shortly thereafter, the Department of Correction requested a review of the matter. In my review of Mr. Carter's file, I found that there may be some ambiguity in the interpretation of the language of Your Honor's order of March 6, 1999. This ambiguity appears to be causing a disagreement. I am writing to you to request some assistance in clarifying the sentence Your Honor issued earlier this year.

As background, Mr. Carter was sentenced on August 4, 1994 to three years at Level V; suspended after one year to Level IV in-patient drug treatment for two years. He was given credit for time served and was to be held at Level V for space availability at Level IV as required by the Court's order. (See sentencing order attached). Since his release from Level V, Mr. Carter was sentenced on numerous intervening violations of probation. It is his latest sentence for violation of probation which is at issue.

On December 1, 1997, Mr. Carter was re-incarcerated on his third violation of probation on the sentence mentioned above. On December 16, 1997, Your Honor sentenced him to serve two years at Level V; if he successfully completed a form of rehabilitation program, he was to serve the remainder of the sentence at Level III.(See sentencing order attached). On March 6, 1999, Your Honor modified the sentence to include that Mr. Carter was to receive credit for time previously served. (See modified sentencing order attached).

The Honorable Haile L. Alford
July 22, 1999
Page 2

    The ambiguity is what Your Honor intend by giving Mr. Carter credit for time previously served. The Department of Correction is under the belief that Your Honor has already taken into consideration the time Mr. Carter spent at Level V in the past by imposing a two year Level V sentence instead of the original three year Level V sentence, suspended. Therefore, the Department of Correction is interpreting the credit for time served to refer to the time served immediately prior to the imposition of the sentence for the third violation of probation (December 1, 1997 to December 16, 1999) rather than credit for every day served since 1993. Mr. Carter appears to believe that the language means he should get credit for every day of Level V time he served since he was originally incarcerated in 1993.

    So that there can be a resolution of this issue, I am writing to ask Your Honor to clarify your intent when Your Honor modified the sentence to include "The defendant shall be given credit for time previously served." Any guidance you can provide would be greatly appreciated.

                                                Respectfully,

                                                Mary Page Bailey
                                                Deputy Attorney General


cc:    Stanley Taylor, Commissioner
       Robert Snyder, Warden
       Sherman Carter, Inmate

United States District Court for
the District of Delaware
844 King Street Lock Box 27
Wilmington, DE  19801

June 6, 2005

Re; Carter v. Taylor, et al
    Civil Action No. 99-757-JJF

Dear Clerk:

   Please docket the enclosed letter response to Defendant's "Motion for Leave to File Supplemental Summary Judgement". I, the Plaintiff has hand delivered two true copies of same to counsel for the Defendants at the address below, on this date.

X- Hand Delivered to Aaron R. Goldstein Deputy Attorney General
                     Department of Justice
                     820 N. French Street
                     Wilmington, De  19801

signed: _____
         Sherman A. Carter