IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHERMAN CARTER ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 99-757-JJF |
| v. ) | |
| ) | Jury Trial Demanded |
| Commissioner, STANLEY TAYLOR, ) | |
| Warden, ROBERT SNYDER, Records ) | |
| Supervisor, REBECCA McBRIDE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE SUPPLEMENTAL SUMMARY JUDGMENT
ARGUMENT BASED ON THE "FAVORABLE TERMINATION RULE"
AND LACK OF SUBJECT MATTER JURISDICTION**

COME NOW, the Defendants Commissioner Stanley Taylor, Warden Robert Snyder and Records Supervisor Rebecca McBride, and respectfully request that this Honorable Court grant them leave to raise a clearly case-dispositive legal argument not previously argued. In support of their motion, the Defendants offer the following information:

1.  Sherman A. Carter ("Plaintiff") was a former inmate incarcerated and under the supervision of the Delaware Department of Correction ("DOC") within the Delaware Correctional Center ("DCC") at Smyrna, Delaware.

2.  On or about November 5, 1999, Plaintiff filed a complaint pursuant to 42 *U.S.C.* § 1983, alleging Eighth and Fourteenth Amendment Due Process violations. (D.I. #2). In his complaint, Plaintiff alleges that the Defendants demonstrated deliberate indifference when the Defendants allegedly miscalculated his criminal sentence resulting in Plaintiff's spending additional time in incarceration. (Complaint, *passim*). On May 20, 2005,

undersigned counsel entered his appearance on behalf of the Defendants. (D.I. # 136). On May 31, 2005, the Defendants requested leave to file a supplemental summary judgment argument based on the "favorable termination rule." (D.I. # 139). On or about June 6, 2005, Plaintiff filed a letter response to Defendants' Motion for Leave (D.I. # 141). This is Defendants' Reply Memorandum in support of their Motion for Leave.

3. At no point in Plaintiff's letter response does he object to addressing the "favorable termination rule" at this stage of the litigation. In fact, Plaintiff proceeds to argue the merits of the application of the "favorable termination rule." What follows are the Defendants arguments in reply to Plaintiff's letter-answering brief docketed at D.I. # 141.

4. As a starting point, Plaintiff does not dispute the applicability of the "favorable termination rule" to his claim.[1] In doing so, the Plaintiff has conceded that the length of his incarceration will be called into question should he be successful in this litigation. *See Torres v. Fauver*, 292 F.3d 141, 149 (3d Cir. 2002)("[T]he favorable termination rule applies only if a prisoner's claim necessarily implicates the fact or duration of his confinement.")(*quoting Leamer v. Fauver*, 288 F.3d 532, 542, 544 (3d Cir. 2002)).

5. Plaintiff appears to argue that an August 2, 1999 letter from Judge Haile L. Alford to Deputy Attorney General Mary Paige Bailey (attached hereto as Exhibit A) constitutes a judicial statement that a portion of his sentence was "declared invalid by a state tribunal

---

[1] Plaintiff argues that the "favorable termination rule" should not apply when "a State's Justice System, with a duty to protect the Constitutional rights of its citizens, would violate that duty." (D.I. # 141). It is unclear what is meant by "State Justice System" or what duty is being alleged. The Plaintiff fails to present any supporting legal authority for his position and, as a practical matter, the argument presents incomprehensible circular logic. It appears that the Plaintiff views the Defendants as inseparable from his monolithic view of the so-called "State Justice System." Plaintiff consistently alleges the liability and culpable conduct of non-defendant, non-party entities and individuals. For example, at p. 2 of his letter-answering brief (D.I. # 141), Plaintiff interchangeably refers to the allegedly illegal actions of the "Delaware Department of Justice", the "opposing party" and "skilled attorneys…" No such individuals are parties to this action.

authorized to make such determination" as set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) and its progeny. Plaintiff's contention is erroneous because a plain reading of the August 2, 1999 letter reveals that the letter is not a judicial order, determination, or ruling which "declared" his detention "invalid." *Id.* Judge Alford's letter specifically addressed the clarity of her previous sentencing orders, not the illegality of Plaintiff's detention.

In order to support his flawed argument, Plaintiff necessarily mischaracterizes the language of the August 2, 1999 letter when, in relation to the words "excess time", he quotes Judge Alford out of context. It is clear that when one reads the letter as a whole, the Judge was referring to any additional Level 5 incarceration and was not in any manner giving an opinion as to the lawfulness of his continued detention. At no point in the August 2, 1999 letter does the Court declare any portion of Plaintiff's sentence invalid, declare that Plaintiff has been held illegally, or indicate that the Plaintiff required immediate release from custody. At best, the Court's letter clarifies an admittedly ambiguous sentencing order.[2]

The August 2, 1999 letter was not part of any ongoing litigation, contains no judicial order of any kind, and was generated without the benefit of any adversarial legal argument. The letter was not generated in response to a motion or other inquiry by the Plaintiff at all. It was a courtesy response from a Superior Court judge to a Deputy Attorney General. Plaintiff argues that the date of his release indicates that the August 2, 1999 letter was an order to release him, yet the language of the letter contains no such

---

[2] "I trust that this **clarifies** any question regarding the modification of the Violation of Probation Sentence giving credit for time served." Letter from The Hon. Haile L. Alford dated August 2, 1999. (Emphasis added).

command.[3]  Plaintiff, without any supporting legal authority, attempts to "shoehorn" the August 2, 1999 letter into the very specific, narrow requirements of the "favorable termination rule."  Ultimately, Plaintiff cannot demonstrate compliance with the "favorable termination rule."  As a result, his claims must fail.

5.     Other than mentioning the August 2, 1999 letter, Plaintiff fails to dispute the fact that he has never obtained an order or other judicial decision which would fall within the definition of a "favorable termination."  In fact, Plaintiff freely admits his numerous attempts had been completely unsuccessful in achieving such a favorable termination.[4]

6.     According to the United States Supreme Court, a § 1983 suit seeking a verdict or judgment at odds with a State's calculation of time to be served on an underlying criminal sentence specifically requires the Plaintiff to satisfy the favorable termination rule.  *Muhammad v. Close*, 540 U.S. 749, 755 (2004); *Edwards v. Balisok*, 520 U.S. 641 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *Torres v. Fauver*, 292 F.3d 141 (3d Cir. 2002); *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).  Plaintiff's claim directly challenges the calculation of his criminal sentence and seeks a judgment which would necessarily imply that his sentence was illegally calculated and that he was illegally incarcerated.  Because Plaintiff has not satisfied the "favorable termination rule", the Defendants are entitled to summary judgment in their favor.

7.     Federal Rule of Civil Procedure 56(c) provides that a party is entitled to a

---

[3] Federal Rule of Evidence 407("Subsequent Remedial Measures") prevents Plaintiff from using the July 22, 1999 letter from Deputy Attorney General Mary Paige Bailey, the August 2, 1999 letter from Judge Alford, and his release in August of 1999 to prove any "culpable conduct" by the Defendants.

[4] "Plaintiff tried to gain his release but was at every attempt blocked by skilled attorneys who had a legal obligation not to harm the Plaintiff."  (D.I.# 141 at p.2).  Plaintiff also categorizes his attempts at challenging his sentence or the duration of his incarceration as "Plaintiff's failures …" *Id.*  Plaintiff has not satisfied the favorable termination rule. "[C]urrent and former prisoners can use § 1983 to raise claims relating **only** to the conditions, **and not the fact or duration, of their confinement** without satisfying the favorable termination rule." *Torres v. Fauver*, 292 F.3d 141, 145 (3d Cir. 2002)(emphasis added).

summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  When considering a Motion for Summary Judgment, the court must view the evidence in the light most favorable to the nonmoving party. *O'Donnell v. United States*, 891 F.2d 1079, 1082 (3d Cir. 1989).  A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of  "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any..." which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 323-25 (1986).  Once the movant satisfies this burden, the non-moving party must demonstrate to the court that sufficient evidence exists from which a jury might return a verdict in its favor.  *Id*.  The mere existence of some evidence in support of the non-moving party will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-moving party on that issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).  There is no genuine issue of material fact in dispute regarding Plaintiff's failure to achieve a prior favorable termination.

8. The United States Supreme Court has held that satisfaction of the "favorable termination rule" is a precondition to the filing of a § 1983 suit.  *See Muhammad v. Close*, 540 U.S. 749, 751 (2004)(The favorable termination rule serves the purpose of "**conditioning the right to bring a § 1983 action** on a favorable result in state litigation or federal habeas . . ."(emphasis added)).  Therefore, in order for Plaintiff to invoke a

violation of 42 *U.S.C.* § 1983 to provide federal question jurisdiction, he must have first obtained a favorable termination as set forth in *Heck* and its progeny. Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *Id.* (citing *Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 507 (2d Cir. 1994)). *See also In Re Orthopedic "Bone Screw" Products Liability Litigation,* 132 F.3d 152, 155 (3d Cir. 1997)("If a case, over which the court lacks subject matter jurisdiction, was originally filed in federal court, it must be dismissed."). In light of the "favorable termination rule", Plaintiff has failed to establish a continued basis for subject matter jurisdiction.

9. Additionally, Plaintiff has failed to oppose Defendants' argument regarding qualified immunity. It would be novel to require the Defendants to stand trial based on unlawful incarceration in the absence of a plaintiff first obtaining a prior favorable habeas corpus or state court decision invalidating his criminal sentence. Thus, liability absent the favorable termination requirement is not be "clearly established" for the purposes of qualified immunity in this matter. Even assuming *arguendo* that Plaintiff was correct in arguing that the August 2, 1999 letter from Judge Alford to Deputy Attorney General Mary Paige Bailey was somehow a "favorable termination", there is no case law or other legal authority which would support the notion that the Defendants were somehow given "fair notice" that a letter between a judge and an attorney which does not relate to an active criminal or civil matter might be construed to be a judicial order declaring a criminal sentence invalid. *See Brosseau v. Haugen*, 125 S.Ct 596, 599 (2004). Defendants are entitled to qualified immunity as a matter of law.

10. Perplexingly, Plaintiff argues against his own position in his letter-answering

brief. "This Court has long been concerned that judgments be final and consistent and has been disinclined to expand opportunities for collateral attack on criminal convictions." (D.I. # 141 at p. 1). It would be inconsistent to permit this lawsuit to continue in the face of at least four judicial decisions denying *habeas* relief and the repeated and consistent denial of his motions to amend or correct his criminal sentence. Plaintiff's cited authority offers no legal basis which would permit his suit to continue.

11. Based on the Defendants' arguments, and Plaintiff's responses thereto, the Defendants respectfully submit that Plaintiff has failed to obtain a prior "favorable termination" as necessary to: 1) support Federal subject matter jurisdiction, 2) state a claim under 42 *U.S.C.* § 1983, and 3) present a "clearly established" legal basis to defeat a qualified immunity defense in this litigation. Accordingly, the Defendants respectfully request that this Honorable Court grant summary judgment in their favor.

                                                    **DEPARTMENT OF JUSTICE**
                                                    **STATE OF DELAWARE**

/s/ Aaron R. Goldstein
_____
Aaron R. Goldstein, #3735
Stuart B. Drowos, ID #427
Deputy Attorneys General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
aaron.goldstein@state.de.us
stuart.drowos@state.de.us

Dated: June 8, 2005                   Attorneys for Defendants Stan Taylor, Robert Snyder and Rebecca McBride.

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

I hereby certify that on June 8, 2005, I electronically filed Defendants' Joint Reply Memorandum in Support of their Motion for Leave to File Supplemental Summary Judgment Argument with the Clerk of the Court using CM/ECF which will send notification of such filing to the following: (*pro se* matter). I hereby certify that on June 8, 2005, I have mailed by United States Postal Service, the attached document to the following non-registered participants: Sherman Carter, 2900 Jefferson Street, Wilmington, DE 19802.

/s/ Aaron R. Goldstein
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
aaron.goldstein@state.de.us
stuart.drowos@state.de.us