To: The Honorable Joseph J. Farnan, Jr
    United States District Court for
    the District of Delaware
    840 N. King Street, Lock Box 27
    Wilmington, De 19801



June 10, 2005

RE: Carter v. Taylor, et al
    C.A. No. 99-757-JJF

Dear Judge Farnan:

After receipt of Defense Counsel's motion I am compelled to submit the following.

42 U.S.C. § 1983, provides;

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Counsel for the Defense contends that this Court must blindly adhere to the "favorable termination" standard set in Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Plaintiff contends that in reaching this standard the High Court took into consideration that there existed available procedures that would afford a individual a fair opportunity to obtain the correct resolution of his claims. The basis of this imagined process being founded within the United States Constitution, ie "Procedural due process. Defined as, Those safeguards to one's liberty and property mandated by the 14th Amendment of the U.S. Constitution

Counsel has once more chosen not to acknowledge the Plaintiff's assertions that the Department of Justice has denied the Plaintiff, his Constitutional right to due process. The Plaintiff has raised

the facts of the Departments improper challenges to his attempts to obtain "favorable termination", eventhough the State's Highest Court had consistently ruled in a manner that proved the Plaintiff to be correct in his assertions that his sentence was being incorrectly calculated.

   The Plaintiff finds it quite interesting that Counsel can on one hand push for full and utter compliance of a Court's decision by Your Honor, but find no issue with it's own Department of Justice as a rule failing to follow the rulings that would have established "favorable termination" in this case. The Plaintiff can not entertain the possibility that State actors can knowingly, systematicly violate due process and gain benefit from their illegal, immoral, and unethical actions.

   There exist within the case now before this Honorable Court, very serious problems within this State's Department of Justice that are so telling that as stated early on in the Plaintiff's filings a conserted effort to succeed in a collective effort to conceal them is of the utmost importance to the Defendants, and their representitives of the Department. The Plaintiff respectfully submits that where evidence of misconduct amounting to detruction of a fair process exist, Your Honor as presiding Judge has a duty to not only the Plaintiff who has been continually subjected to abuse of the process, but also a higher duty to fundamental belief of justice and fair play that is the basis of our system of justice

   Counsel has opted once again to further misrepresent to this Court the fact that a Deputy Attorney General contacted the sentencing Judge. Due to the numerous rulings of this state's high court, there existed no problem within the sentence. The problem was that the Defendants would not adhere to the controlling law as to crediting Plaintiff with all time spent in jail. This concept is so basic, and supported so consistently by Delaware's Supreme Court that only through deliberate design could the Department of Justice have sought to challenge the Plaintiff on so many attempts to regain his rights pursuant to the Constitution of these United States.

For this Honorable Court to grant the Defendant's request for Summary Judgement would be tantamount to rewarding this State's Legal Department for (1) Knowingly violating the rights of the Plaintiff, (2) abusing the Court process, (3) and engaging in a official cover up. Such a favorable decision would serve to further support the Department of Justice's opinion that the laws do not apply to them. In doing so this Court would become nothing less than a co-conspirator with the Department.

This jist on the use of "favorable termination" is no evidence of judicial acknowledgement that the Plaintiff's contention were infact correct. Plaintiff reiterates his position that this standard sholud not apply where the State has violated Plaintiff's Constitutional rights to "procedural due process" that had compliance been honored, the Plaintiff's claim would have been successful. Our Courts can not allow themselves to be manipulated by the improper actions of a State's Department of Justice. Such undue influence, would render 42 U.S.C.§ 1983, nothing more than a sham.

In conclusion the Plaintiff respectfully prays that This Honorable Court will deny Defendants request for Summary Judgement in the interest of justice.

Respectfully submitted

_____
Sherman A. Carter/Plaintiff