

To: The Honorable Joseph J. Farnan  
    United States District Court for  
    the District of Delaware  
    844 King Street Lock Box 27  
    Wilmington, DE  19801

2005 AUG 17 PM 2:43

August 16, 2005

Re: Carter v. Taylor, et al  
    C.A. No. 99-757-JJF

Dear Judge Farnan;

    Please accept this letter as a formal complaint against Deputy Attorney General Aaron R. Goldstein. It is the position of the Plaintiff that the filing of the now pending Supplemental Summary Judgement is only one more unethical tactic perpetrated by counsel for the Defendants in hopes of causing the facts that are contained within the case before this Court from being put before this or any other Court.

    Mr Goldstein has a duty not to intentionally file with this, or any other Court a meritless motion. Further Counsel has a duty to investigate a case, making himself familure with the facts of said case to make that which he places before a Court not misleading. Counsel has presented to the Court the grounds that [T]he favorable termination rule applies to the Plaintiff's case. In support Counsel cites  Heck v. Humphrey, 512 U.S. 477, 486-87(1994): Edwards v. Balisok, 520 U.S. 641, 646-48(1997).

> [I]n order to recover damages for alledgedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called

>    into question by a federal court's issuance of a writ of
>    habeas corpus....

Counsel's cite directs one to page 487 of Heck. In very concise language, the opinion makes clear that favorable termination is not applicable to the action before this Court.

>    A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgement in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
>
>                        But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgement against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Defense Counsel has throughout the almost six years of the pendency of this action misrepresented to this court that the Plaintiff's case is about his challenging a illegal sentence. Defense Counsel, has now however acknowledged that the basis for Plaintiff's case is based on Defendants demonstrating deliberate indifference. There is no issue as to the legality of the Plaintiff's conviction nor sentence. This being the case, clearly this Honorable Court must concur that as stated in the Heck opinion , "even if successful, the action will not demonstrate the invalidity of any outstanding criminal judgement against the plaintiff".

The Plaintiff contends that this filing was intentionally done with Counsel knowing that Heck's "Favorable termination" is not applicable. Plaintiff has complained about countless improper actions on the part of Defense Counsel. Todate the record is void of any meaningful consideration of the Plaintiff's concerns. Plaintiff is convinced that Attorneys from the State's Department of Justice are very comfortable when filing questionable papers due in part to the comfort zone of knowing that our Courts work under the mistaken belief that attorneys would abide by their ethical obligations to the Courts.

Based on the improperness of Counsel's Supplemental Summary Judgement, the Plaintiff respectfully request that this Honorable Court at least address the actions of Defense Counse. If the position of the Plaintiff is not shared by this Court, the Plaintiff, respectfully request that a formal response be stated.

Respectfully submitted

*Sherman A. Carter*
Sherman A. Carter
2900 Jefferson Street
Wilmington, DE 19802

xc: Clerk of the Court
    DAG Stuart B. Drowos
    DAG Aaron R. Goldstein
    Clerk of Third Circuit Court
    file

To; DAG Stuart B. Drowos
    Department of Justice
    820 N. French Street  6th Flr
    Wilmington, DE  19801

                                        August 16, 2005

Re: Carter v. Taylor, et al
    C.A. No. 99-757-JJF

Dear Mr. Drowos;

   I have attempted to bring to the attention of Judge Farnan, the actions of your colleague Mr Goldstein. I am at a loss as to what you thought could be gained by filing based of favorable termination. For the sake of argument, what if you are successful in gaining a dismissal. You must realize that I will appeal. I have persued this action poised for appellate review. If that course becomes necessary it will provide me a greater opportunity to present those claims that you have fought so hard to keep from review.

   An appeal would allow me to revisit the decision of Judge Farnan to remove your boss Attorney General Brady as a Defendant. By my presenting to the Court of Appeals proof that the Department of Justice systematicly violates due process. If you were to check the record that covers the criminal actions that were included with the offenses for which I was given the sentence which is at the heart of this action, you will see that as far back as 1993, I undertook to create a convincing record that can not be disputed.

   Let us not forget how valiantly you have fought to keep me from putting my position out. On appeal I will be able to present my due process claims, and provide documentation supporting them. I have,

consistently throughout this case referred to continued failures on the part of the lower courts to consider the merits of my due process claims. In fact your colleague supplied one such example, exibit B of his May 31,2005 Supplemental Summary Judgement. By furnishing similar examples the Third Circuit will undoubtedly, not take the same course. Also the fact of my numerous complaints of your intentionally misrepresenting information to the Court, will put your responses under at least three microscopes, not counting mine, which will allow me to point out any falsehoods.

Another grounds for the appeal will be the ruling as to Discovery sanctions. The record will bear out my claims that not only were my claims not given serious consideration, but that a review of my Submissions in Support of Request for Discovery Sanctions, docket entry No.122, and Appendix in Support, docket entry No.123, will shed light on the claim of a "COVER UP".

I don't have any notions that you will admit that your situation is now possibly more precarious than ever. However let me assure, you that you have no idea of what the extent of documentation I, possess. What ever the ruling as to Summary Judgement I will not be denied.

Yours Truly

X_____
Sherman A. Carter

To: Clerk of the Court
    U.S. District Court
    District of Delaware
    844 King Street
    Wilmington, DE 19801

August 17, 2005

Re: Carter v. Taylor, et al
    C.A. No. 99-757-JJF

Dear Clerk:

Please docket the enclosed letter complaint, and forward to Judge Farnan. I have hand delivered true copies of the complaint to Counsel for the Defense at the address below on this date.

Addressed to DAG Stuart B. Drowos & Aaron R. Goldstein
             Department of Justice
             State Office Building
             820 N. French Street  6th Flr
             Wilmington, DE 19801

signed: _____
        Sherman A. Carter