IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHERMAN CARTER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 99-757 JJF |
| | : |
| COMMISSIONER STANLEY TAYLOR, | : |
| et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court is Defendants' Joint Motion For Leave To File Supplemental Summary Judgment Argument Based On The "Favorable Termination Rule" And Lack Of Subject Matter Jurisdiction (D.I. 139). For the reasons discussed, the Court will deny the Motion.

I.  **Background**

Plaintiff Sherman A. Carter was a former inmate at the Delaware Correctional Center at Symrna, Delaware. His Complaint alleges that Defendants violated the Due Process requirements of the Eighth and Fourteenth Amendments by deliberately miscalculating his sentence and causing him to spend additional time in incarceration.

The dispute began on March 6, 1999, when Judge Alford of the Superior Court of the State of Delaware entered an order instructing the Delaware Department of Justice ("Delaware DOJ") to credit Plaintiff's sentence for time previously served. Subsequently, Plaintiff told Defendants, employees of the

Delaware Department of Correction ("Delaware DOC"), that they were not sufficiently crediting his time. On July 22, 1999, in response to Plaintiff's complaints, the Delaware DOJ sent a letter to Judge Alford asking her to clarify her order. On August 2, 1999, Judge Alford replied to the Delaware DOJ by letter. Her interpretation of the sentence contradicted the Delaware DOJ's interpretation and required Plaintiff's immediate release.

## II. Contentions

By their motion, Defendants contend that Plaintiff's claims fail to satisfy the favorable termination rule, and therefore, Plaintiff cannot recover damages for his allegedly unconstitutional imprisonment. In response, Plaintiff contends that he received a favorable termination from Judge Alford.

## III. Discussion

If a state prisoner seeks damages in a section 1983 suit and a judgment in favor of the plaintiff would imply the invalidity of the plaintiff's sentence, the plaintiff must satisfy the "favorable termination rule" announced in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held in relevant part that

> to recover damages for allegedly unconstitutional ... imprisonment ... a § 1983 plaintiff must prove that the ... sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

corpus....

Id. at 486-87 (1994). In other words, to establish a favorable termination, a plaintiff must "demonstrate that the ... sentence has already been invalidated." Id. at 487. In stating the favorable termination rule, the Supreme Court analogized Section 1983 actions to the common law cause of action for malicious prosecution. Id. at 484-85. The Supreme Court stated:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

Id. at 484-85.

In this case, Plaintiff challenges the calculation of his sentence. A section 1983 challenge to the calculation of a sentence is a challenge to the sentence itself, and therefore, Plaintiff must satisfy the favorable termination rule. Graham v. Kooker, No.98-0038, 1998 WL 669931, at *4 (E.D. Pa. Sept. 28, 1998) (citing Glenn v. Armstrong, No. CIV.A.93-0807, 1998 WL 241199, at *3 (Mar. 31, 1998)); Owens v. Ortiz, No. Civ. 05-2351, 2005 WL 1199066 (D.N.J. May 19, 2005); Ray v. Childs, No. Civ.A. 02-7863, 2004 WL 250623, at *3 (E.D. Pa. Feb. 10, 2004); Mitchell v. Dep't of Corrections, 272 F.Supp. 2d 464 (M.D. Pa. 2003); Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997); Crawford v. Barry, No. CIV.A.95-7073, 1996 WL 734096, at *2 (D.C. Cir. Nov. 8, 1996).

Plaintiff contends that he received a favorable termination from Judge Alford's August 2, 1999, letter. The Court agrees. Judge Alford entered the original order that credited Plaintiff for time previously served, and thus Judge Alford was authorized to determine the validity of the sentence as executed by the DOJ. Judge Alford's letter of clarification contradicted the Delaware DOJ's interpretation of the sentence and required Plaintiff's immediate release. In the Court's view, Judge Alford's letter constitutes a declaration of invalidity by a state tribunal. See Ray, 2004 WL at *3 (holding that a section 1983 plaintiff attacking a sentence miscalculation received a favorable termination where "he was informed that the sentence had been miscalculated and he was released from the ... sentence."). Therefore, the Court concludes that Plaintiff has received a favorable termination of his sentence by Judge Alford.

For the reasons discussed, the Court will deny Defendants' Joint Motion For Leave To File Supplemental Summary Judgment Argument Based On The "Favorable Termination Rule" And Lack Of Subject Matter Jurisdiction (D.I. 139).

## IV. Conclusion

NOW THEREFORE, IT IS HEREBY ORDERED this 22 day of August 2005, that Defendants' Joint Motion For Leave To File Supplemental Summary Judgment Argument Based On The "Favorable Termination Rule" And Lack Of Subject Matter Jurisdiction (D.I. 139) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE