

**M. JANE BRADY**
**ATTORNEY GENERAL**

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19901 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

**PLEASE REPLY TO:**

August 31, 2005

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 N. King Street
Lock Box 27
Wilmington, DE 19801

      RE:    **Carter v. Taylor, et al.**
                <u>C.A. No. 99-757-JJF</u>

Dear Judge Farnan:

      I returned to the office last week following an extended absence. In between several Court appearances, I had the opportunity to review all of the various correspondence received during my absence. In the course of that review, I came upon Your Honor's recently issued Order denying Defendants' Joint Motion for Leave to File Supplemental Summary Judgment Argument wherein the Defendants renewed their Motion for Summary Judgment on the bases of the Favorable Termination Rule and Qualified Immunity.

      Following a review and analysis of the Order with my co-counsel, Deputy Attorney General Aaron Goldstein, we concluded that further clarification is required by the Court in order for us to properly complete our pre-trial preparations. More specifically, reference is made to the oft-raised affirmative defense of qualified immunity. In addition, we must respectfully request Your Honor's assistance and indulgence in dealing with a recently-discovered problem with the currently assigned trial date as is more fully described below.

      As for the first matter, Your Honor's most recent order does not contain a ruling on the renewed issue of Qualified Immunity and the interplay with the Court's decision that Judge Alford's letter constituted a Favorable Termination for the plaintiff. This is a legal issue which requires resolution prior to the commencement of trial since, if

The Honorable Joseph J. Farnan, Jr.
August 31, 2005
Page Two

favorably viewed and ruled upon by this Honorable Court, would result in the termination of further judicial proceedings. For the sake of judicial economy and the limited resources of all the parties, including this Honorable Court, defendants' counsel respectfully request that Your Honor make a final ruling upon this issue at the Court's earliest convenience.

Turning to the issue of the currently scheduled trial dates, Your Honor may recall my May 6, 2005 letter in which a conflict requiring the rescheduling of the trial was brought to the Court's attention. In requesting that the trial be rescheduled, the undersigned counsel stated a willingness to provide Your Honor with a list of additional dates over the next few months on which counsel would be unavailable due to previously scheduled matters or other conflicts. That offer was made in the hope that we could avoid another unfortunate and otherwise unforeseen conflict due to a religious observance. You Honor scheduled the new trial date to begin for October 11, 2005.

Please be advised that religious observance of Rosh Hashanah and Yom Kippur for both Mr. Goldstein and I will necessitate our absence from the office on October 4 and 5 (Rosh Hashanah) as well as October 13 (Yom Kippur). These dates represent the most important and holiest religious observances for us and, as for the latter, will also require an early departure from the office on the afternoon of October 12. During these observances, neither of us will be able to perform any tasks associated with the trial or preparation for same. Thus, we respectfully request that the trial be rescheduled.

Again, we recognize the lengthy history of the instant litigation and the concern of all parties (including the Court) as to any additional delays to its resolution. We also recognize that the plaintiff (with whom we have not yet spoken regarding this request) might be frustrated with this turn of events. Nonetheless, we hope that he recognizes and shares the same moral convictions and would allow the Court to reschedule this case to the next mutually available date.

In the hope that Your Honor grants our request, defense counsel note that the Court should try to avoid rescheduling this matter for any of the following dates: October 17, 18, 19, 24, 25, 26, or 31 as well as November 1, 2, 14, 15, 17, 21, and 23. In addition, defense counsel will also be unavailable on December 5, 6, 7, 8, 12, 19, and 20. It may be possible on some of the dates at the beginning of these months (when I would otherwise be in attendance in Bankruptcy Court proceedings) that I can obtain a substitute, thereby freeing me for this matter. I will certainly attempt to be as flexible as possible to accommodate the Court. Beyond December, the calendar is unsettled and every effort would be made to avoid further conflicts should Your Honor opt to pick a date in early 2006.

The Honorable Joseph J. Farnan, Jr.
August 31, 2005
Page Three

      Thank you for Your Honor's kind attention to and patience in this matter. We hope that clarification of the qualified immunity issue is shortly forthcoming and that Your Honor will grant our request for the rescheduling of the current trial date. We remain.

                                      Respectfully,

                                      /s/ Stuart B. Drowos

                                    /s/ Aaron Goldstein
                                    Deputy Attorneys General

SBD/lc

Cc:    Mr. Sherman Carter
        Clerk of the Court
        Stan Taylor, Commissioner
        Robert Snyder
        Rebecca McBride
        Aaron Goldstein, DAG