## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHERMAN CARTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 99-757-JJF |
| v. | ) | |
| | ) | Jury Trial Demanded |
| Commissioner, STANLEY TAYLOR, | ) | |
| Warden, ROBERT SNYDER, Records | ) | |
| Supervisor, REBECCA McBRIDE, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' PROPOSED PRE-TRIAL STIPULATION and ORDER

This matter comes before the Court at a pretrial conference held September 9,

2005 pursuant to Rule 16, Federal Rules of Civil Procedure.

**Plaintiff's Counsel:**
Sherman Carter
2900 Jefferson Street
Wilmington, DE 19802

**Defendants' Counsel:**
Stuart B. Drowos (I.D. #427)
Aaron R. Goldstein (I.D. #3735)
Deputy Attorneys General
For Defendants Stanley Taylor,
Robert Snyder and Rebecca McBride

Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

## I.    Nature of the Case

This is a civil case brought by Sherman Carter against Stanley Taylor, Robert Snyder and Rebecca McBride in their official capacities.  Neither the Delaware Department of Correction nor the State of Delaware are parties to this lawsuit.

Mr. Carter was an inmate within the custody of the Delaware Department of Correction.  Mr. Carter claims he sustained damages as the result of an alleged violation of rights guaranteed to him by the Constitution of the United States.  Specifically, Mr. Carter claims that the defendants violated his constitutional right to be free from cruel and unusual punishment and right to due process.

The defendants contend that none of them violated Mr. Carter's constitutional rights nor are they liable for any alleged damages.  Moreover, the defendants contend that they are entitled to qualified immunity.[1]

## II.    Jurisdiction

A.    This is an action for money damages.  Mr. Carter has asserted claims under the 8th and 14th Amendments of the United States Constitution pursuant to 42 U.S.C. §1983.

Defendants contend that they are entitled to qualified immunity and that Mr. Carter's claims are subject to and barred by the doctrine of favorable termination.

B.    Without waiving jurisdictional disputes as previously ruled upon by this Honorable Court, jurisdiction of the Court is based upon 42 U.S.C. §1983.  Further, this Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

---

[1] At time of submission by Defendants, Plaintiff had not provided his proposed portions for the Pretrial Stipulation and Order.  Accordingly, Defendants respectfully reserve the right to supplement or amend this Pretrial Stipulation and Order as may be necessary.

### III.    Undisputed Facts

The following facts are not disputed:

1.    Sherman Carter was in the custody of the Delaware Department of Correction ("DOC") commencing in August, 1994 pursuant to the imposition of a sentence following a conviction in the Superior Court of the State of Delaware on drug-related charges.  The sentence imposed was for three years at Level V, suspended after one year to Level IV in-patient drug treatment for two years.

2.    Mr. Carter was given credit for time served and was to be held at Level V until space was available at Level IV pursuant to the Superior Court's sentencing orders.

3.    Following Mr. Carter's release, he remained on probationary status.  He was subsequently re-arrested, convicted and re-sentenced on numerous, recurring violations of probation ("VOP"), the latest of which occurred on or about December 1, 1997.

4.    On or about December 1, 1997, Mr. Carter was re-incarcerated on his third VOP regarding IN93090851.  On December 16, 1997, the Honorable Haile Alford of the Delaware Superior Court sentenced Mr. Carter to two years at Level V.  Upon successful completion of the New Hope program (or a similar one to be determined by DOC) while at Level V, the sentence was to be suspended for the balance at Level III.

5.    At or about the same time, Mr. Carter filed a §1983 claim in the United States District Court (C.A. No. 97-639-JJF) which was subsequently dismissed for failure to pay required filing fees.  A second §1983 action was filed by Mr. Carter in the same court (C.A. No. 98-027-JJF) which was also dismissed for the same reason.

6.    On January 2nd and February 19, 1998, Mr. Carter filed Motions for

Sentence Modification in the Delaware Superior Court. These were followed just four days later by a mandamus petition filed in the Delaware Superior Court and a habeas petition filed in the Delaware Superior Court on March 4, 1998 (C.A. No. 98M-03-008-HLA).

7.      On March 6, 1998, Judge Alford amended the 12/16/97 Sentencing Order to provide Mr. Carter with credit for time served at Level V. Defendant Rebecca McBride understood this to mean credit for the period December 1 through December 16, 1997 and adjusted Mr. Carter's status sheet accordingly.

8.      On March 9, 1998, Judge Alford denied the habeas petition, finding Mr. Carter was "being lawfully detained." The following day, she also denied his Motion for Sentence Modification or Reduction.

9.      In April, 1998 Mr. Carter filed a habeas petition in the United States District Court (C.A. No. 98-173-JJF). Several days later, his mandamus petition was denied by Judge Alford.

10.     On July 10, 1998, Mr. Carter filed another motion for sentence modification which Judge Alford denied one month later, warning Mr. Carter that she will not consider repetitive requests. Three weeks later, she denied a Superior Court Criminal Rule 61 motion, considering it an ill-disguised attempt seeking sentence modification.

11.     On September 23, 1998, Mr. Carter filed another habeas petition in federal court (C.A. No. 98-549-JJF). During the pendency of both federal habeas petitions, Mr. Carter filed a mandamus petition in the United States 3rd Circuit Court of Appeals followed by a mandamus petition in the Delaware Supreme Court which was dismissed

on or about December 30, 1998. During this same period (last quarter of 1998), Mr. Carter filed a grievance dealing with the same issue with the Delaware Correctional Center ("DCC") which Mr. Carter subsequently failed to pursue, resulting in its dismissal.

12.    In early January 1999, Mr. Carter filed still another motion for sentence modification.

13.    On February 12, 1999, the Honorable Joseph J. Farnan, Jr. denied habeas corpus relief in C.A. No. 98-173-JJF (relating to the aggregation of probationary sentences), declaring there was "[n]o substantial showing of a denial of a constitutional right." Mr. Carter filed a Motion to Amend this decision which Judge Farnan denied on or about May 4, 1999.

14.    On February 25, 1999, Mr. Carter field another habeas petition in State Court (C.A. No. 99M-02-074) which Judge Alford denied one week later. Mr. Carter sought reconsideration of the denial but Judge Alford denied this motion on or about March 19, 1999.

15.    On March 23, 1999, Mr. Carter filed a lawsuit in Superior Court against DOC employee Tom Orr. The case (C.A. No. 99C-03-257-VAB) dealt with the same issue as now pending before this Honorable Court. Mr. Carter's motion seeking *in forma pauperis* status was denied and the case was to be dismissed by April 19, 1999 if the required filing fees remained unpaid.

16.    On April 7, 1999, the Delaware Supreme Court (No. 175, 1998) affirmed Judge Alford's earlier denial of Mr. Carter's state habeas petiton (C.A. No. 98M-03-008).

17.    The following day, Mr. Carter filed still another §1983 action in federal

court (C.A. No. 99-236-JJF) in which Judge Farnan denied *in forma pauperis* status.

18.    Two weeks later, Judge Biffereto dismissed the Orr lawsuit due to Mr. Carter's failure to pay the required filing fees.  A few days later, the Delaware Supreme Court (No. 128, 1999) denied a mandamus petition filed by Mr. Carter, construing it to be a flawed attempt by Mr. Carter to appeal Judge Alford's denial of the habeas petition in C.A. No. 99M-02-024.

19.    On May 4, 1999, Judge Farnan denied Mr. Carter's motion to amend his earlier decision denying federal habeas relief.  One week later, the Delaware Supreme Court denied Mr. Carter's motion for reargument on the dismissal of his mandamus petition.

20.    On May 12, 1999, the Delaware Supreme Court issued an opinion in *Gamble v. State*, holding that Level V time must always be credited.  At or about the same time, Mr. Carter's allegations concerning sentence miscalculation was circulated amongst and reviewed by several DOC officials.  Six days later, Judge Farnan dismissed Mr. Carter's latest §1983 lawsuit (C.A. No. 99-236-JJF).

21.    In light of the *Gamble* decision and Mr. Carter's complaint about his sentence, the issue was referred to the Delaware Attorney General's office for review in June 1999.  During this time, Mr. Carter corresponded with Deputy Attorney General Mary Page Bailey who in turn corresponded with Deputy Attorneys General in the Appeals Division regarding Mr. Carter's previous Court actions pertaining to his sentence in an effort to determine the validity of Mr. Carter's allegations.

22.    Following an intensive review of the matter and the numerous above-cited court actions, DAG Mary Page Bailey wrote to Judge Alford on or about July 22, 1999

seeking clarification of Mr. Carter's December 16, 1997 sentence.

23.     On or about August 3, 1999, Judge Alford responded, indicating that all previously served Level V time of Mr. Carter should be credited.  More specifically, she indicated that any additional time beyond the one year Level V sentence should be credited toward the two year Level V VOP sentence.  This information was conveyed immediately to DOC officials, including Defendant McBride, resulting in the immediate release of Mr. Carter from Level V status.

24.     On August 6, 1999, Judge Farnan dismissed Mr. Carter's latest habeas petition (C.A. No. 98-549-JJF), noted that Mr. Carter "[f]ailed to make a substantial showing of the denial of a constitutional right."

25.     Mr. Carter filed the instant lawsuit on or about November 5, 1999.

**IV. Agreed to Issues of Law**

The parties agree that the following are the issues of law that remain to be decided:

1.     Whether or not any defendant is entitled to qualified immunity?

2.     Whether any defendant acted with deliberate indifference as to Mr. Carter's allegations regarding violations of his Constitutional rights?

3.     Whether Mr. Carter was illegally detained in an alleged violation of constitutional rights?

4.     Whether Mr. Carter is entitled to nominal compensatory or punitive damages?

5.     Whether the evidence establishes the personal involvement of any defendant in the alleged illegal detention of Mr. Carter?

**V.      Issues of Fact and Expected Proof**

A.      Plaintiff has not provided or submitted the required information pursuant to the Federal Rules of Civil Procedure.

B.      The defendants will prove the following facts:

1.      No defendant acted with deliberate indifference to Plaintiff.

2.      Reasonable steps were taken in response to Plaintiff's allegation of illegal detention.

3.      Plaintiff was timely released following receipt of clarification of an ambiguous sentencing order.

**VI.    Witnesses**

A.      Plaintiff has not provided or submitted the required information pursuant to the Federal Rules of Civil Procedure.

B.      The defendants expect to call the following witnesses:

1.      All defendants (Stanley Taylor, Robert Snyder and Rebecca McBride)

2.      Deputy Attorney General Mary Page Bailey

3.      Francene Kobus

4.      Rich Seifert

5.      Chief Deputy Attorney General Carl Danberg

6.      Cathy Escherich

7.      Tom Orr

8.      Plaintiff

9.      In addition, Defendants reserve the right to call any witnesses

designated by Plaintiff.

**VII.     Exhibits**

A.     Plaintiff has not provided or submitted the required information pursuant to the Federal Rules of Civil Procedure.  Accordingly, Defendants are unable to pose objections at this time but respectfully reserve their right to do so.

B.     Defendants' exhibits for their case-in-chief are listed in Exhibit A attached to this proposed Pretrial Stipulation and Order.  In addition, Defendants reserve the right to use any exhibit, including those designated by Plaintiff, in cross-examination.

C.     Dispute as to Exhibit Lists.  Apart from the exhibits expressly excluded from pretrial disclosure by the Federal Rules, defendants object to the use of any exhibit not disclosed.

D.     Any exhibit identified in the exhibit list and not subject to an objection is deemed to be admissible and may be admitted into evidence.

E.     Notice of Trial Exhibits

1.     Plaintiff has not provided or submitted the required information pursuant to the Federal Rules of Civil Procedure.

2.     Defendants propose that no notice be given for exhibits to be used during trial.

**VIII.   Discovery Designations**

A.     Plaintiff has not provided or submitted the required information pursuant to the Federal Rules of Civil Procedure.  Accordingly, Defendants are unable to pose objections at this time but respectfully reserve their right to do so.

B.     Defendants' deposition designations are attached as Exhibit B.

**IX.     Damages**

Plaintiff seeks damages for the alleged infliction of emotional distress allegedly caused by defendants' conduct and punitive damages for defendants' alleged conduct.

**X.      Bifurcated Trial**

The parties do not seek a bifurcated trial.

**XI.     Trial Briefs**

A.      Plaintiff has not provided or submitted any motions *in limine*. Accordingly, Defendants reserve the right to respond to same in the event Plaintiff subsequently seeks to file same.

B.      Defendants reserve the right to submit motions *in limine* with accompanying supporting briefs or memoranda upon any subsequent submissions by Plaintiff warranting same.

**XII.    Limitations, Reservations and Other Matters**

A.      Length of Trial.  The projected length of trial is four days, with 10 hours allotted per side.

B.      This is scheduled to be a jury trial.

C.      Number of Jurors.  There should be six jurors and two alternate jurors.

D.      Jury Voir Dire.  The Court will conduct voir dire.  If voir dire questions are to be tendered, they will be submitted no later than the time of jury selection.

E.      Objections preserved due to Plaintiff's failure to provide Defendants with a copy of any proposed Pretrial Stipulation and Order.  Defendants respectfully reserve the right to object to any portion of Plaintiff's proposed Pretrial Stipulation, including Plaintiff's Exhibits, Designations or Witnesses.

IT IS ORDERED that this Pretrial Stipulation and Order may be modified at the trial of the above action, or prior thereto, to prevent manifest injustice or for good cause shown.  Such modification may be made either on application of counsel for the parties or on motion of the Court.

Dated: _____, 2005

_____
United States District Judge

AGREED AS TO FORM AND SUBSTANCE

_____
Sherman Carter
Plaintiff, Pro Se

/s/ Stuart B. Drowos_____
Stuart B. Drowos, I.D. #427

/s/ Aaron R. Goldstein_____
Aaron R. Goldstein, I.D. #3735

Deputy Attorneys General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
Attorneys for Defendants

11