```
                    SUPERIOR COURT CRIMINAL DOCKET                    Page     1
                         ( as of   06/24/1999 )

State of Delaware v.  SHERMAN A CARTER                    DOB 08/15/1950
State's Atty: FERRIS W WHARTON , Esq.      AKA: NICK CARTER
DEFENSE ATTY: PRO SE , Esq.                     NICK CARTER



Assigned Judge:

Charges:
Count     DUC#          Crim.Action#      Description       Dispo.     Dispo. Date
 001    303X6881DI      IN93090845        BURGLARY 2ND      NOLP       05/25/1994
 002    303X6881DI      IN93090846        PDWDCF            NOLP       05/25/1994
 003    303X6881DI      IN93090847        PDWBPP            NOLP       05/25/1994
 004    303X6881DI      IN93090848        CR.MIS.500-1500   NOLP       05/25/1994
 005    303X6881DI      IN93090849R1      CCDW              TG         06/28/1994
 006    303X6881DI      IN93090850R1      POSS.W/I/D NARC   TG         06/28/1994
 007    303X6881DI      IN93090851R1      PDWBPP            TG         06/28/1994
 008    303X6881DI      IN93090852        POS/DEL 1000 FT   NOLP       08/04/1994
 009    303X6881DI      IN93090853        ASSAULT 1ST       NOLP       08/04/1994
 010    303X6881DI      IN93090854        PDWDCF            NOLP       08/04/1994
 011    303X6881DI      IN93090855        PDWBPP            NOLP       08/04/1994
 012    303X6881DI      IN93091409        PDWDCF            NOLP       08/04/1994
 013    303X6881DI      VN9309084901      VIOL O/PROBATN    GLTY       05/28/1997
 014    303X6881DI      VN9309085001      VIOL O/PROBATN    GLTY       05/28/1997
 015    303X6881DI      VN9309085101      VIOL O/PROBATN    GLTY       05/28/1997
 019    303X6881DI      VN9309085102      VIOL O/PROBATN    GLTY       09/16/1997
 020    303X6881DI      VN9309085103      VIOL O/PROBATN    GLTY       12/16/1997


        Event
No.     Date           Event                          Judge
        09/03/1993
          WARRANT AND COMMITMENT
          90 24000.00 100
        09/03/1993
        09/15/1993
          PRELIMINARY HEARING HELD
          MUNICIPAL COURT
        09/16/1993
          CASE FILED
                                        KDP
1       09/27/1993
          TRUE BILL
        10/06/1993
          CONTROL FOR REPRESENTATION CALENDAR-ARRAIGNED BY 10C
        10/08/1993
          CONTROL FOR REPRESENTATION CALENDAR-ARRAIGNED
        10/19/1993
          NOTICE SERVICE/ACKNOW.RECEIPT-DISCOVERY
        11/02/1993
          CRIMINAL TRIAL CALENDAR - RESCHEDULED
          011994
2       11/02/1993
          MOTION TO SEVER
          (PANKOWSKI,ESQ.)                KDP
```



DEFENDANT'S EXHIBIT 7

```
3    11/10/1993                                    HERLIHY JEROME O.
     OFFICE CONFERENCE
     RE: MTNSEV. MTN.IS GRANTED.
     COUNTS 1 THRU 4 TO BE SEVERED.
     COUNTS 5 THRU 12 TO BE TRIED
     SEPARATE. (PANKOWSKI, ESQ.)   KDP
4    11/17/1993
     DEFENDANT'S LETTER
                                          DCB
5    11/17/1993                                    HERLIHY JEROME O.
     LETTER
     (TO ATTYS.) REGARDING SEVERANCE.
     AND SCHED.OF TRIALS.
6    11/17/1993                                    HERLIHY JEROME O.
     ORDER
     COUNTS I THRU IV ARE SEVERED &
     SHALL BE SET DOWN FOR TRIAL 1ST &
     THAT COUNTS V THRU XII SHOULD BE
     KEPT TOGETHER & SHALL BE TRIED ON
     A SUBSEQUENT DATE.             KDP
7    12/02/1993
     DEFENDANT'S LETTER
                                          DCB
8    12/07/1993
     MOTION FOR REDUCTION OF BAIL
     EDWARD C. PANKOWSKI,JR.,ESQ.   KLT
     12/21/1993                                    TOLIVER CHARLES H. IV
     MOTION FOR REDUCTION OF BAIL
     (#004) DENIED                  KLT
9    12/22/1993
     DEFENDANT'S LETTER
                                          DCB
     01/05/1994
     STATE'S WITNESS SUBPOENA ISSUED
10   01/12/1994                                    BARRON NORMAN A.
     REFERRAL MEMO
     ED PANKOWSKI,ESQ.             DCB
     01/12/1994
     SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
11   01/18/1994                                    BARRON NORMAN A.
     REFERRAL MEMO
     ED PANKOWSKI,ESQ.             DCB
     01/19/1994                                    TOLIVER CHARLES H. IV
     CRIMINAL TRIAL CALENDAR - RESCHEDULED
12   01/31/1994
     DEFENDANT'S LETTER
                                          DCB
13   01/31/1994
     REQUEST FOR APPOINTMENT OF COUNSEL
                                          DCB
14   02/03/1994
     MOTION FOR APPOINTMENT OF COUNSEL
     PRO`SE                        KLT
15   02/08/1994                                    BARRON NORMAN A.
     ORDER TO COURT APPOINT COUNSEL
     JEROME M.CAPONE,ESQ.          DCB
16   02/10/1994
```

```
         ACKNOWLEDGMENT SIGNED BY COUNSEL
         JEROME M.CAPONE,ESQ.              DCB
      02/10/1994
         NOTICE OF SERVICE - DISCOVERY REQUEST
 17   02/25/1994                                       COOCH RICHARD R.
         MEMORANDUM
         TO JEROME CAPONE,ESQ., REFERRING
         THE ATTACHED PRO SE LETTER DATED
         012794, TO HIM AS COUNSEL OF
         RECORD FOR WHATEVER ACTION HE
         DEEM APPROPRIATE.                DCB
      03/18/1994
         STATE'S WITNESS SUBPOENA ISSUED
 44   03/22/1994
         LETTER
         (DATED 022594) TO DEFENDANT FROM
         MARGARET L. NAYLOR: THE CHIEF
         JUSTICE HAS DIRECTED ME TO INFORM
         YOU THAT THE COURT ON THE
         JUDICIARY WILL TAKE NO ACTION
         WITH RESPECT TO YOUR DOCUMENT
         DATED FEBRUARY 16, 1994, ENTITLED
         "OBJECTION", AS YOUR DOCUMENT
         CONCERNS THE ABOVE-CAPTIONED
         MATTERS WHICH WERE CLOSED ON
         FEBRUARY 10, 1994.               KRS
      03/24/1994
         SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
 18   03/24/1994
         LETTER
         DEFENDANT'S                       DF
      03/30/1994                                       COOCH RICHARD R.
         CRIMINAL TRIAL CALENDAR - RESCHEDULED
 19   04/03/1994
         MOTION FOR REDUCTION OF BAIL
         JEROME M. CAPONE, ESQ.            DF
      04/12/1994
         SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
      04/20/1994
         STATE'S WITNESS SUBPOENA ISSUED
      04/25/1994
         SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
 20   04/27/1994
         LETTER FROM DEFENDANT
         TRIAL DATE VERIFICATION           CM
      04/28/1994                                       TOLIVER CHARLES H. IV
         CRIMINAL TRIAL CALENDAR - RESCHEDULED
      05/03/1994
         STATE'S WITNESS SUBPOENA ISSUED
 21   05/06/1994
         DEFENDANT'S LETTER
                                          DCB
      05/10/1994
         ARRAIGNED,WAIVED READING,ENT PLEA N GLTY
      05/10/1994
         DIVERSION & CASE REVIEW-TRACK 2-RESCHEDULED
         061694
```

```
        05/10/1994                                    CARPENTER WILLIAM C. JR.
        BAIL HEARING AND COMMITMENT
        77 24000.00 010 MTNROB, GRANTED
        (#019) REDUCED TO $24000 SECURED
        @10%                            DF
22      05/13/1994                                    HERLIHY JEROME O.
        LETTER
        TO DEFT.                        CM
23      05/19/1994
        DEFENDANT'S LETTER
        REQUESTING DOCKET SHEET         MV
24      05/25/1994
        NOLLE PROSEQUI
        IN93-09-0845 THROUGH -0848, WIT-
        AVAILABILITY.                   WJS
25      05/26/1994
        LETTER FROM DEFENDANT
                                        CM
26      05/26/1994                                    HERLIHY JEROME O.
        LETTER
        TO DEFT                         CM
27      06/07/1994                                    GOLDSTEIN CARL
        LETTER
        TO DEFT. TELLING HIM HE WILL BE
        PERMITTED TO ADDRESS THE COURT ON
        THE CONCERNS IN HIS LETTER ON
        061694 THROUGH HIS ATTORNEY.    CM
        06/10/1994
        STATE'S WITNESS SUBPOENA ISSUED
        06/13/1994
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
        06/15/1994
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
        06/15/1994
        DEFENDANT'S LETTER
        RECEIVED 06/16/94               KRS
        06/20/1994
        SHERIFF'S COSTS FOR SUBPOENA'S DELIVERED
28      06/21/1994
        LETTER FROM DEFENDANT
                                        CM
29      06/22/1994
        MOTION TO SUPPRESS
        JEROME M. CAPONE, ESQ.          DF
        06/27/1994                                    CARPENTER WILLIAM C. JR.
        CRIMINAL TRIAL CALENDAR - TRIAL
30      06/27/1994                                    ALFORD HAILE L.
        JURY TRIAL
        THRU 062894.STATE NOLLE PROSEQUI
        COUNTS 5,6,7,9,12. STATE'S MOTION
        TO AMEND COUNT 8 GRANTED. STATE'S
        MOTION IN LIMINE GRANTED. DEFT.'S
        MOTION TO WITHDRAW AS COUNSEL WAS
        DENIED. DEFT.'S MOTION FOR JUDGE-
        MENT OF ACQUITTAL OF CT. 8 DENIED
        JURY FOUND DEFT. GUILTY OF POSS.
        OF COCAINE-0850, CCDW-0849, AND
```

```
         PDWBPP-0851. PSI ORDERED.
         SENTENCING 080494 AT 10:00 A.M.
         S/WHARTON, D/CAPONE, CR/LIEBOW
         CC/ROGERS. JURY SWORN.            GR
      06/28/1994
         PRESENTENCE INVESTIGATION ORDERED
31    07/13/1994
         DEFENDANT'S LETTER
         RECIEVED JULY 14, 1994_. REQUEST
         DOCKET SHEET_____EC
42    07/28/1994
         LETTER FROM DEFENDANT
                                  DCB
      08/04/1994                           ALFORD HAILE L.
         SENTENCING CALENDAR - DEFENDANT SENTENCED
32    08/04/1994
         NOLLE PROSEQUI
         0852-0855 & 1409, RSN: PLED &
         SENT.ON 0849 & 0850.
33    08/04/1994                           ALFORD HAILE L.
         SENTENCE
         AS TO IN93090851 , TIS , THE
         DEFENDANT IS ADJUDGED GUILTY OF
         THE OFFENSE CHARGED.
         THE DEFENDANT IS TO PAY COSTS OF
         PROSECUTION.
         EFFECTIVE SEPTEMBER 4, 1993 THE
         DEFENDANT IS PLACED IN THE
         CUSTODY OF THE DEPARTMENT OF
         CORRECTION AT SUPERVISION LEVEL 5
         FOR A PERIOD OF 3 YEARS,
         INCLUDING CREDIT FOR ANY TIME
         PREVIOUSLY SERVED.
         IF THE DEFENDANT IS PRESENTLY
         SERVING ANOTHER SENTENCE, THAT
         SENTENCE SHALL BE SUSPENDED UNTIL
         COMPLETION OF THIS SENTENCE.
         AFTER SERVING 1 YEAR, THIS
         SENTENCE IS SUSPENDED FOR 2 YEARS
         AT LEVEL 4, INPATIENT DRUG
         TREATMENT PROGRAM.
         UPON SUCCESSFUL COMPLETION OF
         LEVEL 4 INPATIENT TREATMENT
         PROGRAM, THIS SENTENCE IS
         SUSPENDED FOR THE BALANCE AT
         LEVEL 3.
         THE DEFENDANT IS TO BE HELD AT
         SUPERVISION LEVEL 5 UNTIL SPACE
         IS AVAILABLE AT LEVEL 4.
         AS TO IN93090849, TIS , THE
         DEFENDANT IS ADJUDGED GUILTY OF
         THE OFFENSE CHARGED.
         THE DEFENDANT IS TO PAY THE COSTS
         OF PROSECUTION.
         THE DEFENDANT IS TO PAY A FINE IN
         THE AMOUNT OF $200.00 PLUS AN
         EIGHTEEN PERCENT SURCHARGE FOR
```

*Served from 9/4/93 to 11/30/94*

*Plus 30 days GT for 1yrs work,*

FOR THE "VICTIM COMPENSATION
FUND."
THE DEFENDANT IS PLACED IN THE
CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL
5 FOR A PERIOD OF 2 YEARS.
THE NON-INCARCERATIVE PORTION OF
THIS SENTENCE SHALL BE SERVED
CONSECUTIVELY TO THE NON-INCAR-
CERATIVE PORTION OF THE SENTENCE
IMPOSED IN CR.A. NO. IN93090851.
AS TO IN93090850, TIS, THE DEFEN-
DANT IS ADJUDGED GUILTY OF THE
OFFENSE CHARGED. THE DEFENDANT IS
TO PAY THE COSTS OF PROSECUTION.
THE DEFENDANT IS TO PAY A FINE IN
THE AMOUNT OF $     200.00 PLUS
AN 18% SURCHARGE FOR THE 'VICTIM
COMPENSATION FUND' AND A 15%
SURCHARGE FOR THE "SUBSTANCE
ABUSE REHABILITATION, TREATMENT,
EDUCATION AND PREVENTION FUND".
THE DEFENDANT IS PLACED IN THE
CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION LEVEL 5
FOR A PERIOD OF 3 YEARS.
THIS SENTENCE IS SUSPENDED FOR 3
YEARS AT LEVEL 2 .
THE NON-INCARCERATIVE PORTION OF
THIS SENTENCE SHALL BE SERVED
CONSECUTIVELY WITH THE
NON-INCARCERATIVE PORTION OF THE
SENTENCE IMPOSED IN CR.A.NO.
IN93090849 .
AS TO ALL CHARGES THE FOLLOWING
SPECIAL CONDITIONS OF SUPERVISION
SHALL APPLY: THE DEFENDANT SHALL:
PAY THE FINES, SURCHARGES AND
COSTS ORDERED DURING THE
PROBATIONARY PERIOD.
BE EVALUATED FOR SUBSTANCE ABUSE
AND FOLLOW ANY DIRECTIONS FOR
COUNSELING, TESTING OR TREATMENT
MADE BY THE PROBATION OFFICER.
FOLLOW TREATMENT RECOMMENDATIONS
OF EVALUATOR AND/OR PROBATION
OFFICER.
D/CAPONE
S/KELSEY
CR/MILTON
CC/SPEAKMAN                         KRS
08/10/1994
DEFENDANT'S LETTER
                                   KRS
34   08/17/1994
NOTICE OF APPEAL
#314, 1994                         DF

35    08/17/1994
      DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT
      #314, 1994                    DF
36    08/17/1994
      LETTER
      (SUPREME COURT) TO COURT REPORTER
      PURSUANT TO SUPREME COURT RULE 9
      (E)(IV), THE TRANSCRIPT MUST BE
      FILED WITH THE PROTHONOTAY NO
      LATER THAN 092694             DF
37    08/23/1994
      MEMORANDUM
      THE ORDER OF 110793, ORDERING
      COUNTS 1 THROUGH IV OF THE ABOVE
      REFERENCED CASE BE SEVERED, SHALL
      BE RESCINDED DUE TO THE ENTRY OF
      THE ATTORNEY GENERAL'S NOLLE
      PROSEQUI ON THOSE CHARGES. IT IS
      SO ORDERED:                   DF
38    08/24/1994                                    ALFORD HAILE L.
      ORDER OF JUDGMENT
                                   KRS
39    09/02/1994                                    ALFORD HAILE L.
      AMENDED SENTENCE
      AS TO IN93090851, IN93090849,
      NOW THIS 2ND DAY OF SEPTEMBER,
      1994, IT IS THE ORDER OF THE
      COURT THAT THE SENTENCING ORDER
      OF AUGUST 4, 1994 IS HEREBY
      MODIFIED AND AMENDED AS SET FORTH
      BELOW:
      IN93-09-0851, AFTER SERVING 1
      YEAR, THIS SENTENCE IS SUSPENDED
      FOR 2 YEARS AT LEVEL 4, INPATIENT
      DRUG TREATMENT PROGRAM. THIS
      SENTENCE SHALL BE SUBJECT TO
      SENTAC POLICY #28.
      IN93-09-0849, THIS SENTENCE IS
      SUSPENDED FOR 2 YEARS AT LEVEL 2.
      SPECIAL CONDITION TO ALL CHARGES:
      SHOULD THE DEFENDANT RETURN TO
      THE CUSTODY OF THE DEPT. OF
      CORRECTIONS IN THE STATE OF
      PENNSYLVANIA TO COMPLETE ANY
      IMPOSED SENTENCE; UPON RELEASE
      FROM SUCH CUSTODY, DEFENDANT IS
      TO RETURN TO THE STATE OF
      DELAWARE TO SUCCESSFULLY COMPLETE
      THE TERMS OF CONDITIONS OF ANY
      OPEN PERIOD OF PROBATION. SHOULD
      DEFENDANT FAIL TO DO SO, A
      SUBSTANTIAL PERIOD OF
      INCARCERATION SHALL BE REIMPOSED.
      IN ALL OTHER RESPECTS, THE
      SENTENCING ORDER OF AUGUST 4,
      1994 SHALL REMAIN THE SAME.    JB
40    10/04/1994

```
          LETTER
          (SUPREME COURT) TO COURT REPORTER
          THE COURT IS IN RECEIPT OF YOUR
          LETTER 092994, REQUESTING AN
          EXTENSION OF TIME UNTIL 100794.
          THE COURT HAS DIRECTED ME TO AD-
          VISE YOU THAT YOUR REQUEST IS
          GRANTED. PLEASE FILE THE TRANS.
          ON OR BEFORE 100794.          DF
41   10/07/1994                                        ALFORD HAILE L.
          TRANSCRIPT OF TRIAL
          JUNE 27, 28, 1994            DF
43   10/17/1994
          LETTER
          (SUPREME COURT) TO PROTHONOTARY
          PURSUANT TO SUPREME COURT RULE 9
          (B)(I), THE RECORD W/TRANSCRIPT
          MUST BE FILED WITH THIS OFFICE NO
          LATER THAN 101794            DF
42   10/19/1994
          RECORDS SENT TO SUPREME COURT
                                       DF
43   10/25/1994
          RECEIPT RECORDS ACKNOWLEDGED BY
          SUPREME COURT               DF
     12/13/1994
          LETTER FROM DEFENDANT
                                       DSC
                                       DSC
44   02/14/1995                                        ALFORD HAILE L.
          LETTER
          "ASSESSMENT" FROM SUPERVISED
          CUSTODY UNIT, JESSIE L. WALLER,
          PROBATION/PAROLE OFFICER:
          I RECOMMEND THAT IN93090851 BE
          MODIFIED THAT MR. CARTER SERVE 6
          MONTHS AT LEVEL 3 AND FOLLOW
          RECOMMENDATION FROM SODAT FOR
          INTENSIVE OUTPATIENT TREATMENT.
          SO ORDERED 021395.          KRS
45   08/04/1995
          MANDATE AFFIRMED
          #314, 1994                  DF
46   08/15/1995
          MOTION FOR POST-CONVICTION RELIEF
          FILED PRO SE; REFERRED TO JUDGE
          ALFORD.                     WJS
47   08/18/1995
          MEMORANDUM
          GIVING FERRIS WHARTON NOTICE OF
          THE FILING OF A MOTION FOR POST-
          CONVICTION RELIEF.          WJS
48   11/15/1995                                        ALFORD HAILE L.
          ORDER
          MOTION FOR POSTCONVICTION RELIEF
          IS DENIED.                  WJS
49   12/14/1995
```

```
       NOTICE OF APPEAL
       #496, 1995                        DF
50     12/14/1995
       DIRECTIONS TO COURT REPORTER FOR TRANSCRIPT
       #496, 1995                        DF
51     12/26/1995
       NOTICE OF APPEAL
       (AMENDED) #496, 1995              DF
52     12/27/1995
       LETTER
       (SUPREME COURT) TO PROTHONOTARY
       PURSUANT TO SUPREME COURT RULE 9
       (B)(II), THE RECORD MUST BE FILED
       WITH THIS OFFICE NO LATER THAN
       011696                            DF
53     12/28/1995
       RECORDS SENT TO SUPREME COURT
                                         DF
54     03/12/1996
       MANDATE AFFIRMED
       #496, 1995                        DF
55     03/14/1996                                  ALFORD HAILE L.
       VIOLATION OF PROBATION REPORT
       ISSUE SUMMONS                     KRS
       04/03/1996
       SUBPOENA(S) MAILED
56     04/19/1996                                  GEBELEIN RICHARD S.
       VOP SENTENCING CALENDAR, CONTINUED.
57     04/23/1997
       SUBPOENA(S) MAILED.
58     04/23/1997
       SUBPOENA(S) MAILED.
       05/07/1997                                  GEBELEIN RICHARD S.
       VIOLATION OF PROBATION.  VIOLATION RESCHEDULED FOR CONTESTED VOP.
59     05/22/1997
       SUBPOENA(S) MAILED.
60     05/22/1997
       SUBPOENA(S) MAILED.
61     05/28/1997                                  GEBELEIN RICHARD S.
       HEARING, CONTESTED V.O.P.,
       DEFENDANT FOUND GUILTY AND SENTENCED IMMEDIATELY.
62     05/28/1997                                  GEBELEIN RICHARD S.
       VIOLATION OF PROBATION HEARING, AS TO VN93-09-0851-01
       THE DEFENDANT IS ADJUDGED GUILTY OF VIOLATION OF PROBATION AND PROBA-
       TION IS HEREWITH REVOKED AND SENTENCE IMPOSED AS SHOWN HEREAFTER:
       THE DEFENDANT SHALL PAY COSTS, FINES, AND/OR RESTITUTION
       AS PREVIOUSLY ORDERED.  EFFECTIVE AT THE END OF VN85-08-0681-01, THE
       DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTION AT
       SUPERVISION LEVEL 5 FOR A PERIOD OF 2 YEARS.  AFTER SERVING -0-, THE
       REMAINDER OF THIS SENTENCE IS SUSPENDED FOR 2 YEARS AT LEVEL 2.  AS
       TO VN93-09-0849-01, THE DEFENDANT IS ADJUDGED GUILTY OF VIOLATION OF
       PROBATION AND PROBATION IS HEREWITH REVOKED AND SENTENCE REIMPOSED AS
       SHOWN HEREAFTER.  THE DEFENDANT SHALL PAY COSTS, FINES AND/OR
       RESTITUTION AS PREVIOUSLY ORDERED.  EFFECTIVE AT END OF VN93-09-0851-
       01, THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
       CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 2 YEARS.  AFTER
       SERVING -0-, THE REMAINDER OF THIS SENTENCE IS SUSPENDED FOR 2 YEARS
```

*NO JAIL TIME*

```
          AT LEVEL 2. THE SENTENCE IN VN93-09-0850-01 IS REIMPOSED TO RUN
          CONSECUTIVE TO 93-09-0849-01 FOR 2 YEARS AT LEVEL 2.
          S/PELAIA
          D/HILLIS
          CC/BENNETT
          CR/MASON
    64    07/03/1997                              GEBELEIN RICHARD S.
          CAPIAS ISSUED FOR EMERGENCY LEVEL IV
          HOLD WITHOUT BAIL UNTIL HRG.
    63    07/15/1997
          VIOLATION OF PROBATION REPORT FILED.
          08/20/1997                              TOLIVER CHARLES H. IV
          VOP SENTENCING CALENDAR, CONTINUED (NO DATE GIVEN).
    65    09/16/1997                              ALFORD HAILE L.
          SENTENCE:  SIGNED ORDER FILED 10/14/97.
    66    09/16/1997                              ALFORD HAILE L.
          CAPIAS RETURNED IN SUPERIOR COURT  DEF SENTENCED
          09/16/1997                              ALFORD HAILE L.
          VIOLATION-OF-PROBATION HEARING HELD:  PROBATION REVOKED
          AND DEFENDANT SENTENCED AS TO VN93-09-0851-02.         JUNE 27 TO Sep 17, 1997
    67    12/02/1997                              ALFORD HAILE L.
          CAPIAS ISSUED FOR EMERGENCY LEVEL IV
          HOLD WITHOUT BAIL UNTIL HRG. ON 121697 AT 9AM
          12/16/1997                              ALFORD HAILE L.
          VIOLATION-OF-PROBATION HEARING HELD:  PROBATION REVOKED   Dec 1, 1997 TO
          AND DEFENDANT SENTENCED AS TO                                    PRESENT.
    68    12/16/1997                              ALFORD HAILE L.
          CAPIAS RETURNED IN SUPERIOR COURT.  DEF. SENTENCED
    71    12/16/1997                              ALFORD HAILE L.
          SENTENCE: SIGNED ORDER FILED 02101998.
    69    01/02/1998
          MOTION FOR MODIFICATION OF SENTENCE FILED.
          PRO SE - REFERRED TO JUDGE ALFORD.
    70    01/14/1998                              GEBELEIN RICHARD S.
          TRANSCRIPT OF VOP HEARING FILED.
          MAY 28, 1997
    73    02/19/1998
          MOTION FOR MODIFICATION OF SENTENCE FILED.
          PRO SE- REFERRED TO JUDGE ALFORD.
    72    02/23/1998
          WRIT OF MANDAMUS FILED (PRO SE)
    74    03/02/1998
          PETITION FOR A WRIT OF MANDAMUS #90, 1998
    75    03/10/1998                              ALFORD HAILE L.
          ORDER: NOW, THEREFORE, IT IS ORDERED THAT DEFT'S MOTION
          FOR REDUCTION/MODIFICATION OF SENTENCE IS DENIED.
          SENTENCE WAS IMPOSED AFTER A VOP HEARING WAS HELD.
          ANY REQUEST FOR A CHANGE IN SUBSTANCE ABUSE PROGRAM
          MUST BE MADE BY THE WARDEN.
    76    04/15/1998
          ORDER: (SUPREME COURT) NOW, THEREFORE, IT IS
          ORDERED THAT THE PETITION FOR A WRIT OF MANDAMUS
          IS DISMISSED.
    77    07/01/1998
          MOTION FOR MODIFICATION OF SENTENCE FILED.
          RETURNED TO DEFT. - NOT SERVED ON A.G.
    78    07/15/1998
```

```
        MOTION FOR MODIFICATION OF SENTENCE FILED.
        PRO SE - REFERRED TO JUDGE ALFORD.
79      07/21/1998
        MOTION FOR CORRECTION OF ILLEGAL SENTENCE FILED
        PRO SE - REFERRED TO JUDGE ALFORD.
        REFERRED ON JULY 28, 1998.
80      08/14/1998                                    ALFORD HAILE L.
        ORDER: NOW, THEREFORE, IT IS ORDERED THAT DEFT'S MOTION
        FOR REDUCTION/MODIFICATION OF SENTENCE IS DENIED.
        PURSUANT TO SUPERIOR COURT CRIMINAL RULE 35(), THE
        COURT WILL NOT CONSIDER REPETITIVE REQUESTS FOR REDUCTION/
        MODIFICATION OF SENTENCE. SENTENCE WAS IMPOSED AFTER A VOP
        HEARING WAS HELD.
81      09/02/1998                                    ALFORD HAILE L.
        NOTICE OF NON-COMPLIANCE TO RULE 61 (MOTION FOR POSTCONVICTION RELIEF)
        SENT TO DEFENDANT. THE MOTION SEEKS CORRECTION OF SENTENCE RATHER
        THAN COLLATERALLY ATTACKING THE JUDGMENT OF CONVICTION; SEE RULE
        61(B)(2).
88      09/09/1998
        LETTER FROM DEFENDANT, ENCLOSING A COPY OF A MOTION TO BE USED
        AS AN EXHIBIT IN PENDING CIVIL LITIGATION IN DISTRICT COURT.
82      10/30/1998
        LETTER FROM DEFT TO SHARON AGNEW, PROY
        RE:ENCLOSING COPY OF PETITION FOR WRIT OF MANDAMUS PRESENTED TO THE
        THIRD CIRCUIT COURT OF APPEALS.
83      10/30/1998
        AFFIDAVIT IN SUPPORT OF MOTION TO PROCEED IN FORMA PAUPERIS.
84      11/13/1998
        LETTER FROM ELIZABETH CORMIER TO SHERMAN CARTER DCC
        RE:PETITION FOR WRIT OF MANDAMUS AND MOTION TO PROCEED IN FORMA
        PAUPERIS WILL BE TRANSMITTED TO THE NEXT  AVAILABLE PANEL OF THIS CT.
86      11/17/1998
        PETITION FOR A WRIT OF MANDAMUS. #483, 1998
85      12/30/1998
        ORDER: IN THE MATTER OF A WRIT OF MANDAMUS;
        CARTER'S PETITION FOR A WRIT OF MANDAMUS FAILS
        TO INVOKE THE ORIGINAL JURISDICTION OF THIS COURT.
        CARTER HAS NOT DEMONSTRATED THAT THE IS ENTITLED
        TO ANY DUTY OWED BY THE SUPEIOR COURT, NOR HAS HE
        ESTABLISHED THAT THE SUPCOURT HAS ARBITRARILY REFUSED
        TO GRANT HIM RELIEF. IF AND WHEN CARTER FILES
        A CONFORMING RULE 61 MOTION AND THE SUPERIOR COURT ISSUES
        A FINAL DECISION ADVERSE TO CARTER, CARTER CAN CHALLENGE, ON
        APPEAL THE SUPERIOR COURT'S APPLICATION OF THE PROVISIONS
        OF RULE 61 IN HIS  CASE. NOW, THEREFORE, IT IS
        ORDERED THAT THE PETITON FOR A WRIT O MANDAMUS IS
        DISMISSED.
87      01/04/1999
        MOTION FOR MODIFICATION OF SENTENCE FILED.
        PRO SE - REFERRED TO JUDGE ALFORD.
        REFERRED ON 1/12/99.
89      01/04/1999                                    ALFORD HAILE L.
        DEFENDANT'S LETTER FILED. LETTER TO JUDGE ALFORD RE: SENTENCING.
90      02/16/1999
        DEFENDANT'S LETTER FILED. LETTER TO JUDGE ALFORD RE: SENTENCE.
91      03/04/1999                                    ALFORD HAILE L.
        MODIFICATION OF SENTENCE.  AS TO VN93-09-0851, THE SENTENCE IMPOSED ON
```

DECEMBER 16, 1997, IS MODIFIED AS FOLLOWS: DEFENDANT IS PLACED IN THE
CUSTODY OF THE DEPT. OF CORRECTIONS AT LEVEL 5 FOR TWO(2) YEARS.
THE DEFENDANT SHALL BE GIVEN CREDIT FOR TIME PREVIOUSLY SERVED.
IN ALL OTHER RESPECTS, THE SENTENCING ORDER OF DECEMBER 16, 1997 SHALL
REMAIN THE SAME.

92    04/15/1999
DEFENDANT'S LETTER FILED.

93    06/11/1999
MOTION FOR MODIFICATION OF SENTENCE FILED.
PRO SE - REFERRED TO JUDGE ALFORD.
REFERRED ON 6/15/99.

94    06/16/1999
MOTION FOR MODIFICATION OF SENTENCE FILED.
PRO SE - REFERRED TO JUDGE ALFORD.
REFERRED ON 6/23/99

→

CERTIFIED AS A TRUE COPY:
ATTEST: SHARON AGNEW
PROTHONOTARY
BY

## IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE
PETITION OF SHERMAN A.
CARTER FOR A WRIT OF
MANDAMUS.

No. 483, 1998

Submitted: November 30, 1998
Decided: December 9, 1998

Before **VEASEY, Chief Justice, WALSH and HOLLAND,** Justices.

## O R D E R

This 9th day of December 1998, upon consideration of the petition for a writ of mandamus filed by Sherman A. Carter ("Carter"), and the answer and motion to dismiss filed by the State of Delaware, it appears to the Court that:

(1)    In June 1994, Carter was convicted in the Superior Court of possession of cocaine and two weapons offenses. Carter was sentenced to imprisonment followed by probation. Carter's conviction was affirmed on appeal. *Carter v. State*, Del. Supr., No. 314, 1994, Veasey, C.J., 1995 WL 439234 (July 18, 1995) (ORDER). Carter subsequently filed for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61"). The Superior Court's denial of relief was affirmed on appeal. *Carter*



*v. State*, Del. Supr., No. 496, 1995, Hartnett, J., 1996 WL 145773 (Feb. 22, 1996) (ORDER).

    (2)    In May 1997, September 1997, and December 1997, Carter was adjudged guilty of violating his probation and was sentenced. Most recently in December 1997, Carter was sentenced to two years at Level V imprisonment. Carter did not appeal any of those convictions and sentences. *See In re Carter*, Del. Supr., No. 90, 1998, Holland, J., 1998 WL 171110 (Mar. 25, 1998) (ORDER) (dismissing petition for writ of mandamus on basis that Carter did not challenge the May, September and December 1997 sentences in appeals to this Court). It appears from the Superior Court docket that in August 1998, the Superior Court denied a motion for reduction/modification of sentence that was filed by Carter. Again, Carter did not file an appeal. It further appears from the docket that in September 1998, the Superior Court issued a notice of non-compliance that returned a motion for postconviction relief that Carter had filed. *See* Rule 61(B)(2) (addressing content of Rule 61 motion).

    (3)    Carter's petition for a writ of mandamus filed in this Court, makes no mention of the Superior Court's notice of non-compliance that returned his Rule 61 motion. Rather, the petition, in general terms, takes

issue with the Superior Court's application of Rule 61. According to Carter, the "Judges of Superior Court are out of control[,]" and "[the Superior Court] feels that it has unbridled authority to create and recreate procedural restrictions whenever it deems appropriate to reach its desired results." Carter, purporting to give "examples" of the Superior Court's "procedural violations" of Rule 61, attaches decisions by this Court and the Superior Court in cases wholly unrelated to Carter's Superior Court case. In his petition in this Court, Carter requests, on behalf of "anyone attempting review" under Rule 61, "the opportunity to regain a fair opportunity to seek relief, in the interest of justice."

(4)    A writ of mandamus is issued to compel a trial court to perform a duty only if it is shown that the complainant has a clear right to the performance of the duty at the time of the petition, no other adequate remedy is available, and that the trial court has arbitrarily refused to perform its duty. *In re Bordley*, Del. Supr., 545 A.2d 619, 620 (1988). "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket." *Id.*

(5)    Carter's petition for a writ of mandamus fails to invoke the original jurisdiction of this Court.  Carter has not demonstrated that he is entitled to any duty owed by the Superior Court, nor has he established that the Superior Court has arbitrarily refused to grant him relief.  If and when Carter files a conforming Rule 61 motion and the Superior Court issues a final decision adverse to Carter, Carter can challenge, on appeal, the Superior Court's application of the provisions of Rule 61 in his case.

NOW, THEREFORE, IT IS ORDERED that the petition for a writ of mandamus is DISMISSED.

BY THE COURT:

_____
Justice

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERMAN A. CARTER,                          :
                                            :
          Petitioner,                       :
                                            :
     v.                                     :     C.A. No. 98-173-JJF
                                            :
SHERESE BREWINGTON-CARR, Warden             :
and M. JANE BRADY, Attorney General of      :
the State of Delaware,                      :
                                            :
          Respondents.                      :

Sherman A. Carter, Smyrna, Delaware.
Pro Se Petitioner.

Thomas E. Brown, Esquire, Deputy Attorney General, DELAWARE DEPARTMENT OF
JUSTICE.
Attorney for Respondents.

## **MEMORANDUM OPINION**

February 10, 1999
Wilmington, Delaware



FARNAN, Chief Judge.

Presently before the Court is a Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody (the "Petition") (D.I. 1) filed by Petitioner, Sherman A. Carter. For the reasons set forth below, the Petition will be denied.

### BACKGROUND

In 1993, a grand jury indicted Petitioner on 12 charges stemming from three separate incidents. The first four charges -- second degree burglary, criminal mischief, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited -- arose from an alleged incident in May 1993 involving Petitioner's former girlfriend. The second set of charges -- first degree assault, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited -- arose from an alleged incident in August 1993 involving one of Petitioner's relatives. The third set of charges -- possession with intent to deliver narcotics, possession of narcotics within 1000 feet of a school, carrying a concealed deadly weapon, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited -- arose from an arrest of Petitioner on outstanding warrants in September 1993.

Prior to trial, the first four charges were severed and nolle prossed by the State. On the day Petitioner's trial was to commence, the State nolle prossed the three charges relating to the incident involving Petitioner's relative and the charges of possession of narcotics within 1000 feet of a school and possession of a deadly weapon during the commission of a felony. The State also amended the indictment to reduce the charge of possession with intent to deliver to simple possession. In June 1994, a Delaware Superior Court jury convicted Petitioner of possession of cocaine, possession of a deadly weapon by a person prohibited and carrying a concealed deadly

weapon.

Petitioner was initially sentenced to eight years imprisonment, suspended after three years imprisonment for five years of drug treatment and probation. In September 1994, the sentence was amended to one year imprisonment followed by seven years of decreasing levels of probation. On direct appeal, the Delaware Supreme Court affirmed the judgment of the Superior Court. Carter v. State of Delaware, 663 A.2d 486 (Del. 1995). Subsequently, the Superior Court denied Petitioner's application for post-conviction relief and the Delaware Supreme Court affirmed. Carter v. State of Delaware, 676 A.2d 901 (Del. 1996).

On May 28, 1997 and again on September 16, 1997, Petitioner was found guilty of violating his probation. (Superior Court Criminal Docket at Nos. 62 and 66). Petitioner did not appeal either of the convictions. On December 16, 1997, the Superior Court again found Petitioner guilty of violating his probation. (Superior Court Criminal Docket at Nos. 67 and 68). The Superior Court revoked Petitioner's probation and sentenced him to two years in prison suspended for probation following successful completion of a drug treatment program. (Superior Court Criminal Docket at No. 62).

Thereafter, Petitioner filed a petition for writ of mandamus with the Delaware Supreme Court. The state Supreme Court found that there was no basis for an issuance of a writ of mandamus to the trial court and dismissed Petitioner's application. In re Carter, 1998 WL 171110, *1 (Del. March 25, 1998). On April 6, 1998, Petitioner filed the instant Petition alleging that his December 16, 1997 sentence is illegal.[1] (D.I. 1 at 5).

---

[1] The Petition also contains three additional grounds for relief: (1) ineffective assistance of counsel; (2) prosecutorial misconduct and (3) the state writ of habeas corpus violates due

2

## DISCUSSION

Before addressing Petitioner's claim, the Court must address two threshold issues: (1) whether an evidentiary hearing is warranted and (2) whether Petitioner has exhausted all of his available state remedies. Petitioner filed the instant Petition subsequent to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "Act"). Accordingly, the Act, which amended 28 U.S.C. § 2254, applies to the instant Petition. Dawson v. Snyder, 988 F. Supp. 783, 803 (D. Del. 1997) (holding that amended § 2254 applies to any habeas petition filed after effective date of Act).

With regard to evidentiary hearings, the Act provides, in relevant part:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --
>> (A) the claim relies on --
>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>> (B) the facts underlying the claim would be sufficient to establish
> by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

In the instant Petition, the Court finds that an evidentiary hearing is not warranted because the

---

process. (D.I. 1 at 5-6). However, in Petitioner's Objection to Motion for Extention [sic] of Time (D.I. 19), Petitioner requested that the Court dismiss all grounds raised in his Petition "except for ground one, the illegal sentence." (D.I. 19 at ¶ 4). Respondents do not oppose Petitioner's voluntary withdrawal of these claims, but note that these claims are unexhausted and therefore would be subject to dismissal. (D.I. 22 at 4). The Court will permit the withdrawal of Petitioner's second, third and fourth claims. The Court notes, however, that if such withdrawal was not permitted, the Petition would be dismissed because Petitioner failed to exhaust his state remedies. See 28 U.S.C. § 2254(b)(1)(A).

Petitioner has not alleged the existence of any new rule of law or any new facts to justify his request for an evidentiary hearing. (D.I. 26 at 4). Petitioner states no reasons why an evidentiary hearing is needed on his claim, or what evidence a hearing would develop. Because Petitioner has failed to make the requisite showing under Section 2254(e)(2), the Court will deny Petitioner's request for an evidentiary hearing.

Second, in order for Petitioner to avail himself of federal habeas review, he must have exhausted all available state remedies. 28 U.S.C. § 2254(b)(1)(A). Here, Petitioner has not exhausted his claim by presenting it to the state supreme court either on direct appeal or through post-conviction proceedings. Although Petitioner presented his illegal sentence claim to the Delaware Supreme Court through an application for writ of mandamus, the state court did not expressly decide the issue. See Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982) (stating that habeas petitioner may satisfy exhaustion requirement by "demonstrating that a state court has expressly decided the issues he raises in his habeas petition"). After reviewing the state record, the Court finds that the state Supreme Court did not consider the merits of Petitioner's claim when it dismissed Petitioner's application for a writ of mandamus. See In re Carter, 1998 WL 171110, *1 (Del. March 25, 1998) (holding that no basis exists for issuance of writ of mandamus to trial court and that Petitioner had "adequate opportunity to challenge the Superior Court's December 16 sentence [as well as the sentences imposed on May 28, 1997 and September 16, 1997] in an appeal"). Thus, the Court concludes that Petitioner has not exhausted his available state remedies. Nevertheless, the Court will proceed to the merits of the Petition because Respondents have expressly waived the exhaustion defense with respect to Petitioner's illegal sentence claim. See Respondents' Answer (D.I. 22 at 5); 28 U.S.C. § 2254(b)(3).

4

## I.    Illegal Sentence

In his Petition and Reply, Petitioner contends that the Delaware Superior Court improperly sentenced him for violating his probation with respect to Criminal Action No. 93090851. (D.I. 1 at 5; D.I. 26 at 2). Specifically, Petitioner contends that the probationary sentence for each of the three charges should be treated discretely. (D.I. 2). Thus, Petitioner argues, because his sentence as to Criminal Action No. 93090851 was completed in September, 1996 without any violation, he can not be sentenced for violating his probation as to that criminal action. (D.I. 1 at 5).

"The receipt of a probationary sentence is not a right guaranteed by the Federal constitution, but is a privilege granted through legislative grace." United States of America ex rel. Sole v. Rundle, 435 F.2d 721, 723 (3d Cir. 1971). The court that is empowered, in its discretion, to place on probation a person guilty of a criminal offense, may also revoke the probation and impose any sentence it could have declared originally. Id. at 724. "The revocation of a suspended sentence and probation followed by the imposition of a prison sentence does not subject a probationer to double jeopardy." Id.

Section 4301 of Title 11 of the Delaware Code authorizes the Superior Court to grant and terminate probationary and suspended sentences arising from criminal convictions. 11 Del. C. § 4301. Under Title 11, Section 4333 of the Delaware Code, Delaware courts may exercise their discretion in terminating probationary terms "at any time." 11 Del. C. § 4333 ("Probation or suspension of sentence may be terminated by the court at any time . . . ."). The Delaware Supreme Court has interpreted Section 4333 "to confer broad discretion upon trial courts regarding the grant and termination of probation." Williams v. State of Delaware, 560 A.2d

5

1012, 1015 (Del. 1989); See also Larson v. State of Delaware, 1995 WL 236650, *1 (Del. April

13, 1995) (rejecting argument that appellant's sentences for each charge be treated separately

and, because appellant finished his first period of probation before emergency capias was issued,

appellant cannot be resentenced on that charge). Consequently, the Delaware Supreme Court has

consistently accorded trial courts wide latitude in probationary matters. Id.

Applying these principles to the instant case, the Court finds that the Superior Court had

discretion under Delaware law to treat Petitioner's seven year probationary period as a single

term rather than three divisible terms. Accordingly, the Superior Court properly exercised its

power to revoke Petitioner's probation at any time during the total seven year probationary

period. Further, the Court finds that the exercise of such discretion in probationary matters does

not violate Petitioner's constitutional right against double jeopardy. See Rundle, 435 F.2d at

723.

For the reasons discussed, the Petition Under 28 U.S.C. § 2254 For Writ Of Habeas

Corpus (D.I. 1) filed by Petitioner, Sherman A. Carter will be denied. In addition, Petitioner's

Motion for Temporary Release Pending the Petition for Writ of Habeas Corpus (D.I. 6) and

Petitioner's request for Appointment of Counsel (D.I. 26) will likewise be denied as moot.

An appropriate Order will be entered.

6

IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF THE
PETITION OF SHERMAN A.
CARTER FOR A WRIT OF
MANDAMUS.

No. 128, 1999

Submitted:  April 19, 1999
Decided:    April 27, 1999

Before **VEASEY,** Chief Justice, **WALSH** and **BERGER,** Justices.

## O R D E R

This 27th  day of April 1999, upon consideration of the petition for a writ of mandamus filed by Sherman A. Carter and the answer and motion to dismiss filed by the State of Delaware, it appears to the Court that:

(1)    In June 1994, Carter was convicted in the Superior Court of possession of cocaine and two weapons offenses. Carter was initially sentenced to eight years' imprisonment, suspended after three years for five years of drug treatment and probation. In September 1994, Carter's sentence was amended to one year of imprisonment followed by seven years of probation. Carter's conviction was affirmed on appeal.[1] Carter subsequently

---

[1]    *Carter v. State*, Del. Supr., No. 314, 1994, Veasey, C.J., 1995 WL 439234 (July 18, 1995) (ORDER).

filed for postconviction relief.  The Superior Court's denial of relief was affirmed on appeal.[2]

(2)    In 1997, Carter was thrice adjudged guilty of violating his probation and was sentenced.  The third violation of probation proceeding was in December 1997.  Carter was sentenced to two years' imprisonment, suspended for probation following his successful completion of a treatment program.  Carter did not appeal the conviction and sentence.

(3)    Complaining that the December 1997 sentence was illegal, Carter sought federal and state habeas corpus relief.  By memorandum opinion dated February 10, 1999, the Delaware District Court denied Carter's federal habeas corpus petition.[3]  By order dated March 4, 1999, the Superior Court denied Carter's state habeas corpus petition.[4]  Carter did not file an appeal from the Superior Court's denial of habeas corpus relief.  Instead, on March 29, 1999, Carter filed the pending petition for a writ of mandamus.

---

[2] *Carter v. State*, Del. Supr., No. 496, 1995, Hartnett, J., 1996 WL 145773 (Feb. 22, 1996) (ORDER).

[3] *Carter v. Brewington-Carr, et al.*, D. Del., C.A. No. 98-173-JJF, Farnan, C.J. (Feb. 10, 1999).

[4] *Carter v. Snyder*, Del. Super., C.A. No. 99M-02-074, Alford, J. (March 4, 1999) (ORDER).

(4)    Carter's petition for a writ of mandamus asserts that he "has sought release by every means available" from the "illegal detention," *i.e.*, the December 1997 sentence, "that violates his constitutional rights." Carter requests that the Court issue an order "compelling the respondents to release him."

(5)    In the caption of his petition for a writ of mandamus, Carter names the following individuals as respondents: "Robert Snyder, Warden, Delaware Correctional Center" and "R.L. McBride, Supervision, Records Department." In the body of his petition, Carter also names the Superior Court Judge who denied Carter's habeas corpus petition.

(6)    It is well-settled Delaware law that "[t]his Court's original jurisdiction to issue a writ of mandamus is limited to instances when a respondent is a court or a judge thereof."[5] Thus, to the extent that Carter's petition requests the issuance of a writ to a prison official, the petition manifestly fails on its face to invoke the Court's original jurisdiction.

(7)    The Court will issue a writ of mandamus to a trial court only when the petitioner can show that there is the clear right to the performance

---

[5] *Matter of Hitchens*, Del. Supr., 600 A.2d 37, 38 (1991).

of the duty at the time of the petition, no other adequate remedy is available, and the trial court has failed or refused to perform its duty.[6] This Court has held repeatedly that a petition for a writ of mandamus cannot be used as a substitute for a timely-filed appeal.[7]

(8)    There is no basis for the issuance of a writ of mandamus to the Superior Court in this case.  Carter has not demonstrated that the Superior Court has arbitrarily failed or refused to perform a duty owed to him. Furthermore, Carter had an adequate opportunity to challenge the Superior Court's denial of habeas corpus relief in an appeal to this Court.  Carter's failure to file an appeal does not give him the right now to seek relief through the extraordinary writ process.

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED.  The petition for a writ of mandamus is DISMISSED.

BY THE COURT:

Chief Justice

---

[6] *In re Bordley*, Del. Supr., 545 A.2d 619, 620 (1988).

[7] *See Matushefske v. Herlihy*, Del. Supr., 214 A.2d 883, 885 (1965).

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERMAN A. CARTER,           :
                             :
        Petitioner,          :
                             :
    v.                       :        C.A. No. 98-549-JJF
                             :
STANLEY TAYLOR, Warden       :
and M. JANE BRADY, Attorney General of    :
the State of Delaware,       :
                             :
        Respondents.         :

_____

Sherman A. Carter, Smyrna, Delaware.
Pro Se Petitioner.

Thomas E. Brown, Esquire, Deputy Attorney General, DELAWARE DEPARTMENT OF
JUSTICE, Wilmington, Delaware.
Attorney for Respondents.

_____

## MEMORANDUM OPINION

August 11, 1999
Wilmington, Delaware




FARNAN, Chief Judge.

Presently before the Court is a Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus By A Person In State Custody (the "Petition") (D.I. 1) filed by Petitioner, Sherman A. Carter. For the reasons set forth below, the Petition will be dismissed.

## BACKGROUND

In 1993, a grand jury indicted Petitioner on 12 charges stemming from three separate incidents. The first four charges -- second degree burglary, criminal mischief, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited -- arose from an alleged incident in May 1993 involving Petitioner's former girlfriend. The second set of charges -- first degree assault, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited -- arose from an alleged incident in August 1993 involving one of Petitioner's relatives. The third set of charges -- possession with intent to deliver narcotics, possession of narcotics within 1000 feet of a school, carrying a concealed deadly weapon, possession of a deadly weapon during the commission of a felony and possession of a deadly weapon by a person prohibited -- arose from an arrest of Petitioner on outstanding warrants in September 1993.

Prior to trial, the first four charges were severed and nolle prossed by the State. On the day Petitioner's trial was to commence, the State nolle prossed the three charges relating to the incident involving Petitioner's relative and the charges of possession of narcotics within 1000 feet of a school and possession of a deadly weapon during the commission of a felony. The State also amended the indictment to reduce the charge of possession with intent to deliver to simple possession. In June 1994, a Delaware Superior Court jury convicted Petitioner of possession of cocaine, possession of a deadly weapon by a person prohibited and carrying a concealed deadly

weapon.

Petitioner was initially sentenced to eight years imprisonment, suspended after three years imprisonment for five years of drug treatment and probation. In September 1994, the sentence was amended to one year imprisonment followed by seven years of decreasing levels of probation. On direct appeal, the Delaware Supreme Court affirmed the judgment of the Superior Court. Carter v. State of Delaware, 663 A.2d 486 (Del. 1995). Subsequently, the Superior Court denied Petitioner's application for post-conviction relief and the Delaware Supreme Court affirmed. Carter v. State of Delaware, 676 A.2d 901 (Del. 1996).

On May 28, 1997 and again on September 16, 1997, Petitioner was found guilty of violating his probation. (Superior Court Criminal Docket at Nos. 62 and 66). Petitioner did not appeal either of the convictions. On December 16, 1997, the Superior Court again found Petitioner guilty of violating his probation. (Superior Court Criminal Docket at Nos. 67 and 68). The Superior Court revoked Petitioner's probation and sentenced him to two years in prison suspended for probation following successful completion of a drug treatment program. (Superior Court Criminal Docket at No. 62).

Thereafter, Petitioner filed a petition for writ of mandamus with the Delaware Supreme Court. The state Supreme Court found that there was no basis for an issuance of a writ of mandamus to the trial court and dismissed Petitioner's application. In re Carter, No. 90,1998, 1998 WL 171110, at *1 (Del. March 25, 1998). On April 6, 1998, Petitioner filed a Petition pursuant to 28 U.S.C. § 2254 alleging that his December 16, 1997 sentence was illegal.

On February 12, 1999, the Court issued a Memorandum Opinion and Order denying the Petition. (C.A. No. 98-173-JJF, D.I. 29 and 30). Thereafter, Petitioner filed a Motion for

2

Amendment of Judgment (C.A. No. 98-173-JJF, D.I. 31) requesting the Court to hold an

evidentiary hearing or, in the alternative, to grant Petitioner a certificate of appealability. The

Court found that there was no error of law or injustice in denying the Petitioner's Section 2254

Petition, and therefore, denied the Motion for Amendment of Judgment. (C.A. No. 98-173-JJF,

D.I. 35 and 36).

The instant Petition relates to the criminal charges that were nolle prossed by the State

prior to the Petitioner's trial. Specifically, the Petitioner alleges (1) ineffective assistance of

counsel in that his trial attorneys failed to have dismissed the allegedly false and inflated charges,

which were later nolle prossed, and (2) malicious prosecution in that he was held in jail under

excessive bail on allegedly false or inflated charges that were later nolle prossed. (D.I. 1). In

their Answer to the Petition, the Respondents contend that the Petition is untimely pursuant to 28

U.S.C. § 2244(d), and therefore, should be dismissed. (D.I. 7 at 4-5). Alternatively, the

Respondents contend that Petitioner's claims should be rejected on the merits. (D.I. 7 at 5-9).

### DISCUSSION

As a threshold matter, the Court must address whether the instant Petition is untimely

under the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").[1] Effective

April 24, 1996, the AEDPA amended 28 U.S.C. § 2254 by making habeas petitions subject to a

one year statute of limitations. The relevant part of Section 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of

---

[1] Petitioner filed the instant Petition subsequent to April 24, 1996, the effective date of
the AEDPA, and therefore, the AEDPA applies to the instant Petition. Dawson v. Snyder, 988 F.
Supp. 783, 803 (D. Del. 1997) (holding that amended Section 2254 applies to any habeas petition
filed after effective date of AEDPA).

3

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . .
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
28 U.S.C. § 2244(d).

In applying Section 2244(d), the United States Court of Appeals for the Third Circuit has held that petitioners, whose conviction became final before April 24, 1996, are entitled to a one year "grace period" following the effective date of the AEDPA in which to file habeas motions. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998). Accordingly, Section 2254 petitions filed on or before April 24, 1997, may not be dismissed for failure to comply with the one year statute of limitations. Id. at 112. Petitions filed after the one year grace period; however, are subject to dismissal for failure to adhere to the new limitations period imposed by the AEDPA. United States v. McNair, Civ. A. 98-6021, Crim. A. 95-124-09, 1999 WL 281308, at *1 (E.D. Pa. May 3, 1999). The Third Circuit has recognized that the "effect of Burns v. Morton was to make . . . all other convictions in this circuit otherwise final before the effective date of the AEDPA, April 24, 1996, final on that day for purposes of calculating the [one year limitations period]." United States v. Duffus, 174 F.3d 333, 335 (3d Cir. 1999).

In the instant case, the Petitioner was convicted in June 1994, and the Delaware Supreme Court affirmed his conviction on July 18, 1995. Where, as here, a petitioner has not filed a petition for a writ of certiorari before the United States Supreme Court, the judgment of conviction becomes final on "the date on which the [petitioner's] time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

4

Accordingly, the Petitioner's conviction became final 90 days from July 18, 1995.[2] Because the Petitioner's conviction was final prior to the enactment of the AEDPA, for purposes of calculating the one year limitations period, Petitioner's conviction will be deemed final as of April 24, 1996, the effective date of the AEDPA. Applying Section 2244(d) from this date, the Petitioner was required to file the instant Petition no later than April 24, 1997.

The Third Circuit has ruled that a pro se prisoner's habeas petition is deemed file at the "moment he delivers it to prison officials for mailing to the district court." Burns, 134 F.3d at 113 (extending rule in Houston v. Lack, 487 U.S. 266 (1988) to petitions filed under Sections 2254 and 2255). Here, the Petitioner does not indicate the date on which the Petition was delivered to prison officials for mailing. Absent proof of mailing, courts have held that the date of the signatures within the petition is the date on which the petition is deemed filed. See Esquilin v. Artuz, No. 97 Civ. 3310, 1998 WL 2827, at *2 (S.D.N.Y. Jan. 6, 1998) (treating date on which petition was notarized as filing date); United States v. Timber, 7 F. Supp. 2d 1356, 1361 (N.D. Ga. 1998) (treating date on which pro se prisoner signed and dated motion as filing date).

In this case, the Petition is dated September 10, 1998, which is beyond the April 24, 1997 filing deadline. Accordingly, the Court concludes that the instant Petition is untimely under Section 2244(d) and will dismiss the Petition. Because of the Court's conclusion, the Court will

---

[2] Supreme Court Rule 13 provides in pertinent part:

1. Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.

not address the merits of the Petitioner's claims.

## CONCLUSION

For the reasons discussed, the Petition Under 28 U.S.C. § 2254 For Writ of Habeas

Corpus (D.I. 1) filed by Petitioner, Sherman A. Carter will be dismissed.

An appropriate Order will be entered.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERMAN A. CARTER,              :
                               :
          Petitioner,          :
                               :
     v.                        :      C.A. No. 98-549-JJF
                               :
STANLEY TAYLOR, Warden          :
and M. JANE BRADY, Attorney General of  :
the State of Delaware,         :
                               :
          Respondents.         :

## O R D E R

At Wilmington this ___ day of August 1999, for the reasons set forth in the

Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1.    The Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus (D.I. 1) filed by

Petitioner, Sherman A. Carter is DISMISSED.

2.    Because the Court finds that Petitioner has failed to make "a substantial showing

of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), a certificate of appealability

is DENIED.

                                   _____
                                   UNITED STATES DISTRICT JUDGE

IN THE S.  ERIOR COURT OF THE STATE C  DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE ) CASE NO. 303X6881DI
 )
V. ) CR.A. NO. VN9309085102
 ) CHARGE:    VIOL O/PROBATN
SHERMAN A CARTER   ) ORIG. CHARGE: PDWBPP
DOB: 08/15/50 )
SBI: 00102896 )

## VIOLATION OF PROBATION

NOW THIS 16TH DAY OF SEPTEMBER, 1997, IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF VIOLATION OF THE PROBATION SENTENCE ORDERED IN THE ABOVE STATED ACTION AND SUCH PROBATION IS HEREWITH:

REVOKED, AND SENTENCE IS REIMPOSED AS SHOWN HEREAFTER.

EFFECTIVE SEPTEMBER 16,1997, THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS AT SUPERVISION LEVEL 5 FOR A PERIOD OF 2 YEARS, INCLUDING CREDIT FOR ANY TIME PREVIOUSLY SERVED.

IF THE DEFENDANT IS PRESENTLY SERVING ANOTHER SENTENCE, THAT SENTENCE SHALL BE SUSPENDED UNTIL COMPLETION OF THIS SENTENCE.

THIS SENTENCE IS SUSPENDED FOR 2 YEARS AT SUPERVISION LEVEL 4 - PLUMMER CENTER.  UPON SUCCESSFUL COMPLETION OF DRUG TREATMENT PROGRAM, THIS SENTENCE IS SUSPENDED FOR THE BALANCE AT SUPERVISION LEVEL 3.

THE DEFENDANT IS TO BE HELD AT SUPERVISION LEVEL 3 UNTIL SPACE IS AVAILABLE AT SUPERVISION LEVEL 4.



PAGE 001 OF 3

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE                    ) CASE NO. 30504866DI
                                     )
        V.                           ) CR.A. NO. VN8508068102
                                     ) CHARGE:   VIOL O/PROBATN
SHERMAN A CARTER                      ) ORIG. CHARGE: TRF.IL.DR.8-20G
DOB: 08/15/50                        )
SBI: 00102896                        )

VIOLATION OF PROBATION

NOW THIS 16TH DAY OF SEPTEMBER, 1997, IT IS THE ORDER OF THE COURT
THAT:

    THE DEFENDANT IS ADJUDGED GUILTY OF VIOLATION OF THE PROBATION
SENTENCE ORDERED IN THE ABOVE STATED ACTION AND SUCH PROBATION IS
HEREWITH:

REVOKED, AND SENTENCE IS REIMPOSED AS SHOWN HEREAFTER.

THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTIONS AT SUPERVISION LEVEL 5   FOR A PERIOD OF 12 YEARS.

    THIS SENTENCE IS SUSPENDED FOR 12 YEARS AT SUPERVISION LEVEL 3.
AFTER SERVING 1 YEAR AT SUPERVISION LEVEL 3, THIS SENTENCE IS
SUSPENDED FOR 11 YEARS AT SUPERVISION LEVEL 2.


    THE NON-INCARCERATIVE PORTION OF THIS SENTENCE SHALL BE SERVED
CONSECUTIVELY TO THE NON-INCARCERATIVE PORTION OF THE SENTENCE
IMPOSED IN CR.A. NO. VN93-09-0851-02.

PAGE 002 OF 3

STATE OF DELAWARE V. SHERMAN A CARTER,
303X6881DI 30504866DI

THE FOLLOWING CONDITIONS SHALL APPLY TO THIS SENTENCE, THE
DEFENDANT SHALL:

    BE EVALUATED FOR SUBSTANCE ABUSE AND FOLLOW ANY DIRECTIONS FOR
COUNSELING, TESTING, OR TREATMENT MADE BY THE PROBATION OFFICER.

    BE ASSIGNED TO THE RESIDENTIAL AND/OR OUTPATIENT DRUG/ALCOHOL
TREATMENT PROGRAM UNTIL SUCH PROGRAM IS COMPLETED.

    ALL PREVIOUS TERMS AND CONDITIONS IMPOSED REMAIN AS PREVIOUSLY
ORDERED.

_____
JUDGE HAILE L. ALFORD

PAGE 003 OF 3

DEC 01 1997

**STATE OF DELAWARE**
**DEPARTMENT OF CORRECTION**
**BUREAU OF COMMUNITY CUSTODY AND SUPERVISION**
**PLUMMER COMMUNITY CORRECTION CENTER**
**38 TODDS LANE**
**WILMINGTON, DELAWARE 19802**

Telephone: (302) 577-3039                                    FACSIMILE:  (302) 577-2848

## EMERGENCY CAPIAS/WARRANT

| RE: Sherman Carter | DATE: 12/01/97 |
|---|---|
| RACE/SEX: Black/Male | D.O.B.: 08/15/50 |
| JUDGE/COURT: The Honorable H. Alford/SCNCC | CR. A.#: VN 8309085102 |

The above named offender is under SENTAC LEVEL IV supervision by the Department of Correction and is alleged to be in violation of their conditions of supervision.

I,  Jessie L. Waller Sr.,  an employee of the Department of Correction, do hereby deputize any Sheriff, Constable, or Peace Officer of the State of Delaware to arrest and detain Sherman Carter pursuant to 11 DEL. CODE, Section 4334, Subsection (b), and Section 4352, Subsection (a).

IT IS ALLEGED THAT THE FOLLOWING CONDITIONS OF SUPERVISION HAVE BEEN VIOLATED:

As to Condition #12:  A Alco Sensor Breath Test conducted on 10/19/97 resulted in a .10 positive finding for alcohol. A Urine Screen conducted on 11/20/97 returned positive for cocaine. Another Alco Sensor Breath test conducted 11/30/97 resulted in a .04 positive reading for alcohol.

As to Condition #5:  Curfew checks conducted on 11/07/97 and 11/17/97 revealed that Mr. Carter was not at home.

As to Condition #2:  During the month of 10/97, Mr. Carter failed to report for a scheduled group session at NET Counseling.

Signed _____
Officer Jessie L. Waller, Sr., Supervised C

DX7

'21/97

LEVE:

n.

Hold without bail until the Violation hearing on: ___

SO ORDERED:

_____
The Honorable H. Alford

DOC
BP
PP
PS'

CF

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE )    CASE NO. 303X6881DI
                             )
            V.              )    CR.A. NO.  VN9309085103
                             )    CHARGE:   VIOL O/PROBATN
SHERMAN A CARTER             )   ORIG. CHARGE: PDWBPP
DOB: 08/15/50                )
SBI: 00102896                )

VIOLATION OF PROBATION
─────────────────────────

NOW THIS 16TH DAY OF DECEMBER, 1997, IT IS THE ORDER OF THE COURT
THAT:

    THE DEFENDANT IS ADJUDGED GUILTY OF VIOLATION OF THE PROBATION
SENTENCE ORDERED IN THE ABOVE STATED ACTION AND SUCH PROBATION IS
HEREWITH:

REVOKED, AND SENTENCE IS REIMPOSED AS SHOWN HEREAFTER.

    EFFECTIVE December 16,1997, THE DEFENDANT IS PLACED IN THE
CUSTODY OF THE DEPARTMENT OF CORRECTIONS AT SUPERVISION LEVEL 5
FOR A PERIOD OF 2 YEARS.

    UPON SUCCESSFUL COMPLETION OF THE NEW HOPE PROGRAM OR A PROGRAM
TO BE DETERMINED BY DEPARTMENT OF CORRECTION WHILE AT SUPERVISION
LEVEL 5, THIS SENTENCE IS SUSPENDED FOR THE BALANCE AT SUPERVISION
LEVEL 3.



PAGE 001 OF 2

STATE OF DELAWARE V. SHERMAN A CARTER,
303X6881DI

THE FOLLOWING CONDITIONS SHALL APPLY TO THIS SENTENCE, THE
DEFENDANT SHALL:

    ALL PREVIOUS TERMS AND CONDITIONS IMPOSED REMAIN AS PREVIOUSLY
ORDERED.

_____
JUDGE HAILE L. ALFORD



**STATE OF DELAWARE**
**DELAWARE CORRECTIONAL CENTER**
SMYRNA, DELAWARE 19977

TELEPHONE (302) 653 - 9261

March 4, 1999

Public Defender of The State of Delaware
Elbert N. Carvel State Office Building
Attn:  Edward C. Pankowski, Jr.
Assistant Public Defender
820 N. French Street, Third Floor
P.O. Box 8911
Wilmington, DE   19801

RE:  Sherman Carter
     SBI #102896

Dear Mr. Pankowski:

Recently we had received a letter that you had sent to your client, Mr.
Carter, who was questioning his credit for time previously served.  Upon
review of Mr. Carter's file, I am showing that he was given credit for
time previously served per Cr. A. No. VN93-09-085103.

The date of the sentence was 12/16/97, giving credit for time served (12/1/97),
per the sentencing order.  We have given him credit for time served on this
sentence and as of 3/4/99 Mr. Skinner's short time release date (after
meritorious goodtime applied) is 9/17/99.

We can not give any other credit time unless the Judge orders us to do so.

If you have further questions, please contact me at the above number ext. 1692

Sincerely,

Rebecca L. McBride
Records Supervisor


cc:  Inmate File
     Francene Kobus

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

State of Delaware              )
                              )
    v.                        )      Cr.A. No. VN93-09-0851
                              )
Sherman A. Carter             )
DOB:  08/15/50                )
Def. ID 303X6881DI            )
SBI #00102896                 )

D.C.C. RECORDS

1999 MAR -6  P 1:53

RECEIVED

### AMENDED SENTENCING ORDER

Now this ___4th___ day of March, 1999, it is the Order of the Court that the Sentencing Order of December 16, 1997 is hereby amended as set forth below:

**Defendant is placed in the custody of the Dept. of Corrections at Level 5 for two (2) years. The defendant shall be given credit for time previously served.**

In all other respects, the Sentencing Order of December 16, 1997 shall remain the same.

_____  J.

Original:  Prothonotary's Office - Criminal Div.
cc:  Presentence
     DCC Records Dept.
     Sherman Carter - DCC

DX 11

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| Sherman A. Carter | ) | |
| | ) | |
| v. | ) | C.A. No. 99M-02-074 HLA |
| | ) | |
| State of Delaware | ) | HABEAS CORPUS APPLICATION |
| | ) | |
| Defendant. | ) | |

## ORDER

This 4th day of March, 1999, after having considered Petitioner's application for a **Writ of Habeas Corpus** pursuant to 10 Del.C. §6902.

IT APPEARS:

1)   That the Petitioner is lawfully being detained pursuant to the Violation of Probation Sentencing Order of Judge Haile Alford dated December 16, 1997.

2)   Petitioner's argument regarding his sentence is not the proper subject matter for a Writ of Habeas Corpus.

**NOW THEREFORE,** Petitioner's application for a **Writ of Habeas Corpus** is **DENIED**.



# DELAWARE CORRECTIONAL CENTER

## MEMORANDUM
**Records Dept.**

**TO:**      Francene Kobus

**FROM:**    Rebecca L. McBride
             Records Supervisor

**DATE:**    March 17, 1999

**RE:**      Inmate Sherman A. Carter

Inmate Sherman A. Carter has written several times and has received several responses back to him explaining his sentence and calculation thereof. Apparently, he wishes to file a Civil Action against Thomas    Orr.

I have attached all documentation in reference to the above inmate. I had also sent a letter to the Public Defender that is handling Inmate Carter's case.

If further information is needed, please advise.


**Attachments**


cc:    **Inmate File**
       **File**



Date:    3/17/99


Inmate:    Sherman Carter

SBI#:    102896


Your current short-term release date is:    9/17/99

Your current parole date is:    N/A

You had violated your probation twice.  You would only receive credit for
when you violated and came back to the Institution on Level 5 which was 12/1/97.
If you wish to request credit for time served while on Probation, you would need
to go back to the Judge explaining such.    Records

We would not have the exact days to give you credit while on Probation, that
would need to come from the probation officer and the Judge would have to send
order with those specific days to be granted to you.

Thank you,

Rebecca L. McBride
Records Supervisor

cc: Inmate file

FORM # 114

SUI                                                    ENT (CIS)

**FOR ADM**        *TO: TOM ORR*                       ED INTO EVIDENCE.

**COUNTY:**

**FILING 1**       *FOR YOUR INFORMATION*              Yes  X  No

**CIVIL C1**       *THIS ACTION WILL BE FILED AS SOON*

**CODE:** _        *AS ACCOUNT STATEMENT IS RECEIVED*

Attorney Name: _   *FROM BUSINESS OFFICE. SEE YOU AND*      a Doe, Plaintiff)

Firm Name: ____    *YOUR COUNSEL IN COURT.*

                                                       r with Counterclaim)

Office Address: _____

_____

_____    ARBITRATION _____ NON-ARBITRATION _____

Telephone Number: _____   JURY DEMAND X YES _____ NO

                                           ESTIMATED TRIAL LENGTH _____ Days

                                           Anticipated Consolidation with Another Action? ___YES ___ NO

**CAPTION**                                Civil Action Number: _____

Sherman A. Carter                          **ATTACHMENTS TO THE PLEADINGS:**

        vs.                                Affidavit of Demand

Tom Orr, defendant                         Affidavit of Defense
                                           Affidavit of Mailing
                                           Certificate of Value
                                           Form 30 Interrogatories
                                           Rule 3(H) Documents

**TRACK ASSIGNMENT REQUESTED:** (Circle One)    **EXPEDITED** X    **STANDARD**        **COMPLEX**

BRIEFLY DESCRIBE WHY CASE IS COMPLEX OR EXPEDITED (Use a Separate Sheet If Additional Space is Required):

Defendant has refused to calculate plaintiff's jail time in compliance

with the laws applicable to sentence, causing plaintiff to be detained

IS MEDIATION AN ALTERNATIVE DISPUTE RESOLUTION OPTION IN THIS CASE?  X  YES _____ NO

**RELIEF REQUESTED**

**Amount of Special Damages Claimed**    -   $   $300,000.00

**Amount Includes a Claim for:**

_____ Property Loss          _____ Medical Expenses      _____ Loss of Earnings
_____ Liquidated Damages   X  Other - Please Specify: Mental Anguish

**ADDITIONAL CLAIMS:** _____  **Punitive Damages** _____ X   Other Non-Liquidated Damages

**NON-MONETARY RELIEF REQUESTED:**  Immediate release
(e.g., Declaratory Judgment)

**AFFIRMATIVE   DEFENSES:** 1) _____  2) _____

3) _____  4) _____  5) _____

CISFORM.FRM 6/5/92

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

FOR ADMINISTRATIVE PURPOSES ONLY. THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

COUNTY: (N)  K   S     CIVIL ACTION NUMBER: _____

FILING FEE AMOUNT: _____     FEE ENCLOSED: _____ Yes _X_ No

CIVIL CASE TYPE: (SEE INSTRUCTION PAGE FOR APPLICABLE CODE AND CASE TYPE DESIGNATIONS)

CODE: _____     TYPE: CMIS

Attorney Name: _____

Firm Name: _____

_____

Office Address: _____

_____

_____

Telephone Number: _____

---

NAME AND STATUS OF PARTY: (e.g., John Doe, Plaintiff)

Sherman A. Carter

DOCUMENT TYPE: (e.g., Complaint, Answer with Counterclaim)

Complaint

ARBITRATION _____  NON-ARBITRATION _____

JURY DEMAND _X_ YES _____ NO

ESTIMATED TRIAL LENGTH _____ Days

Anticipated Consolidation with Another Action? ____ YES ____ NO

Civil Action Number: _____

ATTACHMENTS TO THE PLEADINGS:
Affidavit of Demand
Affidavit of Defense
Affidavit of Mailing
Certificate of Value
Form 30 Interrogatories
Rule 3(H) Documents

---

CAPTION

Sherman A. Carter

vs.

Tom Orr, defendant

_____

_____

---

TRACK ASSIGNMENT REQUESTED: (Circle One)    EXPEDITED _X_  STANDARD    COMPLEX

BRIEFLY DESCRIBE WHY CASE IS COMPLEX OR EXPEDITED (Use a Separate Sheet If Additional Space Is Required): _____

Defendant has refused to calculate plaintiff's jail time in compliance
with the laws applicable to sentence, causing plaintiff to be detained

IS MEDIATION AN ALTERNATIVE DISPUTE RESOLUTION OPTION IN THIS CASE? _X_ YES _____ NO

## RELIEF REQUESTED

Amount of Special Damages Claimed ➤ $ $300,000.00

Amount Includes a Claim for:
_____ Property Loss       _____ Medical Expenses      _____ Loss of Earnings
_____ Liquidated Damages  _X_ Other - Please Specify: Mental Anguish

ADDITIONAL CLAIMS: _____ Punitive Damages   _X_   Other Non-Liquidated Damages

NON-MONETARY RELIEF REQUESTED: Immediate release
(e.g., Declaratory Judgment)

AFFIRMATIVE DEFENSES: 1) _____  2) _____

3) _____  4) _____  5) _____

CISFORM.FRM 6/5/92

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

### IN AND FOR NEW CASTLE COUNTY

Sherman A. Carter_____,

        Plaintiff,

  V.

                    Civil A. No._____

Tom Orr.     in his personal
Records Dept.  capasity.

        Defendants.

### PRAECIPE

To:  Prothonotary Office
     Superior Court, Public Building
     1100 King Street
     Wilmington, DE  19801

      Please docket the attached  complaint and cause service of
process upon the above defendants:

Tom Orr
Delaware Correctional Center
Smyrna, DE 19977

                          _____

                          Delaware Correctional Center
                          Smyrna, DE  19977

Dated: _____

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

SHERMAN A. CARTER,  )
      Plaintiff,  )
              )
              )
              )
vs.            )      Civil Action No.
              )
              )   _____
              )
TOM ORR,       )
      Defendant in his  )
      personal capasity.  )

## COMPLAINT

### FIRST CAUSE OF ACTION

1. Plaintiff, Sherman A. Carter was sentenced for the origi-
nal offense of PDWBPP, which carries a maximum term of 3 years
incarceration pursuant to Delaware Code Title 11. The original
sentence was imposed on August 4,1994, giving credit from Septem-
ber 4,1993.

2. Plaintiff served up to November 30,1994 on the original
incarceration.

3. On June 27,1997 and remained until he was judged guilty of
a technicle violation with no new charge. On September 16th court
reimposed his sentence giving credit for time previously served.

4. On December 1,1997 plaintiff was again returned to prison

for another technicle violation., and on December 16th court re-
imposed a 2 year sentence suspended after completion of a program.

5. Title 11 Del.Code §3901 dictates that any prison time is
to be calculated against sentence if no other sentence has been
imposed.

6. The Courts properly reimpose sentences with the understand-
ing that the Department of Corrections adequately calculate senten-
ces pursuant to the laws of this state.

7. Defendant Tom Orr has refused to properly calculate plain-
tiff's time previously served, and in doing so has caused plaintiff
to serve an amount of prison time that exceeds the statutory maxi-
mum established by law.

8. Plaintiff has taken numerous steps to gain his release from
the illegal custody. Due process entitles inmate to an opportunity
to have his claim to a particular release date meaningfully and ex-
peditiously considered. Sample v. Diecks, 885 F.2d 1099 (1989).

9. Due process requires that a challenge to the calculation of
release date be promptly listened to. 14th Amendment U.S.C.A.

SECOND CAUSE OF ACTION

Plaintiff realleges each and every averment of paragraph 1,
through 9 and hereby adds the following:

10. Plaintiff allege that the Defendant, Tom Orr, had an obligation to inquire as to the proper method of calculating plaintiff's sentence when, Defendant was provided the statute and crucial wording inplace in all sentences, which was REIMPOSE and credit for time previously served.

11. Plaintiff contends that the actions of Defendant Orr were without due regard for plaintiff's right not to be held in violation of his rights.

12. Plaintiff contends that where information was provided to the Defendant Orr, he had a legal obligation to use due care in obtaining controlling guidelines for calculating sentences.

## RELIEF SOUGHT

13. WHEREFORE the Plaintiff seeks damages in the amount of $300,000.00 for Defendants' gross negligence and deliberate indifference.


dated:                              signed:_____
                                            Sherman A. Carter
                                            DCC
                                            Smyrna, DE 19977

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR <u>NEW CASTLE</u> COUNTY

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | C.A. No. |
| | ) | |
| | ) | |
| SHERMAN A. CARTER | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **SUMMONS** |
| | ) | |
| | ) | |
| TOM ORR in his personal | ) | |
| capasity | ) | |
| Defendant. | ) | |

**THE STATE OF DELAWARE,**

**TO THE SHERIFF OF         COUNTY:**

**YOU ARE COMMANDED:**

    To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon                    , plaintiff's attorney, whose address is                    , an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated:

_____
*Prothonotary*


_____
*Per Deputy*


**TO THE ABOVE NAMED DEFENDANT:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

_____
*Prothonotary*


_____
*Per Deputy*

Rev 5/91-1

SUBPOENA

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

THE STATE OF DELAWARE

TO: TOM ORR
    RECORDS DEPARTMENT
    DELAWARE CORRECTIONAL CENT.
    SMYRNA, DE 19977


DUCES TECUM: You are to bring with you a copy of any and all, written procedures that direct the actions that must be taken in calculating sentences. Evidence of your qualifacations as to your training and minimal requirements of DOC.


YOU ARE HEREBY COMMANDED:

    To appear at the Superior Court of New Castle County at 1020 North King Street, Wilmington, DE 19801 on _____, __,1999.



Dated:_____                    ___Sharon Agnew___
                                            Prothonotary


                                         _____
                                            Per Deputy


Sherman A. Carter
Delaware Correctional Cent.
Smyrna, DE 19977

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

SHERMAN A. CARTER            )
        Plaintiff,           )
                             )
                             )
    vs.                      )        Civil Action No.
                             )
                             )        _____
                             )
TOM ORR,                     )
        Defendant in his     )
        personal capasity.   )

## MOTION IN OPPOSITION

PLAINTIFF comes now before the Honorable Court requesting that the Court not permit the Attorney General, ie, Department of Justice to represent the above cited Defendant. In support of said request the Plaintiff submits the following:

A.    Delaware Code Annotated Title 29 §2504 The State Department of Justice and the Attorney General shall have the following powers, duties and authority: (3). Notwithstanding any other laws, to represent as counsel in all proceedings or actions which may be brought on behalf of or against them in their official capacity in any court, except in actions in which the State has a conflicting interest

B.    The Department has no obligation to represent Defendant due to this action being persued in Defendant's personal capasity and the Department has an existing conflict due to the Constitu-

tional violation of the Plaintiff's rights.

C.    However if the Department wishes to take the position that the Defendant was acting in compliance with established policy, the Plaintiff would thereby waive his opposition.

For the reasons stated by the Plaintiff, the request should be granted.

dated:                          signed:_____

SUMMONS

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR New Castle COUNTY

|  |  |
|---|---|
| ) | |
| ) | |
| ) | C.A. No. |
| ) | |
| ) | |
| SHERMAN A. CARTER          ) | |
| Plaintiff,  ) | |
| v.                        ) | |
| ) | **SUMMONS** |
| ) | |
| ) | |
| TOM ORR in his personal   ) | |
| capasity       ) | |
| Defendant.  ) | |

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF** New Castle          **COUNTY:**
**YOU ARE COMMANDED:**

To summon the above named defendant so that, within 20 days after service hereof upon defendant, exclusive of the day of service, defendant shall serve upon                          , plaintiff's attorney, whose address is                          , an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendant a copy hereof and of the complaint (and of the affidavit of demand if any has been filed by plaintiff).

Dated:

_____
*Prothonotary*

_____
*Per Deputy*

**TO THE ABOVE NAMED DEFENDANT:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

_____
*Prothonotary*

_____
*Per Deputy*

Rev 5/91-896

To: Tom Orr                                    March 12,1999

Dear Sir,

    I am enclosing to you a summons which is a part of a civil
action inwhich I have named you personally. I need the name of
your private attorney for this action. I have also completed a
motion to deny you the assistance of the Department of Justice
since your actions are not legal. If you chose to not provide
the information requested, I will inform the court of my posi-
tion that you are unrepresented.

                         Have a good day


                         _____
                         Sherman A. Carter T-2




pc:file

**RECEIVED**

**FEB 2 6 1999**

**D.C.C.**
**ADMINISTRATIVE SERVI**

To: Deputy Warden
    Betty Burris
    Delaware Correctional Cent.
    Smyrna, DE 19977

RE: SHERMAN A. CARTER SBI#102896

Dear Deputy Warden,

I am contacting you to request that you direct the Records Department to abide by the Delaware Code, Title 11 §3901, which states that any time served at level 5 that was not attributed to any othe sentence must be calculated against the present sentence. Records has informed me that I must contact the court to get credit for time served. This was done by me, even though I am not required to take any action to insure that my sentence is calculated properly.

I am sure that if you were to contact the Attorney General's Office, someone there would  conceed that the duty to calculate my sentence falls on the Department of Justice and the Department of Corrections. I have since 1993 been imprisoned on three separate occassions for this same charge. I was never given a level 5 sentence for any other charge during this period. As of March 2, 1999 I will have served the statutory maximum permitted for the offense. I contacted records back during the summer providing a copy of two sentencing orders that show the incarcerations. I even filed a grievance which has not been resolved since that time.

It is my contention that as of March 2,1999 I will be illegally held by this facility since I inform of the problem well before the injury could accure. I would be greatful for any help in this matter.

Respectfully Yours,

*Sherman A. Carter*
Sherman A. Carter T-2

UNTIL YOU LEARN YOUR OBLIGATION I WOULD
APPRECIATE NO FURTHER CONTACT WITH YOU IN THIS
MATTER AS A RIGHT

To. Tom Carr.

I received your information as to how my
sentence is to be calculated. Since you are
however required to act in accord with Delaware
Law, I am quite interested in on what specific
law you base your position. I disagree with
your idiotic notion because my position is based
on Title 11 §3901. When you do not know your
legal limitations, it would be wise to contact
DOC's legal advisor before you subject yourself
and them to what is now about to befall
you. You don't hold the power that you think
you do. I'll see you soon in court. I have
some very interesting questions to ask to
one so wise.

Sherman A. Carter
T-2

PROCEDURAL DUE PROCESS REQUIRES THAT AN INMATE WITH A
CHALLENGE TO THE CALCULATION OF HIS RELEASE DATE PROMPTLY BE
LISTENED TO BY SOMEONE HAVING AUTHORITY TO DECIDE THE
CHALLENGE OR PASS IT ON FOR FURTHER REVIEW, AND DECISION.
    " YOU SHOULD HAVE CALLED FOR HELP FROM
SOMEONE WISER THAN YOURSELF "