Date: 03/09/99

Inmate: Sherman Carter

SBI#: 00102896

Your current short-term release date is: 09/17/99

Your current parole date is:

The reason that you served jail time on this sentence three times is that you violated your probation twice. Since this is a violation you only get credit time back to when you came back in to Level 5 from Level 4 which is 12/01/97.

Records

Tom Orr
Corr. Rec. Clk.

cc: Inmate file

FORM # 114

To: Warden Robert Snyder
Delaware Correctional Center
Smyrna, DE 19977                    March 4,1999

          RE: ILLEGAL DETENTION

Dear Warden Snyder:

   My name is Sherman A. Carter, SBI#102896. I have taken every
possible step to gain a calculation of my sentence that will per-
mit my release. I contacted the Record's Department back some six
months ago concerning the fact that I have served jail time for
this charge three different times. Records informed me that I had
to contact the court to get credit for the time served. First let
me state that I have no obligation to contact the court. Calcula-
tion of my sentence is the province of DOC.

   However I did contact the court but todate no response has
been received. I even filed a grievance back during the summer,
and gave the board the statute that dictates that sentences served
at level 5 must be calculated against the sentence in question un-
less the time was contributed to another sentence, which is not
the case. Prisoners have a liberty interest in being released
on time, in conformity with the sentence imposed and with rele-
vant state statutes. In order for a cause of action to be brought
against this institution and yourself personally, I need only es-
tablish that I took steps to inform you of my pending release and
to have attempted to have my complaint heard. I now wish to in-
form you that I will now take all steps necessary to discontinue
the violations of my rights further.

                                   Sherman A. Carter
                                   T-2

cc: Deputy Burris
    Records
    Dept. of Justice



**STATE OF DELAWARE**
## DELAWARE CORRECTIONAL CENTER
**SMYRNA, DELAWARE 19977**

TELEPHONE (302) 653 - 9261

March 4, 1999


Public Defender of The State of Delaware
Elbert N. Carvel State Office Building
Attn: Edward C. Pankowski, Jr.
Assistant Public Defender
820 N. French Street, Third Floor
P.O. Box 8911
Wilmington, DE  19801

RE:  Sherman Carter
     SBI #102896

Dear Mr. Pankowski:

Recently we had received a letter that you had sent to your client, Mr.
Carter, who was questioning his credit for time previously served.  Upon
review of Mr. Carter's file, I am showing that he was given credit for
time previously served per Cr. A. No. VN93-09-085103.

The date of the sentence was 12/16/97, giving credit for time served (12/1/97),
per the sentencing order.  We have given him credit for time served on this
sentence and as of 3/4/99 Mr. Skinner's short time release date (after
meritorious goodtime applied) is 9/17/99.

We can not give any other credit time unless the Judge orders us to do so.

If you have further questions, please contact me at the above number ext. 169.

Sincerely,

Rebecca L. McBride
Records Supervisor


cc:  Inmate File
     Francene Kobus



## PUBLIC DEFENDER OF THE STATE OF DELAWARE
### ELBERT N. CARVEL STATE OFFICE BUILDING
**820 NORTH FRENCH STREET, THIRD FLOOR**
**P.O. BOX 8911**
**WILMINGTON, DELAWARE 19801**

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

EDWARD C. PANKOWSKI, III
ASSISTANT PUBLIC DEFENDER

TELEPHONE
(302) 577-5130

February 24, 1999

Sherman Carter, SBI#102896
D.C.C.
Rt.#1, Box 500
Smyrna, DE  19977

Dear Mr. Carter:

In response to your January 4, 1999 letter, I am sending the docket sheets on all of your cases.  As you can see, Judge Alford gave you credit for time served and you should be released from jail shortly.

Very truly yours,

*E C Pankowski*

Edward C. Pankowski, Jr.
Assistant Public Defender

ECP/dd
Enclosure

P.D. RECORDS    1999 MAR -5 P 3: 50    RECEIVED



# PUBLIC DEFENDER OF THE STATE OF DELAWARE
## ELBERT N. CARVEL STATE OFFICE BUILDING
### 820 NORTH FRENCH STREET, THIRD FLOOR
### P.O. BOX 8911
### WILMINGTON, DELAWARE 19801

**LAWRENCE M. SULLIVAN**
**PUBLIC DEFENDER**

**EDWARD C. PANKOWSKI, III**
**ASSISTANT PUBLIC DEFENDER**

**ANGELO FALASCA**
**CHIEF DEPUTY**

**TELEPHONE**
**(302) 577-5130**

March 19, 1999

Sherman Carter
D.C.C.
Rt.#1, Box 500
Smyrna, DE  19977

RE:  State of Delaware v. Sherman Carter

Dear Mr. Carter:

I enclose a copy of a letter dated March 4, 1999 from Rebecca
L. McBride, Records Supervisor at the Delaware Correctional Center.
As you can see from the review of the letter you were given credit
for time previously served under Cr. A. No. VN93-09-085103.  As you
can also see, your short term release date is September 17, 1999.
If you have any questions, please contact Rebecca L. McBride at
653-9261 Ext.169.

Very truly yours,

Edward C. Pankowski, Jr.
Assistant Public Defender

ECP/dd
Enclosure



EX-3

On August 4,1994, Judge Alford sentenced me to 3 years, suspended after 1 year for decreasing levels of probation. This sentence was begun on September 4,1993. see docket

I was not released until November 30,1994, which gave a total of 452 days served.

On June 27,1997 I was returned to Ganderhill for a VOP. On September 16,1997 I was sentenced to level 5 and the remainder of sentence was suspended. Given credit for time previously served. see sentencing order. I was released on September 17, giving total of 83 days
On December returned to Ganderhill, sentenced to level 5 for a period of 2 years. I have been incarcerated for a total of 977 days under the only sentence in existence.

The offense to which I was sentenced carries a maximum of 3 years.

D.O.C. RECORDS

1999 MAR -5 P 3 50

RECEIVED

To: Judge Haile Alford
    Superior Court of New Castle
    Judges Chambers
    1020 North King Street
    Wilmington, DE  19801          March 24,1999

### RE: <u>JUDICIAL MISCONDUCT</u>

Judge Alford,

This letter is to inform you that I will not accept your unethical ploy to attempt to not address the issues raised in my proper motion for "Reconsideration" of my petition for the granting of my release from an illegal detention. My motion, was supported by exibits that proved that others similarly held had been granted the relief that I sought by State Habeas Corpus, and you granted at least one yourself. I find it very odd that you sought to not address these issues which is your duty in order to provide the basis of your denial.

I am of the position that your actions are in violation of my Constitutional right not to be illegally detained. Further yo your actions violate Cannon 3 A(1) A judge should be faithful to the law and maintain professional competence in it. Commentary: The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court. Your actions clearly are not in compli-



ance with your duty.

My position is that if you do not correct your ugly act a-
gainst me I will persue filing a complaint with the Judiciary
and permit your colleagues to decide if I am correct in that,
this is not a disagreement  as to an order, **as** I'm sure you'd
contend or acturally a clear act to hide from your duty. Let
me remind you of a couple of facts. First I only have six months
to end this illegal detention anyway. Second I know that there
will be no problem obtaining counsel to make the state pay for
the time spent illegally held. Third Everytime anyone acts in a
manner that violates my rights, a copy of that action is for-
warded to Judge Farnan of the District Court who now has before
him a Federal petition based on your illegally sentencing me in
violation of Delaware Law.(check 11 Del.C. §3901) This statute
proves that you could not merge my first sentence with the two
remaining sentences due to a portion or it being jail time.


There is no concern that I have that Wonderful Delaware will
soon have to pay for those abuses that I have been made to suffer
through. Based on my stronge position I am demanding that you do
what is required of you and provide an order that addresses my
issues in my still pending motion for reconsideration. Since it
didn't take but a few hours to try to sham me I will wait for,

seven days before I file my Complaint with the Judiciary. I do not think that the Supreme Court will relish having to police such obvious misconduct.

Also due to my position of your being so determined not to correct your errors, I have also submitted a petition for writ of Mandamus in the Supreme Court requesting that they compell, you and the Department of Corrections to release me immediately.

When and if it becomes necessary to file my complaint I will also request that you be removed from any further participation in any criminal matters involving me. I'm sure that they will a-gree that you have shown that you can not rule fairly in my case.

Sherman A. Carter #102896

dated: March 24,1999

pc: Judge Farnan
    ACLU
    NAACP
    Del. Supreme Court
    DuPont Ridgely
    Attornies/for asst.
    file

To; Angelo Falasca
    Chief Deputy Public Defender
    State Offi œ Building
    820 North French Street
    Wilmington, DE 19977                    March 26,1999

Dear Chief Deputy:

    As you can see I have been contacted by one of your staff, Mr. Pankowski
who you assigned to look into my case. Also I am providing a copy of a letter
sent by him on March 19th that indicates that he checked my record and was
in agreement that all time served must go towards the maximum sentence. For
this learned member of the Bar to accept the ravings of a numbers cruncher,
I feel his actions are either Malpractice or deliberate and ineither case I,
want something done to correct his misrepresentation of the law.


    Public Defender Pankowski has a legal duty not to harm me. The agrrement
with Ms. McBride has clearly given her more confidence in her misinformed pos-
ition and thereby it is a direct cause of my further illegal incarceration. It
would be in the best interest of all concerned that you undertake resolution of
this immediately. If some favorable action is not undertaken I will file civil
proceedings naming Pankowski's malpractice or his collusion with DOC. I trust
that my position is clear.

                                        _Sherman A. Carb_

pc: Edward Pankowski
    Disiplinary Counsel
    District Court JJF
    file



EX-4

To: Lt.Governor Ruth Ann Minner
    Lt. Governor's Office
    Dover Tatnall Building
    Dover, DE  19901                          March 30,1999

RE: SHERMAN A. CARTER #102896
Your Honorable Lt. Governor:

My name is Sherman A. Carter and the reason for my contacting you is due
to the present situation in which I find myself. As you can see I am an inmate
here at this State's largest Correctional facility. My being here is due to the
failure of anyone within the DOC, to inquire into my claim that I have now serv-
ed over the maximum sentence permitted by criminal statute for the offense that
I committed in 1993.

I have been resentenced on three occassions based on a probation violation.
The problem now is that the Record's Department has determined that a new sen-
tence was imposed where in reality Judge Alford reimposed the balance of that
which was the original sentence. The sentence stated in open court was two years
suspended after completion of a drug program. I have now been incarcerated for
sixteen months and had no treatment. Judge Alford had no thought that this much
time would be spent in jail.Lt. Governor Minner, Delaware Law  prohibits such a
situation where a inmate serves more than the maximum by statute. This state is
now liable for a great deal of false imprisonment. I am seeking your assistance
in gaining my release from this clear violation of my rights. It amazes me that
a system that complains of over crowding, permits such a obvious violation of
my rights. This issue could have been resolved if only Record's had done that
which is required and that was to request the advise of the Department of Justice
as to proper calculation of my sentence. I pray you will find the time to assist
me in this matter.





**DEPARTMENT**
**CORRECTION**
**Bureau of Pris**

# Memo

| | |
|---|---|
| **To:** | Carl Danberg, Deputy Principal Assistant |
| **From:** | Richard E. Seifert, Executive Assistant |
| **CC:** | Cathy Guessford, Information Resources Manager |
| **Date:** | May 25, 1999 |
| **Re:** | Sherman A. Carter SBI #102896 |

Enclosed find a 05-21-99 letter from Mr. Carter who currently resides at the Delaware Correctional Center in Smyrna. He contends that his sentence has been misinterpreted by our Records staff and that he is being illegally detained.

I have also enclosed the 03-30-99 correspondence to the Office of the Lieutenant Governor which was sent to me by Debra S. Allen for investigation and commentary. Kindly note that Cathy Guessford is reviewing the sentence calculation and will document her findings shortly.

All future correspondence on this issue will be forwarded to your office for coordination of response. Thanks for your assistance.

Enclosures

RES/me





**FROM THE DESK OF:**     Rebecca L.  McBride, Records Supervisor

**TO:**     **Deputy Warden   Burris**

**DATE:**     **June 3, 1999**

**RE:**     **Inmate Sherman Carter**

Inmate Carter has been sending letters indicating that he had not been given credit for time served on his Violations of Probation. His complaints started before I took over as Supervisor in the Records Dept. Paula     Seeman, myself and Tom   Orr have answered each one of his letters that we have received indicating and explaining that he has been given credit for time served. I even sent letter to his Public Defender and placed calls to his office and left messages on his voice mail with no return calls from him.

Everything that I have received had been copied to Francine     Kobus as well because Inmate Carter had indicated several times that he was going to file Civil Action. I copied Francine so she would be advised ahead of time in case Action was filed, which apparently it has.

Morning of May 26, 1999, when I arrived at work, Cathy Guessford was in the Records Dept. copying a file. When I ask her whose file she was copying she indicated Inmate Sherman Carter. She stated that Rich     Seifert had ask her to do investigation because Inmate had sent letter to Lt. Governor's Office.

I went to the Warden to ask if he had received request to have Inmate Carter's File copied and he indicated no. I had not received such a request either. The Warden came with me back to Records Dept. and discussed issue with Cathy. (See attached)

Per  Cathy's email (see attached), she destroyed copies she made and ask that I copy the file and have sent to Carl   Danberg. I copied the file (Status Sheets and Sentencing Orders only) and hand delivered to Carl's Secretary on 5/28/99. Carl was out of office so I was unable to speak with him. I asked his secretary to have him call me and I also called back that day 5/28/99 and left 3 other messages for Carl to call me, as of to date, I have received no calls from his office.

The bottom line is, Inmate Carter has been given credit for time served. He violated his parole 3 times. If he wishes to have credit for time served while out on probation, the Judge normally orders that in sentencing order (giving specific days). If you wish to see package that I copied for Carl    Danberg, please advise, I have copies of exactly what was given to him.

If further information is needed, please advise.

Delaware Correctional Center



FROM: Betty Burris
      Deputy Warden

TO: *Rebecca McBride*    DATE: *5/27/99*

SUBJECT: *Attached*

*What's the story on this?*

SIGNATURE: *EBurris*

RECEIVED

MAR 1 9 1999

D.C.C.
ADMINISTRATIVE SERVICE

To: Deputy Warden Burris
Del. Cor. Cent.
Smyrna, DE 19977

Dear Deputy Warden:

As I am sure you are aware, that it is my position that I am
being held illegally. I am also sure that you are aware that I have
taken steps to correct that problem. There is now presently before
the District Court a civil action which was filed after no one here
would take the time to inquire into my claim. Since that time I've
also filed a separate action in Superior Court against Tom Orr of
your Records Department, due to his refusal to do his job in this
matter.

I am well familure with civil law and also know that my cause
is better served if I take every opportunity to resolve this matter
before it gets to court. Based on this l golly sound premis, I am
informing you of the following. My complaint is that I can not be
caused to serve more than the statutory maximum provided by law,
and here that maximum has been served. Your Records Department has
refused to accept that fact. I am enclosing a copy of not one but
two orders releasing persons based on this fact. I would advise you
to present these to Mr. Orr, because I will inform the courts that
the information was made available. It would serve both sides well

for my release to come about through the realization that a mistake was made and corrected by the DOC, without court intervention I would think. I leave this in your capable hands.

Thank You in Advance

*Sherman A. Carter*

Sherman A. Carter #102895
DCC
Smyrna, DE 19977

3/18/99

pc: District Court
    Judge Alford
    file

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

In the Matter of        )

MARGARET T. LESLIE,    )

                       )

                       )

             Petitioner.  )

                       )

C. A. No. 98M-04-035
Habeas Corpus Application

## ORDER

This 6th day of May, 1998, upon consideration of the Petitioner's motion for Writ of Habeas Corpus it appears that:

1. The Petitioner seeks to be released because she has been incarcerated for 75 days for an unclassified misdemeanor.

2. On December 3, 1997, the Petitioner plead guilty to Offensive Touching in Family Court. Pursuant to 11 Del. C. §601, Offensive Touching is an unclassified misdemeanor. §601 specifies no sentence for this offense.

3. On January 28, 1998, the Petitioner was sentenced to thirty (30) days at Level V, an unspecified period at Level IV (Passageways) and eighteen (18) months at Level III.

4. 11 Del. C. §4206 (e) provides that "the sentence for an unclassified

misdemeanor shall be a definite sentence fixed by the court in accordance with the

sentence specified in the law defining the offense. If no sentence is specified in such

law, the sentence may include up to 30 days incarceration at Level V and such fine up

to $575, restitution or other conditions the court deems appropriate."

     5.  Therefore, the Petitioner cannot be sentenced for a period longer than

that allowed by statute and is entitled to the relief sought.

     Based on the foregoing, it is the order of this Court that the Petitioner be released

from custody.

     **IT IS SO ORDERED.**

                       Toliver, Judge

cc:   Prothonotary (original)
       P. Bradford deLeeuw, Esquire
       Clerk of Family Court

MAY- 6-98 WED 15:29    NCC JUDGES CHAMBERS    FAX NO. 5773035    P. 01

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

TO:    Peter deLeeuw, Esquire (577-2308)
       Women's Correctional Ins. Records Dept. (577-5849)

FROM:    Judge Toliver

DATE:    May 6, 1998

No. of pages:    ___3___ (including cover sheet)

If you have any problems with this transmittal, please contact my secretary at 577-2400, ext. 216.

F. Y. I.

Illegal F.C.
Sentence

# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

WILLIAM C. BOYCE

      Petitioner.

      v.

STATE OF DELAWARE

)
)
)
)
)
)
)
)
)
)
)

C.A. No.: 98M-10-061-HLA

HABEAS CORPUS APPLICATION

Post-It™ brand fax transmittal memo 7671 | # of pages ▶ 3

To: P Attached delstoch
Project PDisoffice

From: Benida Smith
T. Alford's Chambers

Fax # 577-2308

## ORDER

This 4th day of November, 1998, upon consideration of the Petitioner's motion for Writ of Habeas Corpus, it appears to the Court that:

(1)    Petitioner seeks to be released because he has allegedly served the statutory maximum sentence for the offense he was incarcerated.

(2)    On October 26, 1996, Appellant was adjudicated guilty of the charge of Offensive Touching in Family Court. Pursuant to 11 Del. C. § 601, Offensive Touching is an unclassified misdemeanor. § 601 specifies no sentence for this offense.

(3)    On January 10, 1997, Petitioner was sentenced to thirty (30) days at Level V and suspended for one (1) year of Level II probation.

*Boyce v. State*
C.A. No.: 98M-10-061-HLA
November 4, 1998
Page 2

(4)    On January 8, 1998, Petitioner was found to be in violation of probation and was sentenced to 30 days at Level V and probation at Supervision Level III for a period of six months. This Court has been advised that Petitioner completed his sentence on February 4, 1998.

(5)    On September 28, 1998, Petitioner was again found to be in violation of his probation and was sentenced to 30 days at Level V, of which 30 days was suspended; three (3) months at Level IV "to be held at Supervision Level V until space is available at Level IV."

(6)    Petitioner is currently serving his violation of probation sentence at the Plumber Center, a Level IV facility. Petitioner has served approximately twenty two months of probation in addition to serving the <u>statutory maximum period of incarceration</u> for committing an unclassified misdemeanor.

(7)    11 DEL. C. § 4206 provides that "[t]he sentence for an unclassified misdemeanor shall be a definite sentence fixed by the court in accordance with the sentence specified in the law defining the offense. If no sentence is specified in such law, the sentence may include up to 30 days incarceration at Level V and such fine up to $575, restitution or other conditions as the court deems appropriate."

*Boyce v. State*
C.A. No.: 98M-10-061-HLA
November 4, 1998
Page 3

(8)    It is clear to the Court that Petitioner has been sentenced for a period longer than that allowed by 11 DEL. C. § 4206. Petitioner is therefore entitled to the relief sought.

Based on the foregoing, it is the order of this Court that the Petitioner be released from custody.

**IT IS SO ORDERED.**

_____
Haile Alford, Judge

cc:    Prothonotary (original)
       P. Bradford deLeeuw, Esq.
       Clerk of the Family Court



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE COMMISSIONER**
245 McKEE ROAD
DOVER, DELAWARE 19904



MEMORANDUM

TO:         Stuart Drowos
            Deputy Attorney General

FROM:       Carl C. Danberg
            Deputy Principal Assistant

DATE:       June 22, 1999

SUBJECT:    Sherman A. Carter


Please review the attached file and sentencing order to determine if the sentence is being calculated correctly.

The Department believes that it has been calculated correctly, but we would appreciate your opinion on this.

Please give me a call if you have any questions.



**DEPARTMENT of CORRECTION - Bureau of Prisons**

# Memo



**To:**    Carl C. Danberg, Deputy Principal Assistant

**From:**  Richard E. Seifert, BOP Executive Assistant

**CC:**

**Date:**  June 9, 1999

**Re:**    Inmate Sherman A. Carter, SBI # 102896

---

Enclosed find the latest two letters from Mr. Carter; both dated June 6, 1999. The first is to me, the second is to the Governor.

Note the tone is increasingly more abrasive and threatening.

Any future correspondence will be forwarded to your office upon receipt.

RECEIVED
CHIEF, BUREAU OF PRISONS

To: Rick Siefert                                    JUN 0 8 1999
    Executive Assistant
    Department of Corrections
    Dover, DE 19904

                            June 6,1999

Dear Mr. Siefert:

    Enclosed is a letter that I've written to the Governor's Office concern-
ing the illegal detention that I am now under. There can be no rational jus-
tifacation for my still being held in violation of my rights. Sooner or later
I will be released and I will do every thing in my power to shed light on
the question of how so many supposedly intelligent people could make such a
gigantic mistake and not correct it.

    It is my intention to show those involved as that which they are, either
incompetent , or prejudice snakes. I have nothing to fear as to my making pub-
lic the facts involved in my case. I'm sure that enough people will take in-
terest when it becomes known that had I been white I would have long ago been
released. I have a great deal of contempt for those that have treated my family
as though they were of no importance.

                        _Sherman A. Carter_
                        Sherman A. Carter #102896

TO: Governor Thomas Carper
    State of Delaware
    Carvel State Office Building
    820 N. French Street
    Wilmington, DE  19801

June 6,1999

RE: "What Rights are Mine"

Dear Governor Carper,

My name is Sherman A. Carter, and I am falsely being held in your facility at Smyrna, in violation of my God given rights. I find it strange that in a day and age like our I can be imprisoned for some five months past the maximum permitted by the laws of this state, and no one honor their duty to gain my release. I have contacted individuals in the Department of Corrections all the way up to the Commissioner's office. The Department of Justice is also aware of this situation as is the courts.

I know in my heart that had I been a white person so illegally held one phone call would have changed this nightmare. I have contacted the Lieutenant Governor's Office and I will say that an initial inquiry was made, however now some  twenty odd days later, I'm still being held and no one can give a legal basis for my being here. Even more troubling is how my family has been ignored when they have sought to gain information pertaining to my situation. My re-lease should have been at the end of January, but I inform this institution of the possibility of this taking place as far back as last August. There was a recent article that acknowledged that the DOC , has misinterpreted sentences in

the past. To acknowledge a problem and then ignor it seems quite idiotic to
me, but maybe I am at this point very prejudice. I have now a short time re-
lease date of September of this year. If I am not released before then, I will
become a perminent ficture in the lobby of the office of our number one polit-
ical personality. I have the right to know from my Governor what gave this state
the right to hold me in violation of my rights, where it was known to so many
people with the ability to correct the injustice.

My attempts to obtain this information will be made known to the media of
this state, and I will make sure that any attempt to conceal my treatment will
be reported to the same media that plays such an important part in the future
of any politician.

Submitted

Sherman A. Carter #102896

pc; Office of the Lt. Gov.
    Commissioner Stan Taylor
    Warden Snyder D.C.C.
    Staff Reporter News Journal
    file

**Department of Correction - Bureau of Prisons**

# Memo



**To:**   Carl Danberg, Deputy Principal Assistant

**From:**   Richard E. Seifert, BOP Executive Assistant

**CC:**

**Date:**   June 2, 1999

**Re:**   Inmate Sherman A. Carter

---

Attached find two additional pieces of correspondence, received this date, concerning Mr. Carter's allegation of illegal detention.

The first letter dated 05-27-99 is addressed to me states that he has filed a civil action in the District Court. The second letter dated 05-27-99 is addressed to Jack A. Markell, State Treasurer.

Any additional correspondence on this matter will be forwarded to your office upon receipt.


Enclosures


RES/me

To:Rick Seifert
  Executive Assistant
  Department of Corrections
  Dover, DE 19904

May 27,1999

RE: <u>ILLEGAL DETENTION and REQUEST FOR DISPOSITION</u>

Dear Mr. Seifert:

    As you are aware, I am claiming that my present imprisonment is in vio-
lation of my constitutional rights. It is also my position that an inquiry
into this claim should have been a matter of examining my record and re-
questing an interpretation from the Attorney General's Office. I'm sure,
that you will consider this second letter to be from an impatient individ-
ual, and I would quickly agree. You must however realize that you can never
imagine the anger and frustration that such a unreasonable situation has
caused me.

    I have, due to no one being willing to assist me filed a substantial
civil action in the District Court. There can be no denying the fact that I,
took all reasonable steps to resolve this before it got out of hand. At each
opportunity, I've forwarded to the court examples of what was presented to
those involved that proved that my position was sound. I'm quite comfortable
in the fact that damages are going to be awarded. I am now going to inform
the State's Treasurer of my problem, along with the State's Risk Mamager.

RECEIVED
CHIEF, BUREAU OF PRISONS

JUN 0 2 1999

5/28/99

Carl—

Why did P&P
put Inmate on
Supervised Custody
& why did Supervised
Custody make effect-
ive date 9/16/97 — Should
be 6/27/97! — Thanks
Rebecca



M. JANE BRADY
ATTORNEY GENERAL

**STATE OF DELAWARE**
DEPARTMENT OF JUSTICE

NEW CASTLE COUNTY
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630

KENT COUNTY
Sykes Building
45 The Green
Dover, DE 19901
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652

SUSSEX COUNTY
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369

PLEASE REPLY TO:
New Castle County - Civil Division

July 8, 1999

Sherman A. Carter, Inmate
Delaware Correctional Center
P.O. Box 500
Smyrna, DE 19977

RE:    Your correspondence with this office

Dear Mr. Carter:

I have received your numerous letters. Your original letter included a Motion for Correction of your sentence. As I represent the Department of Correction, I do not address the area of criminal prosecution. Since your motion addressed your criminal sentence and not an action taken by the Department of Correction, I forwarded your letter and motion to the Criminal Division.

I would also like to clarify several pieces of misinformation you have stated in your letters to me, Debra Allen and Senator Vaughn. First, this matter was **not** forwarded to my office until after June 22, 1999. In speaking to Mr. Seifert of the Department of Correction, he indicated that he forwarded the material to the DOC Administration and not to my office. It is my understanding that the matter went to Deputy Principal Assistant Carl Danberg. After Mr. Danberg's review of the matter, it was forwarded to my supervisor, Deputy Attorney General Stuart B. Drowos. DAG Drowos then assigned the review of your matter to me as I had become aware of your case through



Sherman Carter
July 8, 1999
Page 2

your letters. Not until after June 24, 1999 was I assigned to review this matter and I do not know who told you that I was before that date.

I would note that before the information was received by the Department of Justice, I did speak to a lady who identified herself as your "sister". I indicated to her that since I could not be sure of her true identity or that speaking with her would violate some privacy right of yours, I would not discuss the case with her. I did tell her that I had not yet received the material, but would give it my attention when I did receive it. I also told her that I would communicate with you directly rather than through others. My intent was to make sure that I did not improperly disseminate information to people who were not otherwise entitled to it.

Second, I was contacted on July 2, 1999 by a gentleman stating that he was your "brother". He stated that you had an **order** from a Court requiring your release. As I had been researching your case at that point and had not found such an order, I instructed this gentleman to tell you to write to me and **send me a copy of that order**. At this time, I do have all other documentation. I do appreciate you sending the information with your last letter, but the indication from your "brother" was that some Court had ordered your release and that is what I requested - the alleged order. However, from your last letter it appears that there is no order but that it is your belief that someone from the Department of Justice for the State of Delaware has made the determination that you are being held illegally.

In your letter to Senator Vaughn, you indicated that I told Debra Allen of the Lieutenant

My reason for this contact is to obtain from you any information as to any progress concerning my release has been made. If you are for some reason not in agreement with my position and feel that I must remain in my present situation, I'd like to be informed of this immediately, in order that I can forwarded same to Judge Joseph J. Farnan who is in the process of making a decision as to ordering my release.

Sherman A. Carter

pc: Jack A. Markell, Treasurer
    Keith D. Barron, State Risk Manager
    Debra S. Allen, Office of the Lieutenant Gov.
    Senator Joseph Biden
    Judge J.J. Farnan, USDC
    file

w/Enclosures

To: Jack A. Markell
    Delaware State's Treasurer
    Thomas Collins Building
    P.O. Box 1401
    Dover, DE  19903

                              May 27,1999

RE: <u>State Liability for Illegal Detention</u>

Dear Mr. Markell:

    As you can see by the exibits that I've enclosed, I am presently being
held in violation of my rights, by the Department of Corrections. I say DOC,
due to the fact that I've made sure that information was provided to Stan
Taylor as to my situation, and he has failed to adequately protect me from
this violation. My sentence was satisfied in late January of this year. I've
proven this but no one will release me.

    That which I will need to establish to aquire damages has been done in a
manner that is beyond dispute. I can not understand what anyone exspects to
gain by continuing my detention. There is already a pending 1983 in the jur-
isdiction of the District Court, which should not have been necessary. Any
assistance from anyone in state government would be appreciated.

                              Sherman A. Carter

pc: Keith D. Barron
    State Risk Manager
    file

Del.C. Title 11 §4205
    (a) A sentence of incarceration for a felony shall be a definite sentence.

    (b) The term of incarceration which the court may impose for a felony is fixed as follows:  (6) For a class F felony up to 3 years to be served at Level 5.

Del. C. Title 11 §1448

    <u>Possession of a deadly weapon by person prohibited</u>; (c) Possession of a deadly weapon by a person prohibited is a class F felony.

Del. C. Title 11 §3901

    (a) When imprisonment is a part of the sentence, the term shall be fixed, and the time of its commencement and ending specified.

    (b) All sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, or otherwise, shall begin to run and be computed from the date of incarceration for the offense for which said sentence shall be imposed, unless the person sentenced shall then be undergoing imprisonment ubder a sentence imposed for any other offense oroffenses, in which case the said sentence shall begin to run and be computed, either from the date of imposition thereof or from the expiration of such other sentence or sentences, as the court shall, in its discretion, direct.

    This section, requiring the specification of the commencement and ending of a sentence, simply prescribes a rule of mathematical convenience as a matter of descriptive detail. In the event of conflict between the quantum of the sentence imposed and the date of termination, the former controls. <u>Frye v. State</u>, Del. Supr.,236 A.2d 424(1967).

    The word quantum, by definition means, A specified portion of something.

    The word maximum, by definition means, The greatest possible quanity, degree, or number. An upper limit stipulated by law or other authority.

The word statutory by definition means, Relating to a statute; created
or defined by a statute; required by a statute; conforming to a statute.

```
QCR3 C7CL                  CLIENT STATUS SHEET                    10/03/97
Name:   CARTER, SHERMAN A                   SBI: 00102896
AKA'S: CARTER, NICK                    Security Codes:
                                         P&P OFFICER:
                                         DO1 NO OFFICER


Addr:   1523 E 27TH ST.
        WILM., DE 19802 N


Race/EO: B BLACK          NON-HISPANIC       Religion: O2 AGNOSTIC
Age: 47    DOB: 08/15/1950  POB: DE          M/S: 5 DIVORCED
Hgt: 603   Wgt: 236         Hair: BLK        Eyes: BRO       Skin: MED
SMT: SC LEG     SC B HANDS SC RT WRST
```

```
================================ Emergency Information ========================
   DORSEY, VIRGINA                       Relationship: BOYFRIEND/GIRLFRI
   1523 E 27TH ST                        Phone: 302-764-6387
   WILMINGTON, DE 19802
================================ Current Status ==============================
Facility:  14 SCN            Commit Status: 14    SENTENCED PV
Received:  10/03/1997        Admit Method: 124    FROM COURT COMMITTMENT PROBATI
Sent Date: 09/16/1997                             SUPERIOR COURT
Court No: VN9309085102            Judge: ALFORD HAILE L.
Pending Chgs:   O            No. Sent:   1        Sent Type: 3
Offense: DE 11 4334 0000 M     VIOL O/PROBATN
Orig. Admit Date: 09/16/1997
```

```
======================== Sentence Information ==========================
   Statute    NCIC  Cat  Judge            Court                 Case#
VIOL O/PROBATN          ALFORD HAI NEW CASTLE COUNTY SUPERIOR COU VN9309085102
========================================================================
           YYY  MMM  DDD     Date            Effective
Max Full Term   2              09/15/1999      09/16/1997    *** TIS ***
Good Time             60       07/17/1999
Balance of Time  1   10   5
                              Parole Elig Date:


  Indefinite Life Death No Rehearing Parole Inelig. 4104/4105 Mandatory
                                  X


           Fines        Costs        Restitution        Bail
    $            $            $                    $
           Drug Fund    Victim Comp
    $            $
```

```
======================== Special Conditions ==========================
SENT TO 2 YEARS L5  SUSP FOR 2 YEARS L4 PLUMMER CENTER OR RESIDENTAL TREAT
UPON SUCC COMPLETION OF DRUG/ALC TREATMENT SUSP BALANCE TO L4
HOLD AT L3 UNTIL SPACE AVAILABLE
GWV   TIS
```

```
======================== Release Information ==========================
Method  U7           Date        YYY MMM DDD.D  Released to Whom?
  UDCO 134                 12/1/99              GANDER HILL
```

Sherman Carter
July 8, 1999
Page 3

Governor's office that you were being held illegally.    **I DID NOT AND HAVE NOT DETERMINED THAT YOU ARE BEING HELD ILLEGALLY.   NOR HAVE I MADE THAT REPRESENTATION TO MS. ALLEN OR ANYONE ELSE.**  Also, I am not aware of anyone else from this office who would have made that determination.   No one from the unit representing the Department of Correction has made such a determination nor has anyone from the Appeals Division who have otherwise addressed your numerous Petitions for Writs of Mandamus and Petitions for Writs of Habeas Corpus. If someone from the Department of Justice has made such a determination, please identity who that person is so that I can contact that person and make sure that the appropriate action is being taken. Furthermore, why did you write to Ms. Allen on July 1, 1999 requesting the name of the person who made this statement and before receiving a response tell Senator Vaughn that it was me?   It appears that you are drawing conclusions based on misinformation.

As I stated earlier, I received your information from the Department of Correction and continue to review the file to determine if there has been a problem.  At this time, I do not perceive that a mistake was made.  However, since you have sent me more documentation, I will review your file again in light of same.  I am aware from the Appeals Division that you are actively pursuing a Petition for Habeas Corpus regarding your sentence.  It appears that in your petition you are arguing the same points you are attempting to raise with the Department of Correction.

As you were sentenced by a Court of law, I do not have the authority to circumvent the Court's order; only a Court can do that.  Since you are actively litigating this matter in Court, you

cc:    Debra Allen, Lt. Governor Minner's Office
       The Honorable James T. Vaughn
       Carl C. Danberg, Deputy Principal Assistant, Department of Correction
       Richard Seifert, Executive Assistant, Bureau of Prisons
       Stuart B. Drowos, Deputy Attorney General

## MEMORANDUM

TO:     GREGG WILSON
        DEPUTY ATTORNEY GENERAL

        STUART B. DROWOS
        DEPUTY ATTORNEY GENERAL

FROM:   MARY PAGE BAILEY
        DEPUTY ATTORNEY GENERAL

RE:     DOC'S REQUEST TO REVIEW SHERMAN CARTER'S FILE

DATE:   JULY 21, 1999

Originally, Mr. Carter wrote to me on the mis-belief that I was reviewing his file based on his allegations that the DCC records department was not properly calculating his sentence. I have been able to determine that Mr. Carter was most like informed by another inmate, Carl Haskins, that I was the DAG who represented the DOC. Furthermore, Richard Seifert , Executive Assistant to the Bureau Chief, told the Carter family that he has forward the issue to the DOJ. In actuality, he forwarded it to Carl Danberg for review. Carl did send it to us after his own review requesting that this office review the file. Mr. Danberg did not find any errors in the method of calculation.

I have reviewed the file several time since I was assigned to review it for the DOC and did not find any problems. Today, I again reviewed it and re-read the *Gamble v. State* opinion that Mr. Carter has mentioned in one of his numerous letters to me.

In reviewing *Gamble* and the other Supreme Court decisions cited in Gamble, as well as 11 *Del. C.* §3901, I find that there might be another way to look at Mr. Carter's claims which had not been done before this. The cases appear to state that all Level 5 time under a sentence is supposed to get credit possible including probation sentences. If this is the case, I am concerned about who is responsible for giving credit for all of that Level 5 time. The cases address motions for correction of sentences. The opinions focused on the Superior Court's responsibility in giving credit for Level 5 time. They do not say that the responsibility belongs with the DOC. However, in the Gamble decision, the Court did give credit almost like a savings account for time served.

One question to pose is "Is it the Court's or DOC's or both's responsibility to credit for Level 5 time served?" The second question would be "Is a VOP sentence a separate charge or is it part of the original charge?" If the responsibility belongs to both the Court and DOC and a VOP is part of the original charge and the Court states "credit for time previously served" what does that mean? Is the prisoner entitled to a credit for every day at Level 5 even on his third violation of probation? Or just that time he waited to be sentenced on his third VOP?



Page 2

Presently, it appears that DOC is giving him credit for the time he waited for the hearing as well as statutory good time and meritorious good time (both earned from 12/1/97 to present). They do not appear to give him any credit for the time he served beyond one year in 1994 or for the time he was incarcerated in mid 1997. Is he entitled to such a credit by the DOC? Or can he, as he claims he can't be, held to serve more than the three years to which he was originally sentenced.

Here is a time line regarding the charge for which he is presently at Level V.

9/4/93
placed in DOC custody on three charges including PDWPP

8/4/94
sentenced for PDWPP to 3yrs level 5 including credit for any time previously served SUSPENDED after 1 yr to Level 4 in-patient drug treatment. HOLD at Level 5 for space at Level 4. (He had two other sentences which were suspended to lower levels of incarceration.)

9/4/94
sentence was modified to include the application of Sentac Policy #28. (If they sit at Level 5 for more than 90 days or half of their level 4 sentence (whichever is less) DOC can evaluate to place at Level 3 and request modification of sentence.)

11/30/94
Carter released to PA authorities to address charges there.

5/28/97
VOP#1 sentenced to Level V for 2 yrs suspended for Level II for 2yrs.

6/27/97
in DOC custody for VOP#2

9/16/97
VOP#2 sentence Level 5 for 2yrs suspended immediately to Level 4 (PC or Resid. Treatment) for 2years after completion of treatment balance at Level 3 Credit for any time previously served. Held at Level 3 for space available at Level 4

9/17/97 released to the streets

12/1/97
in DOC custody for VOP#3

Page 3

12/16/97
VOP#3 sentence Level 5 2 years unless complete rehab program then balance suspended for level 3.

3/6/99
VOP#3 sentence modified to include language shall be given credit for time previously served.


In Mr. Carter's case, he was at Level 5 from 9/4/93 until 11/30/94 (453 days). He was back in at Level 5 from 6/27/97 until 9/17/97 (83 days). He went back to Level 5 on his third VOP from 12/1/97 until present (598 days). His total days at Level 5 on the original charge or in a VOP setting is 1134 days. This is more than three years. This does not take into account any good time statutory or meritorious. If he is to be released, there needs to be a reduction in the amount of time he must serve on probation overall.

I have discussed this with the Appeals Division who appear to be divided on what credit Mr. Carter should get if any under the *Gamble* decision. As I discussed with Gregg, after we analyze the questions I have posed, I believe we may want to ask Judge Alford to clarify what her intent was when she stated "credit for time previously served". This will assist us advising the DOC regarding their request for a review of his file.

I have attached the decisions and the statute to which I have referred. I am seeking some assistance in determining the answers to these questions as we need to address this immediately.



**STATE OF DELAWARE**
DEPARTMENT OF JUSTICE

M. JANE BRADY
ATTORNEY GENERAL

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | Sykes Building | 114 E. Market Street |
| 820 N. French Street | 45 The Green | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Dover, DE 19901 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Criminal Division (302) 739-4211 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Fax: (302) 739-6727 | |
| Civil Division (302) 577-8400 | Civil Division (302) 739-7641 | |
| Fax: (302) 577-6630 | Fax: (302) 739-7652 | |

PLEASE REPLY TO:                    July 22, 1999
       New Castle County - Civil Division

The Honorable Haile L. Alford
Superior Court
Daniel L. Herrmann Courthouse
Wilmington, DE 19801

        RE:    Sherman A. Carter

Dear Judge Alford:

        I am one of the Deputy Attorneys General who represent the Department of Correction.
Recently, I received correspondence from an inmate named Sherman Carter regarding the
application of a sentence issued by you in December, 1997. Shortly thereafter, the Department of
Correction requested a review of the matter. In my review of Mr. Carter's file, I found that there
may be some ambiguity in the interpretation of the language of Your Honor's order of March 6,
1999. This ambiguity appears to be causing a disagreement. I am writing to you to request some
assistance in clarifying the sentence Your Honor issued earlier this year.

        As background, Mr. Carter was sentenced on August 4, 1994 to three years at Level V,
suspended after one year to Level IV in-patient drug treatment for two years. He was given
credit for time served and was to be held at Level V for space availability at Level IV as required
by the Court's order. (See sentencing order attached). Since his release from Level V, Mr.
Carter was sentenced on numerous intervening violations of probation. It is his latest sentence for
violation of probation which is at issue.

        On December 1, 1997, Mr. Carter was re-incarcerated on his third violation of probation
on the sentence mentioned above. On December 16, 1997, Your Honor sentenced him to serve
two years at Level V; if he successfully completed a form of rehabilitation program, he was to
serve the remainder of the sentence at Level III.(See sentencing order attached). On March 6,
1999, Your Honor modified the sentence to include that Mr. Carter was to receive credit for time
previously served. (See modified sentencing order attached).

The Honorable Haile L. Alford
July 22, 1999
Page 2

        The ambiguity is what Your Honor intend by giving Mr. Carter credit for time previously
served.  The Department of Correction is under the belief that Your Honor has already taken into
consideration the time Mr. Carter spent at Level V in the past by imposing a two year Level V
sentence instead of the original three year Level V sentence, suspended.  Therefore, the
Department of Correction is interpreting the credit for time served to refer to the time served
immediately prior to the imposition of the sentence for the third violation of probation (December
1, 1997 to December 16, 1999) rather than credit for every day served since 1993. Mr. Carter
appears to believe that the language means he should get credit for every day of Level V time he
served since he was originally incarcerated in 1993.

        So that there can be a resolution of this issue, I am writing to ask Your Honor to clarify
your intent when Your Honor modified the sentence to include "The defendant shall be given
credit for time previously served."  Any guidance you can provide would be greatly appreciated.


                                        Respectfully,


                                        Mary Page Bailey
                                        Deputy Attorney General



cc:     Stanley Taylor, Commissioner
        Robert Snyder, Warden
        Sherman Carter, Inmate



**M. JANE BRADY**
**ATTORNEY GENERAL**

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

**NEW CASTLE COUNTY**
**Carvel State Building**
**820 N. French Street**
**Wilmington, DE 19801**
**Criminal Division (302) 577-8500**
**Fax: (302) 577-2496**
**Civil Division (302) 577-8400**
**Fax: (302) 577-6630**

**KENT COUNTY**
**Sykes Building**
**45 The Green**
**Dover, DE 19901**
**Criminal Division (302) 739-4211**
**Fax: (302) 739-6727**
**Civil Division (302) 739-7641**
**Fax: (302) 739-7652**

**SUSSEX COUNTY**
**114 E. Market Street**
**Georgetown, DE 19947**
**(302) 856-5352**
**Fax: (302) 856-5369**

**PLEASE REPLY TO:**
New Castle County - Civil Division

**August 3, 1999**

BY FACSIMILE

Carl C. Danberg
Deputy Principal Assistant
Department of Correction
245 McKee Road
Dover, DE 19904

RE:    <u>Sherman Carter</u>

Dear Carl:

Attached is a copy of *Gamble v. State*. Now that Judge Alford has clarified her order in her letter to me as of August 2, 1999, I believe Mr. Carter should receive credit for Level V time even if he was waiting for Level IV.

In her letter, Judge Alford stated "[h]owever to the extent that he may have served more than one year Level 5 on the original sentence, the excess time should be applied to the two year Violation of Probation." It is my understanding from Rebecca McBride that Mr. Carter was waiting at Level V for a space at Level IV before he was shipped to Pennsylvania. In light of the clarification by Judge Alford, it appears that Mr. Carter should get Level V credit for any time he served on the original sentence which was spent at Level V.

If you have any questions, please contact me.

Very truly yours,

Mary Page Bailey
Deputy Attorney General



## SUPERIOR COURT
### OF THE
## STATE OF DELAWARE

HAILE L. ALFORD
JUDGE

August 2, 1999

COURT HOUSE
WILMINGTON, DELAWARE 19801-3353
(302) 577-2374

Mary Page Bailey
Deputy Attorney General
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

Dear Ms. Bailey:

### Re: Sherman A. Carter - Cr.A. No. VN93-09-0851

I am writing in response to Deputy Attorney General, Mary Page Bailey's July 22, 1999 letter regarding credit time on the above-referenced sentence.

Mr. Carter's original sentence was for three years at Level 5. When he was sentenced for the violation of probation, he was given two years at Level 5. This sentence took into account that he previously served time at Level 5 by virtue of the two year Violation of Probation sentence.

However to the extent that he may have served more than one year Level 5 on the original sentence, the excess time should be applied to the two year Violation of Probation sentence.

I trust that this clarifies any question regarding the modification of the Violation of Probation Sentence giving credit for any time previously served.

Sincerely,

Haile L. Alford

HLA/bfs
ORIGINAL: PROTHONTARY'S OFFICE - CRIMINAL DIV.
cc:  Stanley Taylor, Commissioner
     Robert Snyder, Warden
     Sherman Carter - DCC



| NAME-LAST | FIRST | MIDDLE | INSTITUTIONAL NO. | SBI NO. |
|---|---|---|---|---|
| Carter | Sherman | | | 102896 |

## INMATE PROFILE                (CIRCLE)

**INMATE NEED PROFILE**

| PUBLIC RISK | INSTITUTIONAL RISK | MEDICAL NEEDS | MENTAL HEALTH NEEDS | DRUG/ ALCOHOL NEEDS | EDUCATIONAL NEEDS | SKILL LEVEL | WORK HISTORY |
|---|---|---|---|---|---|---|---|
| P | I | M | MH | D | E | V | W |
| 5 | 5 | 5 | 5 | 5 | 5 | 5 | 5 |
| 4 | 4 | 4 | 4 | 4 | 4 | 4 | 4 |
| 3 | 3 | 3 | 3 | 3 | 3 | 3 | 3 |
| 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 |
| 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |

COMMENTS: _____

## TREATMENT PLAN

**INMATE TREATMENT PLAN**

| PROBLEM | OBJECTIVE | PLAN OF ACTION | RESULTS |
|---|---|---|---|
| 1) Alcohol Abuse | 1) | 1) New Hope/Key | 1) |
| 2) | 2) | 2) | 2) |
| 3) | 3) | 3) | 3) |
| 4) | 4) | 4) | 4) |

RESIDENT _____ PREPARED BY _Derrick Kell_ SUPERVISOR _____ DATE _____

**ADDITIONAL COMMENTS**

REASON FOR MDT REC./COMMENTS: Sherman Carter is serving 2yrs, suspended upon completion of LS treatment, for Violation of Probation. He was alert and oriented during the interview. The subject denies any prior history of mental illness. He is interested in New Hope or the Key programs, but realizes that his back injury would be cause for him to be denied medical clearance. He instead would like to try New Visions. He says that he has submitted a TIS mod to the judge for outpatient treatment. He acknowledges that he is in need of treatment and is willing to go. Dr. Ostrum has given Mr. Carter medical clearance to participate in the Key program. The MDT recommends ~~Med Low, New Hope.~~ med low, Key program.

**DEPARTMENT OF CORRECTION - TRAC UPDATE
TRACKING, RISK ASSESSMENT, CLASSIFICATION**

| | | |
|---|---|---|
| SEQ. NO. | INSTITUTIONAL NO. 10 | SBI NO. 00 102 896 |

FIRST ...ter, Sherman    MIDDLE

BAIL AMOUNT

SOC. SEC. NO. - 8861

RECLASSIFICATION ☒  MAINTENANCE ☒

D.O.B.-MO. 08  DAY 15  YEAR 50

## SENTENCING INFO

| OFFENSE (TOTAL NO. ___) | | | OPEN CHARGES (TOTAL NO. ___) | | | PARAMETERS | INTERSTATE |
|---|---|---|---|---|---|---|---|
| | CODE | COURT CODE | | CODE | COURT CODE | MAXIMUM FULL TERM | |
| LOP (PDWBPP) | | | | | | YEARS 2  MOS.  DAYS | |
| | | | | | | EFFECTIVE DATE | |
| | | | | | | MO. 12  DAY 1  YEAR 97 | |
| | | | | | | MAX. EXPIRATION DATE | |
| | | | | | | MO. 11  DAY 30  YEAR 89 | |
| | | | | | | PAROLE ELIG. | |
| | | | | | | MO. 7  DAY  YEAR 5 | |

| MANDATORY TIME | EXPIRATION DATE | | | 4204K | COURT CODE | EXPIRATION DATE | | | STRD. | |
| | MO. | DAY | YEAR | | | MO. | DAY | YEAR | | |
| Y/N ☒ | | | | Y/N ☒ | | | | | MO. 10  DAY 1  YEAR 99 | |

## INSTITUTIONAL ADJUSTMENT

| ADJ. BD. GUILT FINDINGS SINCE LAST CLASS. HEARING | | | | | INCIDENT REPORT DISPOSITIONS SINCE LAST HEARING | | | | |
|---|---|---|---|---|---|---|---|---|---|
| OFFENSE | CODE | DISPOSITION | CODE | DATE | OFFENSE | CODE | DISPOSITION | CODE | DATE |
| 1. | | | | | 1. | | | | |
| 2. | | | | | 2. | | | | |
| 3. | | | | | 3. | | | | |
| 4. | | | | | 4. | | | | |
| 5. | | | | | 5. | | | | |
| 6. | | | | | 6. | | | | |
| 7. | | | | | 7. | | | | |

| DISPOSITIONS PENDING   Y/N ☐   IF YES, LIST | | SPECIAL VISITS SINCE LAST REVIEW | | | |
|---|---|---|---|---|---|
| | | DATE | GROUP | PERSONAL | EMERGENCY |
| CHARGE _____ DATE _____ | | 1. | | | |
| CHARGE _____ DATE _____ | | 2. | | | |
| CHARGE _____ DATE _____ | | 3. | | | |

## CLASSIFICATION DECISIONS

| | PRESENT | CODE | RECOMMENDATION | CODE | ICC ACTION | CODE |
|---|---|---|---|---|---|---|
| HOUSING | Med-Low | | MED | | app'd. | |
| JOB | | | | | | |
| EDUCATION | | | | | | |
| THERAPY | KEY | | rescind KEY | | app'd. | |
| OTHER | | | | | ICC app'd 2-7-9 | |
| REVIEW DATE | | | MONTH    YEAR | | MONTH 16  YEAR | |

MDT MEMBERS PRESENT Cpl James Glantton, Tyste Bryant, John Dowling  VOTE 3 0

MDT CHAIRPERSON Denis Olderstoa    DATE 2-15-98

MDT COMMENTS Client quit KEY PROGRAM upon arrival on 2-9-98 and he WAS moved to General Population on 10 Feb 98. Rescind KEY PROGRAM

ICC CHAIRPERSON _____    DATE _____

ICC COMMENTS _____

# MULTI-PURPOSE CRIMINAL JUSTICE FACILITY

TO:    **Carter, Sherman**                    SBI #    102896

FR:    I. B. C. C.

DATE:    **Feb: 24, 1998**

RE:    CLASSIFICATION

Your M. D. T. has recommended you for the following:
A | medium; rescind Key

---

The I. B. C. C. decision is to:

___ Recommend Approve          ___ Not Recommend Approve          ___ Defer

✓ Approve                               ___ Not Approve                          ___ No Action

---

**Reason:**

| | | | | |
|---|---|---|---|---|
| ☐ Lack of Program Participation | | ☐ | Time remaining on sentence |
| ☐ Pending adjustment boards | | ☐ | Prior failure under supervision |
| ☐ Gradual phasing indicated | | ☐ | Poor Institutional Adjustment |
| ☐ Open Charges | | ☐ | Serious Nature of Offense |
| ☐ Program Does not meet your needs | | ☐ | Prior Criminal History |

☐ Lack of Evidence that you have Addressed your problem in a serious manner

☐ Failure to address treatment issues in relation to your Offense

☐ You present a current and continuous danger to the safety of staff, inmates, the good order of the Institution.

☐ OTHER:

---

**ADDITIONAL COMMENTS:**

| **APPROVED** | | **RECOMMENDED** |
|---|---|---|
| ☐ LIFE SKILLS | | ☐ GREENTREE |
| ☐ NEW VISIONS | | ☐ MCI |
| ☐ P. R. C. | | ☐ SCI |
| ☐ WORK POOL | ☐ MEDIUM | ☐ WEBB |
| ☐ KITCHEN WORKER | ☐ MEDIUM HIGH | ☐ WR |
| ☐ G. E. D. | ☐ MEDIUM LOW | ☐ CREST |
| ☐ KEY PROGRAM | ☐ MINIMUM HIGH | ☐ NEW HOPE |
| ☐ TRANSITION UNIT | ☐ MINIMUM LOW | ☐ DCC |

---

Warden's Signature/Designee                    I.B.C.C. Chairperson Signature

CC: Orignial to Inmate          Institutional File          Treatment File

FORM #: 606  (3-part NCR)

| LAST | FIRST | MIDDLE | SOC. SEC. NO. |
|---|---|---|---|
| Carter | Sherman | ( ) | -8861 |

| AKA(S) | D.O.B.-MO. | DAY | YEAR |
|---|---|---|---|
| Nick Carter | 8 | 15 | 50 |

| STREET ADDRESS | YEARS AT ADDRESS | TELEPHONE |
|---|---|---|
| 1523  E.  27 TH  ST | 6 m | (302) 778-1370 |

| CITY | STATE | ZIP | VETERAN  Y/N ☒ |
|---|---|---|---|
| Wilm. | DE | 19802 | |

## OFFENSE (TOTAL NO. 1 )

| | CODE | COURT CODE |
|---|---|---|
| VOP ( PDIWBPP) | | |

## OPEN CHARGES (TOTAL NO. 0 )

| | CODE | COURT CODE |
|---|---|---|
| | | |

### PARAMETERS    INTERSTATE

MAXIMUM FULL TERM  YRS. 2  MOS.  DAYS

EFFECTIVE DATE  MO. 12  DAY 1  YEAR 97

MAX. EXPIRATION DATE  MO. 11  DAY 30  YEAR 99

PAROLE ELIG.  MO.  DAY 7/5  YEAR

| MANDATORY TIME Y/N ☒ | EXPIRATION DATE MO. DAY YEAR | 4204K Y/N ☒ | COURT CODE | EXPIRATION DATE MO. DAY YEAR | STRD. MO. 10 DAY 1 YEAR 99 |
|---|---|---|---|---|---|

|  | ADULT | | | JUVENILE | AGE AT FIRST ARREST | | | | WORK RELEASE | SUP. CUSTODY |
|---|---|---|---|---|---|---|---|---|---|---|
|  | ARRESTS | CONV. | INCAR. | ARRESTS | COMMENTS | | | | | |
| VIOLENT OFFENSES | 22 | 2 | 1 | — | Sent. Susp. upon Completion of L5. Tx program | | | COMMUNITY EXPERIENCE | | |
| SEX OFFENSES | — | — | — | — | | COMPLETED SUCCESSFULLY | | | | |
| NON-VIOLENT OFFENSES | 43 | 10 | 4 | 1 | L4 To Follow | REVOKED/ RETURNED | | | | |
| ESCAPES | 1 | — | — | | | NEW CHARGES | | | | |
| | | | | | | RULES/TECH. VIOLATIONS | | | | |

☒ OFFICIAL  ☐ RESIDENT'S VERSION OF INSTANT OFFENSE(S) - USE OFFICIAL IF AVAILABLE.

#12  Failed a breathalyzer test at the Plummer House, 10/10/92 and tested positive for cocaine 11/20/97.
#5  Missed a curfew check
#2  Failed to report to NET Counseling group session.

| | PRESENT | CODE | RECOMMENDATION | CODE | ICC ACTION | CODE |
|---|---|---|---|---|---|---|
| HOUSING | 2-B | | med low | RK | Appd | |
| JOB | | | | | | |
| EDUCATION | | | | | | |
| THERAPY | | | Key | TM | Appd | |
| OTHER | | | | | | |
| REVIEW DATE | | | MONTH 6 YEAR 98 | | MONTH 7/98 YEAR | |

MDT MEMBERS PRESENT  D. Killings, F. Cockroft, Cpt Glandton    VOTE 3-0

MDT CHAIRPERSON  Cpl. Glandton James    DATE 1-8-98

ICC CHAIRPERSON  Thewis    DATE 2/4/98

ICC COMMENTS  Vote -7-0

1

ST *Carter*   FIRST *Sherman*   MIDDLE *A.*   INSTITUTIONAL NO.   SBI NO. *102896*

## INST. ADJUSTMENT

ADJUSTMENT CONCERNS _No_

## FAMILY INFORMATION

STATE BORN IN _DE_   STATE RAISED IN _DE_   BY WHOM _Foster Parents_
NEXT OF KIN _Clara Wells_ _(GF)_   PARENT/GUARDIAN RESIDENCE _2900 Jefferson St. Wilm, DE_
SIBLINGS - NO. OF BROTHERS _5_   NO. OF SISTERS _3_   OFFENDER'S BIRTH ORDER _9_ OF _9_
MARITAL STATUS _Divorced_   SPOUSE'S RESIDENCE ____
DEPENDENTS _5_   RESIDE WITH _mother (1)_   SUPPORTED BY _def + mother (1 child)_   CODE
FAMILY PROBLEMS _No_

## SOCIAL/PSYCH INFORMATION

SUBSTANCE USE/ABUSE _Alcohol, Some cocaine_   Y/N _Y_
TREATMENT (PLACES & DATES) _Sodat '95, Dr Alvin Turner '90-91, Net Counseling '9?_
PSYCHOLOGICAL PROBLEM INDICATED-EXPLAIN _No_   Y/N _N_

PSYCH, TREATMENT/TESTING (PLACE & DATE) _No_
CHILD ABUSE INDICATED _No_   Y/N _N_ IF YES - 1. PHYSICAL, 2. EMOTIONAL, 3. BOTH   _N_
COUNSELING INDICATED-EXPLAIN _See above_   Y/N _Y_

## HEALTH

PHYSICAL HEALTH - IF POOR, EXPLAIN _Good_   _Implant in eye from_   G/P _G_
_glaucoma, Chronic back pain (damaged vertebrae) from car accident_

## EDUCATION

HIGHEST ED. LEVEL ATTAINED _11th_   PLACE _Wilmington H.S._   DATE ____
ADDITIONAL ED. TRAINING _GED_   PLACE _DCC_   DATE ____
EDUCATIONAL NEEDS ____
EDUCATIONAL INTERESTS ____

## EMPLOYMENT HISTORY

OCCUPATION _Laborer_   CODE   SKILL LEVEL _N/A_   CODE
EMPLOYER PRIOR TO INCARCERATION _Avon_
POSITION _Picker_   EMPLOYED AT TIME OF ARREST? Y/N _N_
PRIOR WORK EXPERIENCE ____
LONGEST PERIOD OF EMPLOYMENT (PLACE) _Serv. Pro - Bldg. Maint._   MOS. _18_
VOCATIONAL TRAINING (PLACES & DATES) _Carpentry, Electrical, HVAC   1980's   DCC_
VOCATIONAL INTERESTS _N/A_

DOC. NO. 38-01-84-09-002

**DEPARTMENT OF CORRECTION - TRAC UPDATE TRACKING, RISK ASSESSMENT, CLASSIFICATION**

| | | |
|---|---|---|
| SEQ. NO. | INSTITUTIONAL NO. | SBI NO. *102896* |

LAST *CARTER,* FIRST *SHERMAN* MIDDLE

SOC. SEC. NO.

| (S) | BAIL AMOUNT | RECLASSIFICATION ☑ MAINTENANCE ☐ | D.O.B. MO. *08* DAY *15* YEA *5* |
|---|---|---|---|

| OFFENSE (TOTAL NO. *1*) | | OPEN CHARGES (TOTAL NO. *0*) | | PARAMETERS | INTERSTATE |
|---|---|---|---|---|---|

*UOP (PDWBPP)* CODE COURT CODE

CODE    COURT CODE

**PARAMETERS**
MAXIMUM FULL TERM
YEARS  MOS.  DAYS

EFFECTIVE DATE
MO. *7* DAY *01* *9*

MAX. EXPIRATION DATE
*1* *30* *9*

PAROLE ELIG.
MO. *0* DAY STRD. *01* YEAR *9*

| MANDATORY TIME  Y/N ☐ | EXPIRATION DATE  MO.  DAY  YEAR | 4204K  Y/N ☐ | COURT CODE | EXPIRATION DATE  MO.  DAY  YEAR |
|---|---|---|---|---|

| ADJ. BD. GUILT FINDINGS SINCE LAST CLASS. HEARING | | | | | INCIDENT REPORT DISPOSITIONS SINCE LAST HEARING | | | | |
|---|---|---|---|---|---|---|---|---|---|
| OFFENSE | CODE | DISPOSITION | CODE | DATE | OFFENSE | CODE | DISPOSITION | CODE | DATE |
| 1. | | | | | 1. | | | | |
| 2. | | | | | 2. | | | | |
| 3. | | | | | 3. | | | | |
| 4. | | | | | 4. | | | | |
| 5. | | | | | 5. | | | | |
| 6. | | | | | 6. | | | | |
| 7. | | | | | 7. | | | | |

DISPOSITIONS PENDING  Y/N ☐  IF YES, LIST

CHARGE _____ DATE _____
CHARGE _____ DATE _____
CHARGE _____ DATE _____

| SPECIAL VISITS SINCE LAST REVIEW | | | |
|---|---|---|---|
| DATE | GROUP | PERSONAL | EMERGENCY |
| 1. | | | |
| 2. | | | |
| 3. | | | |

| | PRESENT | CODE | RECOMMENDATION | CODE | ICC ACTION | CODE |
|---|---|---|---|---|---|---|
| HOUSING | *Medium* | | *Min. Low* | | | |
| JOB | | | *Laundry* | | | |
| EDUCATION | | | | | | |
| THERAPY | | | | | | |
| OTHER | | | | | | |
| REVIEW DATE | | | MONTH *9* YEAR *98* | | MONTH *1* YEAR *99* | |

MDT MEMBERS PRESENT *Turner / Dixon*    VOTE *2-0*
MDT CHAIRPERSON *Hamilton*    DATE *6/16/98*

MDT COMMENTS *Carter sent to DCC, classified to medium. He quit Key program. Based on the time left, minimum low and work in the laundry is recommended.*

ICC CHAIRPERSON *Mgr/HC - Dilliwire jma*    DATE *2/8/*

ICC COMMENTS _____

*Outside for Sub Continuing Learn #011*