

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 N. King Street
Lock Box 27
Wilmington, DE  19801

September 1,2005

RE: Carter v. Taylor, et al.
    C.A. No. 99-757-JJF

Dear Judge Farnan:

    First let me state that I have no objection to your granting of a continuance based on the request of DEfense Counsel. My only concern is the tactics utilized by Counsel. In May of this year, after your Honor ruled that Plaintiff had infact raised issues that should go to trial, Defense Counsel contacted Plaintiff several times inquiring if any desire to explore the possibility of settling this matter short of trial. In good faith the Plaintiff schedualed a metting with both defense attorneys.

    This was in late May. during that meeting Mr. Drowos informed Plaintiff of his position that a new date should not have been set without first contacting Defense Counsel. Also at that meeting Mr. Goldstein made it clear that he intended to challenge many of the Plaintiff's proposed witnesses. That being said the Plaintiff has very stronge concerns as to the delay of Defense Counsel's notifying Your Honor of the problems. Throughout this case Defense has been granted many favorable considerations due to other matters. At no point throughout this case has Counsel given any indication that he has reschedualed any existing matters in order to keep this case on

track. In fact Plaintiff would go as far as to say that due in part to this being a "Prisoner Litigation" case any matter takes priority over such a case.

Mr. Drowos has indicated numerous dates that would not be good for one reason or another. The Plaintiff feels that for this case to be pushed back until 2006, would be what is tantamount to Defense Counsel gaining another stall. The Plaintiff, respectfully request that the Honorable Court consider setting a date for the pre trial conference as soon as possible. This, will do several things. One, it will allow the Court to resolve the question of infact if Counsel for the Defendants challenges to many of the Plaintiff's proposed witnesses will be granted, second, by resolving this question it would allow the Plaintiff the ability to formulate how to present his case. Unlike the Defendants the Plaintiff does not have the skill nor the resources that come with the Department of Justice.

Your Honor in both previous orders setting a schedual for both the pre trial conference, and the trial allowed only about a week between the dates. Plaintiff would like to present his case to the jury in the most cohesive presentation possible. Anything less in Plaintiff's mind would be a injustice, and violate his right to a fair conclusion to this ordeal. In other words if a pre trial date, was set for mid to late October, at least one of Defendants Attorney's should be able to attend. Who knows, maybe it is time for some, other obligation to be put on the back burner for a change. If this is granted the Plaintiff has no objection to schedualing the trial, for thirty days after conclusion of pre trial, thereby allowing the

Plaintiff to prepare.

    Defense Counsel has also raised once again the issue of Qualified Immunity. In the Defendant's Joint Motion for Leave to File Supplemental Summary Judgement Based on the "Favorable Termination Rule" and Lack of Subject Matter Jurisdiction, Counsel states [With regard to the Defendants, the "favorable termination rule" applies both to the Court's jurisdiction, the merits of Plaintiff's allegations, and to the defenses of qualified immunity. The Plaintiff eventhough unschooled in law understands that where the Court has ruled that there has indeed been "favorable termination" has been satisfied, the issue of "Qualified Immunity" is as before not available to the Defendants.

    Plaintiff sees this request for that which it is, one more tactic to prolong the inevitable. In conclusion the Plaintiff did infact file a complaint against Mr. Goldstein for filing the motion based on "favorable termination" . The Plaintiff respectfully ask the Honorable Court address the premis on which the complaint is based.

                                    Respectfully submitted

                                      */s/ Sherman A. Carter*
                                    Sherman A. Carter

xc: Clerk of U.S.D.C.
    D.A.G. Stuart B. Browos
    file

Sherman A. Carter
2900 Jefferson Street
Wilmington, DE 19802

Clerk of the Court
U.S. District Court
District of Delaware
844 N. King Street Lock Box 27
Wilmington, DE 19801

