IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERMAN CARTER,                :
                               :
        Plaintiff,             :
                               :
    v.                         :   Civil Action No. 99-757-JJF
                               :
COMMISSIONER STANLEY TAYLOR,   :
                               :
        Defendants.            :
                               :

### MEMORANDUM ORDER

By letter dated August 31, 2005 (D.I. 147), Defendants request the Court to address the issue of qualified immunity as it relates to the Court's August 22, 2005 Memorandum Order denying Plaintiff's Joint Motion For Leave To File Supplemental Summary Judgment Argument Based On The Favorable Termination Rule And Lack Of Subject Matter Jurisdiction. In its August 22, 2005 Memorandum Order (D.I. 146), the Court denied Defendants' motion for summary judgment based on the favorable termination rule and concluded that Judge Alford's August 2, 1999 letter clarifying Plaintiff's sentence was a favorable termination. Specifically, the Court concluded that the letter constituted a declaration of invalidity by the state court.

In arguing that they are shielded by the doctrine of qualified immunity, Defendants contend that there is no case law or other legal authority which would support the notion that Defendants were given fair notice that a letter between a judge and an attorney, which does not relate to an active criminal or civil matter, could be construed as a judicial order declaring a

criminal sentence invalid as required by the favorable termination rule. Defendants contend that:

> [I]t would be novel to require Defendants to stand trial based on an accusation of unlawful incarceration in the absence of a prior favorable habeas corpus decision. Thus, liability absent the favorable termination requirement could not be 'clearly established' for the purposes of qualified immunity.

(D.I. 139 at ¶ 7).

A public official is entitled to qualified immunity if the official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Good v. Dauphin County Soc. Servs. For Children and Youth</u>, 891 F.2d 1087, 1092 (3d Cir. 1989). A court confronted with a claim of qualified immunity must consider, first, whether the facts alleged, when taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). If not, the inquiry ends, and the officer is entitled to qualified immunity. <u>Id</u>.

If, however, a constitutional violation could be alleged when viewing the injured party's allegations favorably, the Court must next consider whether the right was clearly established. <u>Id</u>. For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). Knowledge of

general concepts, however, is not enough. Rather, the "inquiry must be undertaken in light of the case's specific context, not as a broad general proposition." Saucier, 533 U.S. at 201-202.

The Court first considered the doctrine of qualified immunity in response to Defendants' Motion To Dismiss. In their initial Motion, Defendants argued that they were entitled to qualified immunity, because Defendants "acted in good faith, without gross or wanton negligence in the performance of their discretionary duties." (D.I. 8 at ¶ 11). The Court rejected Defendants' argument concluding that Plaintiff alleged sufficient facts to state a violation of the Eighth Amendment based on Plaintiff's incarceration after the expiration of his prison term. The Court specifically held that Plaintiff sufficiently alleged deliberate indifference on the part of Defendants so as to withstand dismissal.

Defendants raised the doctrine of qualified immunity a second time in their Renewed Motion To Dismiss (D.I. 106) which was converted to a motion for summary judgment by the Court, because it referenced matters outside the pleadings. In resolving that motion, the Court concluded that genuine issues of material fact existed as to whether Defendants were deliberately indifferent to Plaintiff's plight, including whether Defendants failed to take timely action to recalculate Plaintiff's release date and whether Defendants' delay in taking such action was

reasonable. These factual issues also pertained to the application of qualified immunity, and therefore, the Court denied Defendants' motion to the extent they sought qualified immunity.

Defendants raised the doctrine of qualified immunity a third time in their Joint Motion For Leave To File Supplemental Summary Judgement Argument Based On The Favorable Termination Rule And Lack Of Subject Matter Jurisdiction (D.I. 139). Defendants argue that they were not on fair notice that Judge Alford's letter could be construed as a favorable termination, and therefore, it appears to the Court that Defendants are raising the second prong of the qualified immunity analysis. Under this prong, the Court must determine whether a reasonable person in Defendants' position would have understood that he or she was violating Plaintiff's constitutional rights. This does not mean that there must be precedential case law that is factually indistinguishable from the plaintiff's case. See Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) (the issue is not whether "the very action in question has previously been held unlawful"). However, it "must be apparent" that the defendant's actions are unlawful "in the light of pre-existing law." Id.

Though not precisely on point, it appears that at least one court in this Circuit has, in dicta, found that a defendant received a favorable termination when he was informed that his

sentence had been miscalculated and he was released from prison. Ray v. Childs, 2004 WL 250623, * 3 (holding plaintiff's claim was time barred, but noting that Plaintiff was required under the Supreme Court's decision in Heck to achieve success in attacking the calculation of his sentence before he could bring a Section 1983 suit and concluding that the required success was achieved when he was informed that his sentence had been miscalculated and he was released from prison). Moreover, the Court is not persuaded that the favorable termination doctrine requires a court *order* that a sentence is invalid, as Defendants suggest by their argument that they were not on fair notice that Judge Alford's letter could be considered a favorable termination. Judge Alford's letter resulted in Plaintiff's release from custody, and thus, as in Ray, Plaintiff achieved success in attacking the calculation of his sentence. Further, as the Court indicated in its previous Memorandum Order addressing the issue of qualified immunity generally, there are genuine issues of material fact which preclude the Court from granting Defendants qualified immunity at this juncture.

NOW THEREFORE, IT IS HEREBY ORDERED this /0 day of November 2005, that Defendant's request for summary judgment based on the doctrine of qualified immunity is **DENIED**.

                                                  /s/ Joseph J. Farnan, Jr.
                                                  UNITED STATES DISTRICT JUDGE