IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHERMAN A. CARTER,
       Plaintiff,

v.  :  Civil Action No. 99-757-JJF

M. JANE BRADY, et ai
       Defendants

## MOTION IN LIMINE

**COMES NOW**, the **Plaintiff, Sherman A. Carter**, pro., se, and respectfully moves this Honorable Court grant a Motion in Limine in the above captioned civil action. In support of said motion, the Plaintiff submitts the following:

The in limine motion is usually made before or after the beginning of a jury trial for a protective order against prejudicial questions and **statements**. Purpose of such motion is to avoid injection into trial of matters which are irrelevant, inadmissible and **prejudicial** and granting of motion is not a ruling on evidence and, where properly drawn, granting of motion cannot be error.

Because the motion in limine may be utilized not only to preclude prejudicial evidence from being introduced at trial, but

also in other ways to narrow the issues, shorten the trial, and save costs for the litigants, it has been said that many courts will encourage the use of motions in limine whenever appropriate. see Gendron v. Pawtucket Mut. Ins. Co.(Me) 409 A.2d 656.

The motion should be used as a rifle and not a shotgun, with counsel pointing out the objectionable material and showing why the material is inadmissible and prejudicial. Bradley v. Caterpillar Tractor Co. (5th Dist.) 75 Ill App 3d 890. A motion in limine is not to be used as a sweeping means of testing issues of law. On the other hand, the **Constitutional** rights of an accused to a fair trial is not diminished if the defendant is precluded from raising defenses for which the defendant can present no supporting evidence at all. United States v. Brodhead (D.C. Mass.) 714 F Supp 593.

> In ruling on motion in limine, the federal courts have also held that it is appropriate to require a defendant to submit an offer of proof to establish whether the evidence is sufficient as a matter of **law** to support the proffered defense. See, e.g., Montgomery, 772 F.2d at 736; Dorrell, 758 F.2d at 430; Seward, 687 F.2d at 1273.
>
> The constitutional right of the defendant to a fair trial is not diminished if the defendant is precluded from raising defenses for which he can present no supporting evidence at all. Cf. United States v.

Kabat, 797 F.2d 580, 591 (8th Cir.1986), cert. denied, 95 L.Ed.2d 530(1987)(when there is no evidence to support a defense, it is appropriate to preclude it as a matter of **law**).

In order to satisfy the requirement of pointing out objectionable material, and showing why the material is inadmissible, and prejudicial the plaintiff provides the following **facts,** and **applicable law.**

1. Throughout the pendency of this civil action, counsel for the defendants has consistently mentioned the numerous filings of the Plaintiff, concerning his conviction, and sentences. Clearly counsel intends to infer to a jury of lay-persons that somehow these filings were the cause of Plaintiff being held past his release date.

2. Plaintiff sought post-conviction relief based on several issues. Eventhough unsuccessful this was Plaintiff's right, and the defendants nor their counsel can provide any basis for asserting this premis as a defense.

3. The Department of Justice, working under a well established policy of challenging any and all pro.se litigation does not notify the Department of Corrections of these filings. This is evident by considering that DOJ's Appeal Division did not notify the Correction's unit of Plaintiff's filings as established by Lead Counsel for the defendants at the case scheduling conference held on April 5,2000.

4. The policy of across the board challenging of pro,se litigation without contacting the Department of Corrections in evident where as was reported, the DOJ opposed numerous pro,se civil actions in the District Court based on violations of Constitutional rights to adequate medical care. Maybe had these civil actions been fairly investigated the present disaster surrounding Defendant Taylor would not be on the front pages of local news papers.

5. Nothing that should have been done by any of the defendants was effected by Plaintiff's persuits in the courts.

Plaintiff contends that the considered defense sought by the defendants should be stricken due to the fact that it is not beared out either in the facts within the record, nor is their a legal basis in law. For a jury to hear testimony from members of this state's Department of Justice that their contention is based in law would create a greater burden on the pro,.se Plaintiff to overcome the learned skill, and the resources of the Department of Justice, to disprove their false claims. The court filings are irrelevant, and prejudicial, and would detract the jury from the true issues at hand.

In conclusion, the Plaintiff respectfully request that this Honorable Court grant him the motion in limine to preclude prejudicial claims from being introduced at trial.

dated: November 18, 2005

signed: _Sherman A. Carter_
Sherman A. Carter
2900 Jefferson St
Wilmington, DE
19802