IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHERMAN CARTER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Commissioner, STANLEY TAYLOR, )<br>Warden, ROBERT SNYDER, Records )<br>Supervisor, REBECCA McBRIDE, )<br>)<br>Defendants. ) | C.A. No. 99-757-JJF<br><br>Jury Trial Demanded |

<u>PLAINTIFF'S PROPOSED PRE-TRIAL STIPULATION and ORDER</u>

This matter comes before the Court at a pretrial conference held December 1, 2005 pursuant to Rule 16, Federal Rules of Civil Procedure.

**Plaintiff's Counsel:**
Sherman Carter
2900 Jefferson Street
Wilmington, DE 19802

**Defendants' Counsel:**
Stuart B. Drowos (I.D. #427)
Aaron R. Goldstein (I.D. #3735)
Deputy Attorneys General
For Defendants Stanley Taylor,
Robert Snyder and Rebecca McBride

Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400



FILED
NOV 22
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

I. Nature of the Case

    This is a civil case brought by Plaintiff, Sherman A. Carter, against Stanley Taylor, Robert Snyder, and Rebecca McBride in their personal capacities.

    Plaintiff was an inmate within the custody of the Delaware Department of Correction. Plaintiff's claim is based on alledged violations of rights guaranteed to him by the Constitution of the United States. Specifically, Plaintiff claims that the Defendants violated his constitutional right to be free from cruel and unusual punishment and right to due process.

    Defendants have claimed they are entitled to qualified immunity a claim that has been rejected by this court each time this claim has been raised.

II. Jurisdiction

    A. This is an action seeking money damages, plus a Declaratory Judgement that will make Defendants duty as to sentence calculation clear. Plaintiff has asserted claims under the 8th and 14th Amendments of the United States Constitution pursuant to 42 U.S.C. §1983.

    Defendants contend that they are entitled to qualified immunity and that Plaintiff's claims are subject to and barred by doctrine of favorable termination. Neither defense was accepted by this court.

III. Undisputed Facts

The following facts are not disputed:

1. Plaintiff was in the custody of the Department of Correction (DOC") pursuant to the imposition of a sentence following a conviction in the Superior Court on the charge of PDWBPP. The sentence was for three years, the statutory maximum allowed by law.

2. Plaintiff was given credit for time served and held at Level V until space was available at Level IV, totalling over 425 days to be gredited to the original three year sentence.

3. Plaintiff was re-arrested on June 27,1997 for Violation of Probation. On September 16,1997 Plaintiff was released after serving 84 days pursuant to his original sentence. Not including goodtime.

4. On December 1,1997 Plaintiff was re-incarcerated on third VOP regarding IN93090851. On December 17,1997, Judge Alford sentenced Plaintiff to two years at Level V. Upon successful completion of the New Hope program(or a similar one determined by DOC) while at Level V, the sentence was to be suspended for balance at Level III. This sentence had as a Special Condition, "Be evaluated for substance abuse and follow any directions for counseling, testing or treatment".

5. While at Ganderhill Prison the Plaintiff requested that he be placed in a treatment environment that was not based on confrontational treatment, and a request for a diognastic evaluation as was ordered by the court, and required pursuant to DOC Policy 4.2.

6. On February 17,1997 the Supreme Court of the State of Delaware, in Johnson v. State, Del.Supr.,Nos 41 and 74, 1996 decided all time spent at Level V, must be credited.

7. On May 6,1998 Judge Toliver of the Superior Court ruled Therefore, the Petitioner cannot be sentenced for a period longer than that allowed by statute and is entitled to the relief sought. In the Matter of Margarett T. Leslie, C. A. No. 98M-04-035.

8. The State's Supreme Court ruled in Warren v. State, Del. Supr., No. 99, 1998, 1998 WL 382640, Veasey, C,J, (June 12,1998) "all time previously spent at Level V must be credited".

9. In June of 1998 Plaintiff contacted the Records Department at DCC. He provided same with the basis for his belief that his sentence had been miscalculated. Records refused to investigate.

10. Plaintiff in July filed a grievance complaining of the incorrect calculation of his sentence. The initial hearing was not held until October well beyond time frame of Administrative Remedy.

11. Collick v. State, Del. Supr., No. 212, 1998, 1998 WL 700170, Holland, J. (August 10,1998)(Accordingly, upon finding that Collick had violated his probation, the Superior Court could have reimposed a a three year Level V prison term, giving credit for all time previously spent at Level V...)(emphasis added).

12. On October 1,1998 , Plaintiff was classified, with condition that he, "Must continue Greetree Program".

13. Sentencing Judge Alford decided a Habeas Corpus of the date of November 4,1998 based on Petitioner having served the statutory maximum period of incarceration.

14. Received classifacation recinding Law Library Job due to Plaintiff's failure to follow IBCC recommendation.

15. On January 4,1999 Plaintiff contacted Chief Deputy Angelo Falasca of the Public Defender's Office requesting that he assign someone to assist in correcting sentence calculation.

16. Due to the stress of no one considering Plaintiff's position, Plaintiff sought out mental Health for assistance.

17. On February 11,1999 Plaintiff was granted the ability to continue to work in Law Library after presenting Ms Lewis with a copy of a threatened law suit.

18. In late February Plaintiff contacted Deputy Warden Burris, requesting that she contact the Attorney General's Office for guidance as to proper calculation of Plaintiff's sentence, with no response.

19. In early March of 1999, Plaintiff contacted Defendant Snyder informing him of the problem and the possibility of civil action, with no response.

20. Somewhere in late February or early March Defendant McBride contacted Judge Alford, concerning Plaintiff's sentence. She however neglected to present to Judge Alford the Plaintiff's contention as to how the sentence should be calculated, causing Judge Alford to provide yet another vague response.

21. Plaintiff immediately contacted Defendant McBride once again and explained that "credit for time previously served" meant all the way back to the original sentence, with no response.

22. Plaintiff notified Defendant Taylor by way of a Federal Law suite, which was ignored based on his confidence that he would be protected by the Attotney General's Office.

23. Plaintiff attempted to get the attention of the Record's Department by filing a Civil Action in Superior Court, naming, Tom Orr. The suit was not persued.

24. Throughout this ordeal Plaintiff attempted to gain resolution of his pending grievance, but was met with a wall of silence. At this junction Plaintiff decided to put efforts into gaining his release through numerous letter contacts, however the grievance was, never withdrawn.

25. The Supreme Court of Delaware decided the case of Gamble v. State, Del. Supr., No. 407,1998, Holland, J. (May 12,1998), "this Court has consistently held that a defendant must be given Level V credit for all prior time actually served at Level V incarceration when further incarceration at Level V is imposed after a probation violation.

26. Plaintiff contacted the then Lieutenant Governor Minner. By way of her Office Staff, she contacted Executive Assistant Rick Seifert of the Department of Corrections requesting informing him of the Plaintiff's belief that his sentence was being misinterpreted. This on May 12,1999.

27. On May 21, 1999, Plaintiff himself contacted Seifert giving the basis of Plaintiff's concern, and asking that someone contact the Attorney General's Office as Plaintiff had done before.

28. A second letter from the Lieutenant Governor's staff was sent to Seifert with no response. However during this time period Seifert sent a criptic message to Cathy Guessford mentioning that "The heat just got turned up on the Sherman Carter issue".

29. On June 17,1999, Plaintiff lodged a complaint with Colonel Ellingsworth, Superintendent of the Delaware State Police attempting to have Defendant McBride arrested for false imprisonment, with no luck.

30. On July 15, 1999, Plaintiff informed Defendant Snyder that on July 28th he would begin a hunger strike. The next day Plaintiff was called to the Infirmary at the request of Deputy Warden Burris. Deemed not to be a threat to himself or others.

31. On July 15,1999 Plaintiff wrote to DAG Bailey asking why she had Plaintiff's record. The issue was how to interpret the proper calculation of the sentence. A week later yet more persons, were given Plaintiff's file.

32. On July 22,1999 DAG Bailey contacted sentencing Judge to, finally present to Judge Alford a slightly less potent version of the Plaintiff's premis as to "credit for all time spent at Level V".

33. On August 2,1999, Judge Alford informed DAG Bailey that indeed if the Plaintiff had served more than the one year Level V, the excess time should be applied to the two year VOP Sentence.

34. On August 3,1999, the Plaintiff was released from the illegal custody, over a year after Plaintiff had originally brought the possibility of being held to the attention of DCC's Record Dept.

IV. Agreed to Issues of Law

The Parties agree that the following are issues of law that remain to be decided:

1. Whether Defendant McBride exibited deliberate indifference, as established in Sample v. Diecks when after being aware of Plaintiff's claim as far back as early 1999, she failed to present the specific claim to sentencing judge. And after being further made aware of a continuing problem failed to act meaningfully and expeditiously.

2. Whether Defendant Snyder exibited deliberate indifference, as established in Sample v. Diecks, when made aware of the serious possibility that the Plaintiff might be held in violation of his Constitutional rights, and that the available Administrative Remedy, ie, the Grievance was noy being honored, he failed to intervene, due to the process calling for him to become involved only after a decision had been reached.

3. Whether Defendant Stan Taylor exibited deliberate indifference as established in Sample v. Diecks, when knowing of continuous problems within the DOC's Administrative Remedy Process, and that no other course existed for Plaintiff, and Defendant had in place no established system for his administrators to promptly obtain a fair and accurate determination of Plaintiff's sentence.

4. Whether consistent Delaware Supreme Court cases establish combined with Delaware Code Title 11 § 3901 , that " credit must be given for all time previously served at Level V",  and can not be ignored.

5. Whether based on deliberate indifference exibited by each defendant the Plaintiff is entitled to reasonable compensatory damages, and substantial punitive damages based on not only the acts of deliberate indifference but for active concealment of the truth of this case.

6. Whether the DOC's Administrative Remedy, ie Grievance Process is deliberately ineffectual in order to provide DOC with a built in defense against civil liability, issue within the claim of a cover-up.

V.   Issues of Fact and Exspected Proof

The Plaintiff will prove the following facts:

1. That each Defendant acted with deliberate indifference to the Plaintiff's complaint.

2. That no Defendant took any reasonable steps in response to Plaintiff's claim of illegal detention.

3. That Plaintiff's relese came months after he should have, been released, had the Defendants presented Plaintiff's particular claim to either the sentencing Judge or the DOJ.

4. That the administrative Remedy is a intentional mechanism to assist in the cover up of constitutional violations

5. That other violations of Superiour Court's sentencing orders contributed to Plaintiff having to serve the statutory maximum of the sentence, including failure to properly apply professional evaluations ordered by Sentencing Court, to provide for meaningful treatment assignment, false classifacations, and direct threats, overcome only through possibility of civil litigation that would bring to light the existence of serious violations within the, famed Greentree Program.

VI. Witnesses.

The Plaintiff exspects to call the following witnesses:

1. Alldefendants ( Taylor, Snyder, and McBride)

2. Edward Pankowski (Public Defender)

3. Francis Lewis

4. DAG Loren C. Meyers

5. Director Davi Mozie, Delaware Center for Justice

6. DAG Stuart B. Drowos

7. In addition, Plaintiff reserves the right to call any witnesses designated by the Defendants.

VII. Exibits.

A. Plaintiff's exibits for his case-in-chief are listed in Exibit A attached to this proposed Pretrial Stipulation and Order.

In addition, Plaintiff reserve the right to use any exihibit, including those designated by Defendants, in cross-examination.

B. Dispute as to Exibit List. Apart from the exihibit expressly excluded from pretrial disclosure by the Federal Rules, Plaintiff object to the use of any exibit not disclosed.

C. Any exibit identified in the exihibit list and not subject to an objection is deemed to be admissable and may be admitted into evidence.

D. Notice of Trial Exhibits

1. Plaintiff propose that no notice be given for exhibits to be used during trial.

VIII. Discovery Designations.

Plaintiff's designations are attached as Exhibit B.

IX. Damages

Plaintiff seeks both compensatory and Punitive Damages based on the Constitutional Violations of Plaintiff's rights, and actions that are tantamount to an official cover-up.

X. Bifurcated Trial

The parties do not seek a bifurcated trial.

XI. Trial Briefs.

Plaintiff reserve the right to submit motion in limine with accompanying supporting brief or memoranda upon any subsequent sub

missions by Defendants warranting same.

XII. Limitations, Reservations and Other Matters

    A. Plaintiff agrees to proposed length of trial.

    B. This is schedualed to be a jury trial.

    C. Plaintiff agrees to proposed Jury Voir Dire, and tendered questions no later than time of jury selection.

    D. Plaintiff reserve the right to any portion of Defendants proposed Pretrial Stipulation , including Defendant's Exhibits, Designations or Witnesses, due to Plaintiff being made aware of Defendants intention to resubmit new proposed Pretrial Stipulation.

XIII.  Supportive Evidence

    Plaintiff will submit information contained in a series of News Journal Articles  that gave accounts of problems within the DOC, naming Defendant Taylor, including factural claims that support Plaintiff's case-in-chief.

    Due to Defendants lack of compliance to their obligations as to discovery, Plaintiff will utilize portions of the official record filed with the Clerk of District Court. Including but not limited to "Motions, Responses, and Orders".

XIV.    Request for Stipulation by Court

Based on the March 30,2001 Memorandum Opinion, misconceptions exist that should be reconciled before the instant case is presented to the jury in the "interest of justice".

(a) The concept that there exist some basis for contention that there exist options as to crediting "all time spent at Level V". The U.S. Supreme Court in North Carolina v. Pearce, 395 U.S. 711 (1969). ( We hold that the constitutional guarantee against multiple punishments for the same offense absolutely require that punishment already exacted must be fully "credited" in imposing sentence upon a new conviction for the same offense.

There have been numerous Delaware Supreme Court decisions, that have consistently held that when a person on probation has his or her probation revoked, the probationer must be "given Level V credit for time served at Level V" based on the same offense.

Further support of Plaintiff's claim that credit must be given is contained in Del. Code Title 11 § 3901.

(b) This Court errored by determining that not until the March 4,1999 amendment of Plaintiff's sentence was the Defendants required to act on Plaintiff's concerns. Sample v. Diecks 885 F.2d 1099(3rd Cir.1989) states "Due process entitled inmate to an opportunity to have his claim to a particular release date meaning-

13

fully and expeditiously considered.

(c) Lastly this Honorable Court stated that had Plaintiff been credited with the eighty-eight days, the Plaintiff would, have been released in July. The truth of the matter is that, there exist goodtime reductions that the Defendants failed to apply to their calculations. Goodtime that can not be recinded without due process.

IT IS ORDERED that this Pretrial Stipulation and Order may be modified at the trial of the above action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

Dated: _____, 2005

                                                                                                                                                                                United States District Judge

AGREED AS TO FORM AND SUBSTANCE

_____                          /s/ Stuart B. Drowos
Sherman Carter                                                        Stuart B. Drowos, I.D. #427
Plaintiff, Pro Se

                                                                                                         /s/ Aaron R. Goldstein
                                                                                                          Aaron R. Goldstein, I.D. #3735

                                                                                                          Deputy Attorneys General
                                                                                                          Department of Justice
                                                                                                          820 N. French Street, 6th Floor
                                                                                                          Wilmington, DE 19801
                                                                                                          (302) 577-8400
                                                                                                          Attorneys for Defendants