DCC
BP
PP
PSI
BK
OK

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE ) CR.A. NO. IN93090851

VS ) SENTENCING ORDER

SHERMAN A. CARTER ) ORIGINAL CHARGE: POSSESSION OF
) A DEADLY WEAPON BY A PERSON
DOB:     08/15/50 ) PROHIBITED
CASE NO.:  303X6881DI )
SBI NO.: )

*TIS*

ORDER

NOW THIS 4TH DAY OF AUGUST, 1994, IT IS THE ORDER OF THE COURT
THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

THE DEFENDANT IS TO PAY THE COSTS OF PROSECUTION.

EFFECTIVE SEPTEMBER 4, 1993 THE DEFENDANT IS PLACED IN THE
CUSTODY OF THE DEPARTMENT OF CORRECTION AT SUPERVISION LEVEL 5 FOR
A PERIOD OF 3 YEARS, INCLUDING CREDIT FOR ANY TIME PREVIOUSLY
SERVED.

IF THE DEFENDANT IS PRESENTLY SERVING ANOTHER SENTENCE, THAT
SENTENCE SHALL BE SUSPENDED UNTIL COMPLETION OF THIS SENTENCE.

AFTER SERVING 1 YEAR, THIS SENTENCE IS SUSPENDED FOR 2 YEARS
AT LEVEL 4, INPATIENT DRUG TREATMENT PROGRAM.

UPON SUCCESSFUL COMPLETION OF LEVEL 4 INPATIENT TREATMENT
PROGRAM, THIS SENTENCE IS SUSPENDED FOR THE BALANCE AT LEVEL 3.

THE DEFENDANT IS TO BE HELD AT SUPERVISION LEVEL 5 UNTIL
SPACE IS AVAILABLE AT LEVEL 4.

1 YR L
2 YRS
3 YRS
T.I.S

TOTAL RESTITUTION ORDERED  $ **********.00
TOTAL VICT. COMP. ORDERED  $ *******72.00
TOTAL DRUG REHAB. ORDERED  $ *******30.00
TOTAL FINES ORDERED        $ ******400.00
TOTAL COSTS ORDERED        $ ******227.80

TOTAL FINANCIAL ORDER      $ ******729.80

SENTAC FORM NO. S-3                        PAGE 1 OF 4
KS

PLAINTIFF'S
EXIBIT_NO 1

ORIGINAL CHARGE: CARRYING A CONCEALED
DEADLY WEAPON

NAME:  SHERMAN A. CARTER          DOB:  08/15/50
        303X6881DI

*TIS*

AS TO CR.A. NO. ~~IN93090849~~ IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

THE DEFENDANT IS TO PAY THE COSTS OF PROSECUTION.

THE DEFENDANT IS TO PAY A FINE IN THE AMOUNT OF $200.00 PLUS
AN EIGHTEEN PERCENT SURCHARGE FOR THE "VICTIM COMPENSATION FUND".

THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF
CORRECTION AT SUPERVISION ~~LEVEL~~ FOR A PERIOD OF 2 YEARS.

THE NON-INCARCERATIVE PORTION OF THIS SENTENCE SHALL BE SERVED
CONSECUTIVELY TO THE NON-INCARCERATIVE PORTION OF THE SENTENCE
IMPOSED IN CR.A. NO. IN93090851.

9.9.94
see
amended
order suspending
for level 2.

'94 AUG 24 P3:04
PROTHONOTARY
FILED

ORIGINAL CHARGE: ~~POSSESSION~~ COCAINE

NAME:    SHERMAN A. CARTER            DOB:   08/15/50    *TIS*
         303X6881DI

AS TO CR.A. NO. IN93090850 IT IS THE ORDER OF THE COURT THAT:

THE DEFENDANT IS ADJUDGED GUILTY OF THE OFFENSE CHARGED.

THE DEFENDANT IS TO PAY THE COSTS OF PROSECUTION.

THE DEFENDANT IS TO PAY A FINE IN THE AMOUNT OF $200.00 PLUS AN EIGHTEEN PERCENT SURCHARGE FOR THE "VICTIM COMPENSATION FUND" AND A FIFTEEN PERCENT (15%) SURCHARGE FOR THE "SUBSTANCE ABUSE REHABILITATION, TREATMENT, EDUCATION AND PREVENTION FUND".

THE DEFENDANT IS PLACED IN THE CUSTODY OF THE DEPARTMENT OF CORRECTION AT SUPERVISION LEVEL 5 FOR A PERIOD OF 3 YEARS.

THIS SENTENCE IS SUSPENDED FOR 3 YEARS AT LEVEL 2.

THE NON-INCARCERATIVE PORTION OF THIS SENTENCE SHALL BE SERVED CONSECUTIVELY TO THE NON-INCARCERATIVE PORTION OF THE SENTENCE IMPOSED IN CR.A. NO. IN93090849.

'94 AUG 24 P3:04

NAME:   SHERMAN A. CARTER              DOB:   08/15/50

AS TO ALL CHARGES THE FOLLOWING SPECIAL CONDITIONS OF SUPERVISION
SHALL APPLY:

THE DEFENDANT SHALL:

     PAY THE SURCHARGES, COSTS AND FINES ORDERED DURING THE
PROBATIONARY PERIOD.

     BE EVALUATED FOR SUBSTANCE ABUSE AND FOLLOW ANY DIRECTIONS FOR
COUNSELING, TESTING OR TREATMENT MADE BY THE PROBATION OFFICER.

     FOLLOW TREATMENT RECOMMENDATIONS OF EVALUATOR AND/OR PROBATION
OFFICER.

                                    _____
                                              JUDGE
                                         HAILE L. ALFORD

SENTAC FORM NO. S-5                           PAGE   4   OF   4

FILED '94 AUG 24 P3:04 PROTHONOTARY



DCC
BP
PP
PSI
~~BK~~
OK

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

## IN AND FOR NEW CASTLE COUNTY

*\* Booked as a fugitive 11·18·94. Must serve balance of Level 4 O.R 1 year 8 months 23 days*

State of Delaware

v.

Sherman A. Carter
DOB: 08/15/50
Def. ID #303X6881DI

Cr.A. No. IN93-09-0851,
IN93-09-0849

FILED PROTHONOTARY '94 SEP -2 P4 :32

## CORRECTION AND AMENDMENT OF SENTENCING ORDER

Now this 2nd day of September, 1994, it is the Order of the Court that the Sentencing Order of August 4, 1994 is hereby modified and amended as set forth below:

### IN93-09-0851

After serving 1 year, this sentence is suspended for 2 years at Level 4, in-patient drug treatment program. This sentence shall be subject to Sentac Policy #28.

### IN93-09-0849

This sentence is suspended for 2 years at Level 2.

### Special Condition to All Charges:

Should the Defendant return to the custody of the Dept. of Corrections in the State of Pennsylvania to complete any imposed sentence upon release from such custody, Defendant shall return to the State of Delaware to successfully complete the terms of conditions of any open period of probation. Should Defendant fail to do so, a substantial period of incarceration shall be reimposed.

In all other respects, the Sentencing Order of August 4, 1994 shall remain the same.

Level 5
9·4·93
+ 1 yr.
9·3·94
- 24 dup
8.10.94

Level 4
8.10.94
+ 2 yr.
8.9.96
- 70 dup
5·29·96

*Haile Alford* J.

00206

PLAINTIFF'S EXIBIT NO. 2

4/3/98

My name is Sherman A. Carter #162896. I
was referred to N.E.T. Counseling by my Supervised
Custody officer Mike Ewasko for a evaluation
in October of last year. I am now being
held due to a court order that has me
ordered to a level V treatment program.
I however have been evaluated by treatment
specialist on more than one occassion and
I am aware of no recommendation that
will support the element of residential treat-
ment. I am requesting that you provide
me with information that should be in
my institution record as to the results
of the October evaluation. If for whatever
reason you feel that I have no right
to this information, I would be great-
ful if you would inform me immediately
so that I can take other steps.

Respectfully

Sherman A. Carter

Doem II

PLAINTIFF's
EXIBIT NO. 3

### MULTI-PURPOSE CRIMINAL JUSTICE FACILITY
### COUNSELOR SERVICES REQUEST FORM

DATE: 4/12/88    COUNSELOR: _____

NAME: SHERMAN A CARTER SBI# 102896    HOUSING UNIT DM II

LEVEL IV OR V (CIRCLE ONE)

LIST CURRENT OFFENSE(S), SEX RELATED OFFENSE(S) OPEN CHARGE(S), DETAINER
AND ANY ESCAPE(S).
V.O.P.

LENGTH OF SENTENCE: 2 yrs.
COURT ORDERED PROGRAM: yes

CHECK AND SPECIFY THE APPROPRIATE INFORMATION BELOW. ALL
REQUESTS TO YOUR COUNSELOR AND TO THE COUNSELOR
SUPERVISOR MUST BE SUBMITTED ON THIS FORM. PLEASE MAKE ALL
REQUESTS BRIEF AS LENGTHY RESPONSES MAY NOT RECEIVE
IMMEDIATE ATTENTION.

_____ REQUEST FOR CLASSIFICATION ACTION
_____ CLASSIFICATION INFORMATION
_____ PROGRAM PARTICIPATION (PROGRAMS, WORK, EDUCATION)
__X__ INDIVIDUAL COUNSELING (MENTAL HEALTH)
_____ HOUSING ASSIGNMENT CONCERNS
_____ OTHER (SPECIFY): _____

PLEASE PRINT ALL INFORMATION

REQUESTED DIAGNOSTIC EVALUATION

DO NOT WRITE BELOW THIS LINE
FOR COUNSELOR USE ONLY
++++++++++++++++++++++++++++++++++++++++++++++++++++

COUNSELOR RESPONSE: _____

DEPENDING ON THE INFORMATION REQUESTED, YOU MAY OR MAY
NOT SEE YOUR COUNSELOR. A RESPONSE MAY BE MAILED TO YOU OR
HANDLED BY THE APPROPRIATE CORRECTIONAL STAFF. ALL
RESPONSES WILL BE HANDLED ACCORDINGLY.

NEVER ANSWERED

PLAINTIFF'S
EXIBIT. NO. 4

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| MARGARET T. LESLIE, | ) | C. A. No. 98M-04-035 |
| | ) | Habeas Corpus Application |
| Petitioner. | ) | |
| | ) | |

## ORDER

    This 6th day of May, 1998, upon consideration of the Petitioner's motion for Writ of Habeas Corpus it appears that:

    1.  The Petitioner seeks to be released because she has been incarcerated for 75 days for an unclassified misdemeanor.

    2.  On December 3, 1997, the Petitioner plead guilty to Offensive Touching in Family Court.  Pursuant to 11 Del. C. §601, Offensive Touching is an unclassified misdemeanor.  §601 specifies no sentence for this offense.

    3.  On January 28, 1998, the Petitioner was sentenced to thirty (30) days at Level V, an unspecified period at Level IV (Passageways) and eighteen (18) months at Level III.

    4.  11 Del. C. §4206 (c) provides that "the sentence for an unclassified

**5**

misdemeanor shall be a definite sentence fixed by the court in accordance with the sentence specified in the law defining the offense. If no sentence is specified in such law, the sentence may include up to 30 days incarceration at Level V and such fine up to $575, restitution or other conditions the court deems appropriate."

　　　5.  Therefore, the Petitioner cannot be sentenced for a period longer than that allowed by statute and is entitled to the relief sought.

　　　Based on the foregoing, it is the order of this Court that the Petitioner be released from custody.

　　　**IT IS SO ORDERED.**


_____
Toliver, Judge


cc:　　Prothonotary (original)
　　　　P. Bradford deLeeuw, Esquire
　　　　Clerk of Family Court

To: THE RECORDS DEPT.
D.C.C.

I AM ENCLOSING COPIES OF TWO SENTENC-
ING ORDERS AS TO THE SENTENCE FOR WHICH I
AM NOW INCARCERATED. AS TO THE ORDER DATED
SEP 16, 1997, I WAS RETURNED TO GANDERHILL
ON THE DATE OF JUNE 27, 1997 AND RELEASED
ON SEPTEMBER 17, 1997. AS TO THE ORDER DATED
DECEMBER 16TH, I WAS RETURNED TO GANDERHILL
ON DECEMBER 1ST. IT SHOULD BE CLEAR THAT I
HAVE SERVED ALMOST TEN MONTHS, ON THE SENTENCE
TO DATE. I WOULD APPRECIATE BEING PROVIDED
A STATUS SHEET THAT REFLECTS MY SHORT AND
LONG TERM RELEASE DATES

THANK YOU IN ADVANCE

Sherman A. Carter #102896
D-W

You violated your probation
12/1/97. You were Sentence again
on 12/16/97. We can't give you
the other credit Time unless
the Judge orders this. You should
Write to the Judge.
P Shen

PLAINTIFF'S
EXIBIT NO. 6

Westlaw.

718 A.2d 526

Page 1

718 A.2d 526, 1998 WL 700170 (Del.Supr.)
**(Cite as: 718 A.2d 526)**

**c**
718 A.2d 526, 1998 WL 700170 (Del.Supr.)
(The decision of the Court is referenced in the Atlantic Reporter in a 'Table of Decisions Without Published Opinions.')
Supreme Court of Delaware.
Darrell D. **COLLICK**, Defendant Below-Appellant,
v.
**STATE** of Delaware, Plaintiff Below-Appellee.
No. 212, 1998.

Submitted July 9, 1998.
Decided Aug. 10, 1998.

Court Below: Superior Court of the State of Delaware, in and for Kent County, Cr.A. No. VK93-06-0412.

Before WALSH , HOLLAND , and HARTNETT, Justices.

ORDER

*1 This 10th day of August 1998, upon consideration of the appellant's opening brief and the State of Delaware's motion to affirm, it appears to the Court that:

(1) The appellant, Darrell D. Collick ("Collick"), filed this appeal from an order of the Superior Court denying his fourth motion for correction of sentence pursuant to Superior Court Criminal Rule 35(a). The State of Delaware ("State") has moved to affirm the judgment of the Superior Court on the ground that it is manifest on the face of Collick's opening brief that the appeal is without merit.Supr. Ct. R. 25(a).

(2) The record reflects that Collick pleaded guilty in May 1994 to one count of delivery of cocaine in violation of 16 Del. C. § 4751. The Superior Court sentenced Collick to three years at Level V imprisonment, which was to be suspended after

serving one year for six months at Level III probation followed by eighteen months at Level II probation.

(3) In January 1997, a capias was issued for Collick's arrest due to an alleged violation of his probation. In November 1997, the Superior Court adjudged Collick guilty of violating probation and resentenced him on his delivery of cocaine conviction to one year at Level V imprisonment, suspended after six months for six months at a Level IV halfway house followed by six months at Level III probation. The Superior Court further ordered that Collick be held at Level V incarceration pending space availability at a Level IV facility. Collick did not appeal from his probation violation sentence. Instead, he filed several unsuccessful motions seeking to reduce or correct his sentence. Following the Superior Court's denial of his fourth motion to correct his sentence, this appeal ensued.

(4) In his opening brief on appeal, Collick raises only one issue. He contends that the Superior Court's condition that he be held at Level V incarceration pending space availability at a Level IV halfway house violated his rights under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Collick's position is without merit.

(5) It is well settled that, upon finding a violation of probation, the Superior Court is authorized to reimpose any previously suspended prison term. *Ingram v. State,* Del.Supr., 567 A.2d 868, 869 (1989) (citing 11 Del. C. § 4334(c)). In this case, the Superior Court originally sentenced Collick to a total of three years at Level V incarceration, suspended after one year for decreasing levels of supervision. Accordingly, upon finding that Collick had violated his probation, the Superior Court could have reimposed a three year Level V prison term, giving credit for all time previously spent at Level V, without suspending any portion of that term. The

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

718 A.2d 526

718 A.2d 526, 1998 WL 700170 (Del.Supr.)
**(Cite as: 718 A.2d 526)**

Page 2

Superior Court, however, in its discretion reimposed only a one year Level V term, which was to be suspended after serving six months for six months at Level IV followed by six months at Level III probation. The Superior Court's condition that Collick be held at Level V pending space availability in a Level IV facility did not exceed any penalty that the Superior Court was authorized to imposed. Accordingly, Collick's claim that the sentence violates his constitutional rights is without merit.

\*2 (6) It is manifest on the face of Collick's opening brief that his appeal is without merit because the issues presented on appeal clearly are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, clearly there was no abuse of discretion.

NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State's motion to affirm is GRANTED. The judgment of the Superior Court is hereby AFFIRMED.

Del.Supr.,1998.
Collick v. State
718 A.2d 526, 1998 WL 700170 (Del.Supr.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Appendix E

## DELAWARE CORRECTIONAL CENTER ----- MEMORANDUM

TO:      Inmate _Sherman Carter_ C-4, SBI# _102896_, Housing Unit _V_
VIA:     Counselor _____ _Francis_
FROM:    I.B.C.C.
DATE:    _10/1/98_
RE:      Classification Results

Your M.D.T. has recommended you for the following: _____
_Law Library Clerk_
_____

The I.B.C.C.'s decision is to:

_X_ Approve _90 Day Probate for job_

____ Not Approve _____

____ Defer _____

____ Recommend _____

____ Not Recommend _____

**BECAUSE:**

____ Lack of program participation        ____ Time remaining on sentence
____ Pending disciplinary action          ____ Prior failure under supervision
____ Gradual phasing indicated            ____ Poor institutional adjustment
____ Open charges                         ____ Serious nature of offense
____ Prior criminal history
____ Failure to follow your treatment plan in that you _____
_____

____ You present a current and continuous danger to the safety of staff, other inmates, or the good
       order of the Institution.  Explanation: _____

OTHER: _Rev 3/99. Must continue Dulahul_
_program._

**ADDITIONAL COMMENTS:**

____ Develop/continue treatment plan with counselor

You will be expected to address the following: _____
_____
_____

PLAINTIFF'S
EXHIBIT NO. 8

Copy to:  Classification
          Inmate
          Institution File

Form #456 (3 Part NCR)
Revised 11/97

# IN THE SUPERIOR COURT FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

WILLIAM C. BOYCE )
)
)
Petitioner. )
)
v. )        C.A. No.: 98M-10-061-HLA
)        HABEAS CORPUS APPLICATION
)
STATE OF DELAWARE )
)

*Post-It™ brand fax transmittal memo 7671* # of pages ▸ 3
To: P. Bradaed delecuu    From: Bevida Smith
Co.: Fam: Ky.ct. PD's office    Co.: J. Alfred's Chambers
Dept.    Phone #
Fax # 577-2308    Fax #

## ORDER

This 4th day of November, 1998, upon consideration of the Petitioner's motion for Writ of Habeas Corpus, it appears to the Court that:

(1)    Petitioner seeks to be released because he has allegedly served the statutory maximum sentence for the offense he was incarcerated.

(2)    On October 26, 1996, Appellant was adjudicated guilty of the charge of Offensive Touching in Family Court. Pursuant to 11 DEL. C. § 601, Offensive Touching is an unclassified misdemeanor. § 601 specifies no sentence for this offense.

(3)    On January 10, 1997, Petitioner was sentenced to thirty (30) days at Level V and suspended for one (1) year of Level II probation.

9

*Boyce v. State*
C.A. No.: 98M-10-061-HLA
November 4, 1998
Page 2

(4)    On January 8, 1998, Petitioner was found to be in violation of probation and was sentenced to 30 days at Level V and probation at Supervision Level III for a period of six months.  This Court has been advised that Petitioner completed his sentence on February 4, 1998.

(5)    On September 28, 1998, Petitioner was again found to be in violation of his probation and was sentenced to 30 days at Level V, of which 30 days was suspended;  three (3) months at Level IV "to be held at Supervision Level V until space is available at Level IV."

(6)    Petitioner is currently serving his violation of probation sentence at the Plumber Center, a Level IV facility.  Petitioner has served approximately twenty two months of probation in addition to serving the statutory maximum period of incarceration for committing an unclassified misdemeanor.

(7)    11 DEL. C. § 4206 provides that "[t]he sentence for an unclassified misdemeanor shall be a definite sentence fixed by the court in accordance with the sentence specified in the law defining the offense.  If no sentence is specified in such law, the sentence may include up to 30 days incarceration at Level V and such fine up to $575, restitution or other conditions as the court deems appropriate."

*Boyce v. State*
C.A. No.: 98M-10-061-HLA
November 4, 1998
Page 3

    (8)    It is clear to the Court that Petitioner has been sentenced for a period

longer than that allowed by 11 DEL. C. § 4206. Petitioner is therefore entitled to the

relief sought.

    Based on the foregoing, it is the order of this Court that the Petitioner be released

from custody.

    **IT IS SO ORDERED.**

                                     Haile Alford, Judge

cc:    Prothonotary (original)
        P. Bradford deLeeuw, Esq.
        Clerk of the Family Court

Appendix E

## DELAWARE CORRECTIONAL CENTER —— MEMORANDUM

TO:      Inmate _Sherman Carter_, SBI# _102696_, Housing Unit _✓_
VIA:     Counselor _Finn_
FROM:    I.B.C.C.
DATE:    _12/17/98_
RE:      Classification Results

Your M.D.T. has recommended you for the following:
_Rescind Min/HC - VBldg - Dullated_
_Max /HC - T2_

The I.B.C.C.'s decision is to:
__X__ Approve, _Also Approve Rescind Law Library Clerk Job._
__✓__ Not Approve _____
_____ Defer _____
_____ Recommend _____
_____ Not Recommend _____

### BECAUSE:

_____ Lack of program participation        _____ Time remaining on sentence
_____ Pending disciplinary action          _____ Prior failure under supervision
_____ Gradual phasing indicated            _____ Poor institutional adjustment
_____ Open charges                         _____ Serious nature of offense
_____ Prior criminal history
_____ Failure to follow your treatment plan in that you _____
_____

_____ You present a current and continuous danger to the safety of staff, other inmates, or the good
order of the Institution. Explanation: _____
_____

OTHER: _None_ _____
_____

### ADDITIONAL COMMENTS:

_____ Develop/continue treatment plan with counselor

You will be expected to address the following: _directive_
_# Failure to follow FBCC of 10/1/98_
_____

Copy to: Classification
         Inmate                                    Form #456 (3 Part NCR)
         Institution File                          Revised 11/97

PLAINTIFF'S
EXIBIT NO. 10