Date: 3/4/99

Inmate: Sherman Carter

SBI#: 102896

Your current short-term release date is: 9/17/99

Your current parole date is: N/A

Records

As indicated in previous memo to you, you have been given credit for time served on your current sentence. We can not give you credit for the other time unless the Judge orders us to do so.

cc: Inmate file
FORM # 114

*R.L. McBride* (signature)

---

Date: 03/09/99

Inmate: Sherman Carter

SBI#: 00102896

T-2

Your current short-term release date is: 09/17/99

Your current parole date is: _____

The reason that you served jail time on this sentence three times is that you violated your probation twice. Since this is a violation you only get credit time back to when you came back in to Level 5 from Level 4 which is 12/01/97.

Records

*Tom Orr* (signature)
Tom Orr
Corr. Rec. Clk.

PLAINTIFF's EXIBIT NO. 21

cc: Inmate file

To: Stanley Taylor
Commissioner of DOC
245 McKee Road
Dover, DE 19901

March 8,1999

Dear Commissioner

Enclosed is a copy of a Federal Law suit that I felt compelled to file based on all my efforts that have been ignored by the wonderful DOC. Also I have attempted to relay my anger as to the abuse that has befallen me due only to the greed of those that I have named.

Sherman A. Carter #102896

PLAINTIFF's EXIBIT NO 22

To: Thomas E. Brown
    Deputy Attorney General
    State of Delaware
    820 N. French Street
    Wilmington, DE 19801

March 8, 1999

Dear Sir,

Enclosed is a copy of a civil action that I was advised to file by a friend in the legal community in PA. He has also provided me with the names of several attornys that are interested in assisting me. As I said before I am quite well positioned in this legal action. Further I know that my claims are such as your office nor the DOC want made known. I have also undertaken to inform others of the actions on the part of DOC that are violative of our rights. What ever you decide to do, I will not be here mush Longer.

                                        _____
                                        Sherman A. Carter

PLAINTIFF's EXIBIT NO. 23

**DCC – Office of Records Supervisor**

# Memo

**To:** Claire Robinson, AG's Office

**From:** Rebecca L. McBride, DCC Records Supervisor

**CC:** Francene Kobus

**Date:** 03/15/00

**Re:** Inmate Sherman Carter

---

Inmate Carter Violated his Probation on 12/1/97 and was committed to DOC at that time. On 12/16/97 Inmate Carter was sentenced to 2 yrs. Level 5 on his 3rd Violation. The institution gave him credit for time served, making his effective date 12/1/97 (date in which he was committed). This is the correct calculation when inmate is committed to institution.

On 8/2/99; Judge Alford sent letter indicating that Inmate Carter should be given credit for time previously served in excess of the 1 yr. Level 5 on the original charge. Inmate Carter served 1 yr., 6 days on the original charge. He was changed over to Level 4, hold at Level 5 on 9/9/94, being held for an additional 82 days at Level 5. The total credit to be applied to Inmate Carter's 12/16/97 sentence was 88 days.

Inmate Carter had a Detainer from the State of Pennsylvania and was changed over to detentioner on 11/18/94 to be held as a Fugitive for that State. The State of PA picked up Inmate Carter on 11/30/94.

When Judge Alford sent the letter to Records on 8/3/99, I immediately investigated his case and corrected the calculation of sentence per the Judge's order. As indicated above, Inmate Carter was to be given credit for time previously served in excess of 1 yr., which was 88 days, giving him a maximum expiration date of 7/5/99. Inmate Carter was released on 8/3/99, the day the letter was received in Records.

Attached are copies of correspondence received from Inmate Carter as well as pertinent information to his case.

If further information is needed, please advise.

attachments

cc:   File

PLAINTIFF'S EXIBIT NO. 24

● Page 1

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

FOR ADMINISTRATIVE PURPOSES ONLY. THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

COUNTY: (N)  K  S      CIVIL ACTION NUMBER: _____

FILING FEE AMOUNT: _____    FEE ENCLOSED: ____ Yes  X  No

**CIVIL CASE TYPE:** (SEE INSTRUCTION PAGE FOR APPLICABLE CODE AND CASE TYPE DESIGNATIONS)

CODE: _____    TYPE: __CMLS_____

Attorney Name: _____
Firm Name: _____
Office Address: _____
Telephone Number: _____

NAME AND STATUS OF PARTY: (e.g., John Doe, Plaintiff)
Sherman A. Carter

DOCUMENT TYPE: (e.g., Complaint, Answer with Counterclaim)
Complaint

ARBITRATION ____   NON-ARBITRATION ____
JURY DEMAND  X  YES   ____ NO
ESTIMATED TRIAL LENGTH _____ Days
Anticipated Consolidation with Another Action? ____ YES ____ NO
Civil Action Number: _____

**CAPTION**
Sherman A. Carter
       vs.
Tom Orr, defendant

ATTACHMENTS TO THE PLEADINGS:
Affidavit of Demand ____
Affidavit of Defense ____
Affidavit of Mailing ____
Certificate of Value ____
Form 30 Interrogatories ____
Rule 3(H) Documents ____

TRACK ASSIGNMENT REQUESTED: (Circle One)   EXPEDITED  X   STANDARD   COMPLEX

BRIEFLY DESCRIBE WHY CASE IS COMPLEX OR EXPEDITED (Use a Separate Sheet If Additional Space Is Required): Defendant has refused to calculate plaintiff's jail time in compliance with the laws applicable to sentence, causing plaintiff to be detained

IS MEDIATION AN ALTERNATIVE DISPUTE RESOLUTION OPTION IN THIS CASE? __X__ YES ____ NO

**RELIEF REQUESTED**

Amount of Special Damages Claimed   -   $  $300,000.00

Amount Includes a Claim for:
____ Property Loss    ____ Medical Expenses    ____ Loss of Earnings
____ Liquidated Damages   X  Other - Please Specify: Mental Anguish

ADDITIONAL CLAIMS: ____ Punitive Damages   X  Other Non-Liquidated Damages

NON-MONETARY RELIEF REQUESTED: Immediate release
(e.g., Declaratory Judgment)

AFFIRMATIVE DEFENSES: 1) _____  2) _____
3) _____  4) _____  5) _____

CISFORM.FRM 6/5/92

PLAINTIFF'S EXIBIT NO. 25

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

Sherman A. Carter,
    Plaintiff,

V.                                                Civil A. No. _____

Tom Orr.         in his personal
Records Dept.    capasity.
    Defendants.

**PRAECIPE**

To:  Prothonotary Office
     Superior Court, Public Building
     1100 King Street
     Wilmington, DE  19801

    Please docket the attached complaint and cause service of process upon the above defendants:

Tom Orr
Delaware Correctional Center
Smyrna, DE 19977

_(signed) Sherman A. Carter_

Delaware Correctional Center
Smyrna, DE  19977

Dated: 3/16/99

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

SHERMAN A. CARTER,
    Plaintiff,

vs.                                Civil Action No.

TOM ORR,
    Defendant in his
    personal capasity.

## COMPLAINT

### FIRST CAUSE OF ACTION

1. Plaintiff, Sherman A. Carter was sentenced for the original offense of PDWBPP, which carries a maximum term of 3 years incarceration pursuant to Delaware Code Title 11. The original sentence was imposed on August 4,1994, giving credit from September 4,1993.

2. Plaintiff served up to November 30,1994 on the original incarceration.

3. On June 27,1997 and remained until he was judged guilty of a technicle violation with no new charge. On September 16th court reimposed his sentence giving credit for time previously served.

4. On December 1,1997 plaintiff was again returned to prison

for another technicle violation., and on December 16th court reimposed a 2 year sentence suspended after completion of a program.

5. Title 11 Del.Code §3901 dictates that any prison time is to be calculated against sentence if no other sentence has been imposed.

6. The Courts properly reimpose sentences with the understanding that the Department of Corrections adequately calculate sentences pursuant to the laws of this state.

7. Defendant Tom Orr has refused to properly calculate plaintiff's time previously served, and in doing so has caused plaintiff to serve an amount of prison time that exceeds the statutory maximum established by law.

8. Plaintiff has taken numerous steps to gain his release from the illegal custody. Due process entitles inmate to an opportunity to have his claim to a particular release date meaningfully and expeditiously considered. Sample v. Diecks, 885 F.2d 1099 (1989).

9. Due process requires that a challenge to the calculation of release date promptly listened to. 14th Amendment U.S.C.A.

## SECOND CAUSE OF ACTION

Plaintiff reallege each and every averment of paragraph 1, through 9 and hereby adds the following:

10. Plaintiff allege that the Defendant, Tom Orr, had an obligation to inquire as to the proper method of calculating plaintiff's sentence when, Defendant was provided the statute and crucial wording inplace in all sentences, which was <u>REIMPOSE</u> and credit for time previously served.

11. Plaintiff contends that the actions of Defendant Orr were without due regard for plaintiff's right not to be held in violation of his rights.

12. Plaintiff contends that where information was provided to the Defendant Orr, he had a legal obligation to use due care in obtaining controlling guidelines for calculating sentences.

<u>RELIEF SOUGHT</u>

13. WHEREFORE the Plaintiff seeks damages in the amount of $300,000.00 for Defendants' gross negligence and deliberate indifference.

dated:                                            signed:_____
                                                  Sherman A. Carter
                                                  DCC
                                                  Smyrna, DE 19977

Date: 3/17/99

Inmate: Sherman Carter

SBI#: 102896

Your current short-term release date is: 9/17/99

Your current parole date is: N/A

You had violated your probation twice. You would only receive credit for when you violated and came back to the Institution on Level 5 which was 12/1/97. If you wish to request credit for time served while on Probation, you would need to go back to the Judge explaining such.      Records

We would not have the exact days to give you credit while on Probation, that would need to come from the probation officer and the Judge would have to send order with those specific days to be granted to you.

Thank you,

Rebecca L. McBride
Records Supervisor

cc: Inmate file
FORM # 114

PLAINTIFF'S
EXIBIT NO 26

To: Deputy Warden Burris
Del. Cor. Cent.
Smyrna, DE 19977

RECEIVED
MAR 19 1999
D.C.C.
ADMINISTRATIVE SERVICE

Dear Deputy Warden:

As I am sure you are aware, that it is my position that I am being held illegally. I am also sure that you are aware that I have taken steps to correct that problem. There is now presently before the District Court a civil action which was filed after no one here would take the time to inquire into my claim. Since that time I've also filed a separate action in Superior Court against Tom Orr of your Records Department, due to his refusal to do his job in this matter.

I am well familure with civil law and also know that my cause is better served if I take every opportunity to resolve this matter before it gets to court. Based on this legally sound premis, I am informing you of the following. My complaint is that I can not be caused to serve more than the statutory maximum provided by law, and here that maximum has been served. Your Records Department has refused to accept that fact. I am enclosing a copy of not one but two orders releasing persons based on this fact. I would advise you to present these to Mr. Orr, because I will inform the courts that the information was made available. It would serve both sides well

PLAINTIFF's
EXIBIT NO 27

for my release to come about through the realization that a mistake was made and corrected by the DOC, without court intervention I would think. I leave this in your capable hands.

Thank You in Advance

*Sherman A. Carter*

Sherman A. Carter #102895
DCC
Smyrna, DE 19977

3/18/99

pc: District Court
    Judge Alford
    file



# PUBLIC DEFENDER OF THE STATE OF DELAWARE
ELBERT N. CARVEL STATE OFFICE BUILDING
820 NORTH FRENCH STREET, THIRD FLOOR
P.O. BOX 8911
WILMINGTON, DELAWARE 19801

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

EDWARD C. PANKOWSKI, III
ASSISTANT PUBLIC DEFENDER

TELEPHONE
(302) 577-5130

March 19, 1999

Sherman Carter
D.C.C.
Rt.#1, Box 500
Smyrna, DE  19977

RE:  State of Delaware v. Sherman Carter

Dear Mr. Carter:

I enclose a copy of a letter dated March 4, 1999 from Rebecca L. McBride, Records Supervisor at the Delaware Correctional Center. As you can see from the review of the letter you were given credit for time previously served under Cr. A. No. VN93-09-085103. As you can also see, your short term release date is September 17, 1999. If you have any questions, please contact Rebecca L. McBride at 653-9261 Ext.169.

Very truly yours,

Edward C. Pankowski, Jr.
Assistant Public Defender

ECP/dd
Enclosure

PLAINTIFF's
EXIBIT NO. 28

To: Angelo Falasca
    Chief Deputy Public Defender
    State Office Building
    820 North French Street
    Wilmington, DE 19977        March 26, 1999

Dear Chief Deputy:

As you can see I have been contacted by one of your staff, Mr. Pankowski who you assigned to look into my case. Also I am providing a copy of a letter sent by him on March 19th that indicates that he checked my record and was in agreement that all time served must go towards the maximum sentence. For this learned member of the Bar to accept the ravings of a numbers cruncher, I feel his actions are either Malpractice or deliberate and ineither case I, want something done to correct his misrepresentation of the law.

Public Defender Pankowski has a legal duty not to harm me. The agrrement with Ms. McBride has clearly given her more confidence in her misinformed position and thereby it is a direct cause of my further illegal incarceration. It would be in the best interest of all concerned that you undertake resolution of this immediately. If some favorable action is not undertaken I will file civil proceedings naming Pankowski's malpractice or his collusion with DOC. I trust that my position is clear.

*Sherman A. Carl*

pc: Edward Pankowski
    Disiplinary Counsel
    District Court JJF
    file

PLAINTIFF'S
EXIBIT NO. 29

To: Warden Robert Snyder
    Deputy Waeden Betty Burris
    Rebecca L. McBride
    Tom Orr                     April 1, 1999

To All that have refused to address the fact that the Supervisor and staff of the Record's Department are causing me to be held illegally due to their inability to research the legal premis on which my claim is founded. Those involved need to ask some very basic questions after reading the legal information that has now been provided.

    (a) Tom Orr has stated that I have a new two year sentence, when infact my sentence states clearly that the sentence is REIMPOSED.

    (b) If the contention of the Record's Department is true, I should now have not one but two sentences, 1) for the violation and 2) the original sentence for the PDWBPP offense.

    (c) By what authority can anyone in the Department of Corrections cause anyone to serve more than the statutory maximum prescribed by law

    I have taken great pains to make those named above aware of the error as to my present situation. Had anyone not just discounted my information due to my being an inmate this situation would not have been possible. There are numerous civil actions at numerous levels of review now pending. Based on the undeniable success that will be reaized no matter what now takes place, I am requesting that <u>SOMEONE,</u> wisely set down with me to discuss resolution before I am joined by an attorney.

                                               */s/ Sherman A. Carter*
                                         Sherman A. Carter #102896
T-2

PLAINTIFF'S EXIBIT NO. 30