To: Loren C. Meyers
    Departy Attorney General
    Department of Justice
    820 North French Street
    Wilmington, DE 19801

April 5, 1999

Dear Sir,

I am aware that you have been provided with a copy of my petition for writ of mandamus, in the Supreme Court. Enclosed is my latest attempt to get the Department of Corrections to release me as should have been done in January of this year. I am also aware that civil proceedings look favorably on a plaintiff that has taken every step possible to bring this to an end.

Also I am enclosing letters from attorneys that have either shown interest or who have been named as possible candidates to represent me. As I stated in my last letter to DOC, if an attorney enters my case, I will then leave this matter in their hands. My family is also making inquiries with attorneys that have been in their corners in the past. I was also made aware back in February of a statement made by Mr. Rambo of your office, where he quoted a very large amount that was being paid out by the State for DOC's foul-ups, based on not releasing a friend based on his goodtime not being calculated.

My desire is to gain my release and take my son and leave this wonderful state known as Delaware. Due to that desire I would look favorable on being discharged from probation(due to my lack of trust in this system) and a reasonable financial settlement. It would be almost impossible to get another state to accept me on probation with my record. Mr. Meyers, I have done a great deal of re-

PLAINTIFF's
EXIBIT NO. 31

search and provided to DOC the citing of <u>Sample v. Diecks</u>, 885 F.2d 1099(1989) (3rd Cir.) Imprisonment beyond one's term constitutes punishment for purpose of the Eighth Amendment. Fact that prison officials acted in good faith in detaining inmate beyond the term of his sentence does not preclude finding of Eighth Amendment violation. Inmate had a liberty interest recognized by federal and state law to be released upon expiration of his sentence and state could not deprive him of that interest without procedural due process.(goodtime)(emphasis added). Procedural due process requires that an inmate with a challenge to the calculation of his release date promptly be listened to by someone having authority to decide the challenge or pass it on for further review and decision.(no attempt was made even though plaintiff provided information that merited inquiry).

In researching this case I am confident that all necessary elements are present here. Again, I want only to be fairly compensated for my illegal detention, and to be permitted to get on with my life elsewhere. I also would like to make you aware that I have only another six months left to be released from this incarceration. I am also sure that some attorney will be interested in this clear cut case. I would rather not have to wait that long but if there is no fair resolution I will. I look forward to hearing from you in the near future.

Thank you

*Sherman A. Carter*
Sherman A. Carter #102896
Delaware Correctional Cent
Smyrna, DE 19977

cc:file

To: Loren C. Meyers
    Deputy Attorney General
    Department of Justice
    State Office Building
    820 North French Street
    Wilmington, DE 19801

                                          May 3, 1999

Dear Sir,

   Enclosed you will find something that should peak your interest. It being a docket sheet of my resently filed civil action in the District Court of Delaware. Please pay particulare attention to the docket entry #1, and #2. At #1, the court had originally decided not to grant me pauperis status, however at #2, something caught the attention of the court and the original decision was changed. Also enclosed is your copy of the action that made this court change it's mind.

   To further bring you up to speed on how far back I have raised some of my issues, I'm enclosing a portion of a action that goes back as far as 1988. Strangely enough some of the same facts are now as before being raised. I've also learned from my earlier mistakes. You will reluctantly have to agree, that my claims are sound. Further when I bring all the knowledge to the court that I have gained as far as classifacation, and policy and practices used throughout this system you will be amazed. Querry me this, how can a man be found guilty of drug offenses and sentenced to 15 years mandatory, after his court appointed attorney wished to file a no merit brief, and I gave him basic

PLAINTIFF's
EXIBIT NO. 32

claims that could not be disputed, he be then brought back into court to enter a "Post Conviction Plea" to four years. Also a memo addressed to three Deputy Attorney Generals of the highest level in your office where it clearly shows that knowledge of the existence of intolerable misrepresentation by court appointed counsel, which is another of my claims.(see office memo).

As you can see, I am a very vindictive person, made that way in a large part by this supposed Correctional system that should have hepled me not continue to harm me, and those I love. May 29,1999, is a very important day for me. My family has a tradition of once a year having a family reunion. This would be a important jesture on your part if I were to be out in time for me to attend this get together. I will continue to make the District Court aware of every attempt that I undertake to gain my release, along with the mounting stress that this situation is placing me under. I hope you will see the futility of continuing to hold me.

                                        Sherman A. Carter #102896
                                        Delaware Cor. Cent.
                                        Smyrna, DE  19977

pc: Judge Faran USDC
    Lt. Governor's Office

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| WAYNE T. GAMBLE,<br><br>    Defendant Below,<br>    Appellant,<br><br>v.<br><br>STATE OF DELAWARE,<br><br>    Plaintiff Below,<br>    Appellee. | § <br>§ <br>§ No. 407, 1998<br>§ <br>§ <br>§ Court Below—Superior Court<br>§ of the State of Delaware,<br>§ in and for New Castle County<br>§ Cr. A. No. VN95-11-0982<br>§ <br>§ |

Submitted: April 20, 1999
Decided: May 12, 1999

Before **VEASEY**, Chief Justice, **WALSH**, and **HOLLAND**, Justices.

Upon appeal from the Superior Court. **REVERSED**.

Wayne T. Gamble, *pro se*, Wilmington, Delaware.

William E. Molchen, Esquire, Department of Justice, Wilmington, Delaware, for appellee.

**HOLLAND**, Justice:

33

This is an appeal by the defendant-appellant, Wayne Gamble ("Gamble"), after he was found guilty and sentenced for a probation violation. Gamble contends that he was not properly credited with time he had already served at Level V incarceration, when he was sentenced to serve additional time at Level V after violating his probation. The record supports Gamble's contention.

### *Original Sentence*

In October 1995, Gamble was arrested and indicted on two counts of Burglary in the Second Degree and Conspiracy in the Second Degree. In March 1996, Gamble pled guilty to two counts of Burglary in the Second Degree and the State *nolle prossed* the remaining charges. In May 1996, Gamble received the following sentences: Count 1: three years at Level V, suspended after two years for one year at Level IV; Count 2: three years at Level V, suspended for three years at Level III, suspended after 6 months for two and one half years at Level II.

Gamble served two years at Level V. After the two years, Gamble was to enter a Level IV work release program but, because space was not available, Gamble remained in Level V incarceration for an additional five months and 11 days. Gamble had been in a Level IV work release program for one month

when he violated his probation.

### *Probation Violation Sentence*

In May 1998, the Superior Court sentenced Gamble for the violation of his probation as follows: one year at Level V; completion of the New Hope drug treatment program; and the remainder of the original sentence to be served at Level III. Gamble filed a *pro se* motion for a reduction or correction of his sentence, pursuant to Superior Court Criminal Rule 35(a). Gamble also filed a *pro se* motion requesting credit against the new one year Level V sentence for the five months and eleven days he served at Level V while waiting for space to open at Level IV. The Superior Court denied Gamble's motions.[1]

### *Parties' Contentions*

In this appeal, Gamble does not challenge the sentences imposed in 1996. Rather, Gamble contends that he was not given proper credit for the five months and 11 days that he served at Level V incarceration while waiting for available space at Level IV work release. The State argues that the five months and 11 days Gamble served at Level V incarceration were properly credited

---

[1] The Superior Court modified his sentence, however, by ordering Gamble to participate in the Key Program instead of the New Hope Program.

toward the time Gamble was supposed to serve at Level IV work release. The State submits that this means Gamble will receive proper credit for the five months and eleven days he served at Level V by deducting it from the remainder of his Level III sentence *after* he serves the one year Level V sentence for violating his probation.

### *Level V Service Requires Level V Credit*

When a defendant is found guilty of violating his or her probation, the trial judge is authorized to reimpose any previously suspended prison term, i.e., Level V incarceration. *Ingram v. State*, Del. Supr., 567 A.2d 868, 869 (1989). 11 *Del. C.* §4334(c) states in part:

> If the violation is established, the court may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.

Gamble's original sentence was a maximum of six years at Level V incarceration, suspended after two years for decreasing levels of supervision. Accordingly, after finding Gamble guilty of violating his probation, the Superior Court was authorized to require Gamble to serve the entire balance of his original six-year sentence at Level V incarceration. The Superior Court, however, in its discretion reimposed only a one year term at Level V, followed

by supervision at Level III for the balance of the entire original term.

This Court has held that a defendant is not entitled to Level V incarceration credit for time served at Level IV work release.[2] When a defendant actually serves time at Level V incarceration, however, he or she is entitled to Level V credit. Consequently, this Court has consistently held that a defendant must be given Level V credit for all prior time actually served at Level V incarceration when further incarceration at Level V is imposed after a probation violation.[3]

Gamble should have been given Level V credit for the five months and eleven days he served at Level V incarceration while waiting for available space at Level IV work release. Gamble's additional sentence of one year Level V incarceration for the probation violation has been or will be completed

---

[2] *Johnson v. State*, Del. Supr., Nos. 41 and 74, 1996, 1997 WL 70827, Berger, J. (Feb. 17, 1997)(ORDER).

[3] *Collick v. State,* Del. Supr., No. 212, 1998, 1998 WL 700170, Holland, J. (Aug. 10, 1998) slip op. at 3 ("Accordingly, upon finding that Collick had violated his probation, the Superior Court could have reimposed a three year Level V prison term, giving credit for *all* time previously spent at Level V...")(emphasis added). *See also Warren v. State*, Del. Supr., No. 99, 1998, 1998 WL 382640, Veasey, C.J. (June 12, 1998)(ORDER); *Johnson v. State*, Del. Supr., Nos. 41 and 74, 1996, 1997 WL 70827, Berger, J. (Feb. 17, 1997)(ORDER). *Accord* 11 *Del. C.* § 3901(c).

soon. In the event that Gamble receives a Level V incarceration sentence because of any probation violation in the future, Gamble should be given Level V credit for the five months and eleven days he has already served at Level V.

## *Conclusion*

The judgment of the Superior Court that denied Gamble Level V credit for the Level V time he actually served is reversed. This matter is remanded for further proceedings in accordance with this opinion.



STATE OF DELAWARE
OFFICE OF THE LIEUTENANT GOVERNOR

RUTH ANN MINNER
LIEUTENANT GOVERNOR

May 12, 1999

Rick Seifert
Executive Assistant
Department of Correction
80 Monrovia Avenue
Smyrna, DE 19977

Dear Mr. Seifert: *Rick*

Our office received a letter from Sherman Carter #102896 regarding his release date. Mr. Carter believes his sentence has been misinterpreted by the Records Department.

Thank you in advance for your assistance in this matter.

Sincerely,

Debra S. Allen
Office of the Lieutenant Governor

PLAINTIFF's
EXIBIT NO. 54

TATNALL BUILDING
DOVER, DELAWARE 19901
(302) 739-4151
FAX (302) 739-6965

CARVEL STATE OFFICE BUILDING
WILMINGTON, DELAWARE 19801
(302) 577-8787
FAX (302) 577-3019

To: Rick Seifert
    Executive Assistant
    Department of Corrections
    Dover, DE 19904

May 21, 1999

RE: ILLEGAL DETENTION

Dear Mr. Seifert,

    My name is Sherman A. Carter, and I am the subject of the letter sent to you by Ms. Debra S. Allen, of the Office of the Lieutenant Governor. The Records Department will contend that my sentence of December 16, 1997 for a violation of probation was a new sentence that had to be served to it's full extent. 11 Del. Code §3901(b) The constitutional guarantee against multiple punishments for the same offense requires that time already served be credited in imposing sentence upon a "new" conviction for the same offense. The General Assembly decided this point due to the requirement that states comply with dictates of decisions from the United States Supreme Court.

    The Supreme Court in North Carolina v. Pearce, held (1) the constitutional guaranty against multiple punishments provided by the double jeopardy clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, "requires that punishment already exacted must be fully" "credited" in imposing sentence upon a new conviction for the same offense. A probation violation is a new sentence for the same offense. The General Assembly also estab-



PLAINTIFF'S
EXIBIT NO

lished statutory maximum sentences in compliance to governing legal principles. The original offense of Possession of a Deadly Weapon By a Person Prohibited carries a maximum of three (3) years.

I was sentenced to three years in 1994. This sentence began on September 4, 1993, and I served at Ganderhill until November 30, 1994. I was then returned on June 27, 1997 until September 17, 1997. Once again I was incarcerated on December 1, 1997 and I've been in custody since that date. The legal requirements as to the calculation of my sentence are clear, however as stated in the recent article in the news paper, there is a problem with interpretation of a sentence. The Records Department is not qualified to interpret the legal aspect of a sentence and has a duty to inquire from the Attorney General's Office the proper remedy. However to my knowledge no official request has been made.

There is no question that when goodtime earned at M.P.C.J.F. and all time spent in custody are calculated it will be apparant that I should have been released at the end of January of this year. The actions of the Records Department have made them liable, further there is the issue of the Warden, and Deputy Warden being provided with my claims and nothing being done. I have done a great deal to establish that I am illegally detained, which is my only requirement. Where however no one has provided me with any meaningful review, those that were made aware are culpable. Even if I am released tomorrow, the existence of liability will still remain. The issue now is how reasonably the actions of the State will seem in light of all my attempts to correct this.

It is my honest opinion that this started out as a mistake, that after being brought to the attention of the Records Department, ego became a factor, and the results now lay before you. Had I not been treated in a manner that dehumanized me so, this could and should have been resolved early on.

The issue that concerns me now is that I want to get out of here. I don't think that it is impossible to correct this matter with one phone call, to the Attorney General, and ask " can a sentence be continued after the maximum term has been served in jail" ? I am now seeking what should be easily occomplished, which is to be granted my release in time for me to spend May 29th, at home with my family due to a anual Family Reunion where we have family that are coming from as far as California, and Michigan. This jesture will go a long way as to repairing some of the emotional damage that has been suffered. I will thank you in advance for you assistance in this matter.

Respectfully submitted

_____
Sherman A. Carter #102896

pc: Debra S. Allen/ Office of the Lieutenant Gov.
    Warden Robert Snyder
    Deputy Warden Betty Burris
    Rebecca L. McBride Recors Supervisor
    Senator Joseph Biden



STATE OF DELAWARE
OFFICE OF THE LIEUTENANT GOVERNOR

RUTH ANN MINNER
LIEUTENANT GOVERNOR

Richard Seifert
Bureau of Prisons
245 McKee Road
Dover, DE 19904

Dear Rich:

Our office was contacted by Sherman Carter regarding his release date. I have not yet received a response. Could you please let me know what is happening with Mr. Carter. Thanks.

Sincerely,

Debra S. Allen
Office of the Lieutenant Governor

CC: Sherman Carter



PLAINTIFF's
EXIBIT NO. 36

TATNALL BUILDING
DOVER, DELAWARE 19901
(302) 739-4151
FAX (302) 739-6965

CARVEL STATE OFFICE BUILDING
WILMINGTON, DELAWARE 19801
(302) 577-8787
FAX (302) 577-3019

Cathy,

The heat just got turned-up on the Sherman Carten issue.

How close are you to completing the review?

Please advise the status ASAP.

Thanks
Rich
05-25-99
3:15 p.m.

PLAINTIFF'S
EXIBIT NO. 37

**DEPARTMENT CORRECTION Bureau of Pris..**

# Memo

**To:** Carl Danberg, Deputy Principal Assistant

**From:** Richard E. Seifert, Executive Assistant

**CC:** Cathy Guessford, Information Resources Manager

**Date:** May 25, 1999

**Re:** Sherman A. Carter SBI #102896

---

Enclosed find a 05-21-99 letter from Mr. Carter who currently resides at the Delaware Correctional Center in Smyrna. He contends that his sentence has been misinterpreted by our Records staff and that he is being illegally detained.

I have also enclosed the 03-30-99 correspondence to the Office of the Lieutenant Governor which was sent to me by Debra S. Allen for investigation and commentary. Kindly note that Cathy Guessford is reviewing the sentence calculation and will document her findings shortly.

All future correspondence on this issue will be forwarded to your office for coordination of response. Thanks for your assistance.

Enclosures

RES/me

● Page 1

PLAINTIFF'S EXIBIT NO. 38

FROM THE DESK OF:    Rebecca L. McBride, Records Supervisor

TO:     Warden Snyder

DATE:   May 26, 1999

RE:     Inmate Sherman Carter - Copying of Files by Cathy Guessford

Attached are the memos that Cathy Guessford had in her possession morning of May 25, 1999 when she was in the Records Dept. at DCC. Cathy Guessford had not contacted me indicating that she would be coming into the institution to copy files.

When I asked whose file she was copying, she indicated that Inmate Carter had sent a letter to the Lt. Governor's Office. Rich Seifert had asked her to copy the files in order to answer to Lt. Governor's Office. I did not receive any such request from either Cathy or Rich and was totally unaware of the situation.

I have answered several letters from Inmate Carter (as well as other Records Staff) in reference to his concerns of not being given credit for time while on Probation. I had also sent letter to Inmate Carter's Public Defender and placed calls to his office with no response. I have also copied letters from Inmate Carter to Francine Kobus.

I am, once again, going to review Inmate Carter's File and have synopsis of his Violations written out so that I may forward to Francine in case we have any questions to answer.

Cathy Guessford said; when asked, "What had she copied?", by the Warden and myself - "She stated that she had only copied the Status Sheets of the Inmate" - I did not review what she had copied but I did make copies of the memos that she had in her possession from Rich Seifert, Debra Allen and Letter from Inmate Carter to Lt. Governor.

Thank you!


rlm

cc:   File

PLAINTIFF'S
EXIBIT NO. 39

To: Rick Seifert
    Executive Assistant
    Department of Corrections
    Dover, DE 19904

May 27, 1999

RE: <u>ILLEGAL DETENTION and REQUEST FOR DISPOSITION</u>

Dear Mr. Seifert:

As you are aware, I am claiming that my present imprisonment is in violation of my constitutional rights. It is also my position that an inquiry into this claim should have been a matter of examining my record and requesting an interpretation from the Attorney General's Office. I'm sure, that you will consider this second letter to be from an impatient individual, and I would quickly agree. You must however realize that you can never imagine the anger and frustration that such a unreasonable situation has caused me.

I have, due to no one being willing to assist me filed a substantial civil action in the District Court. There can be no denying the fact that I, took all reasonable steps to resolve this before it got out of hand. At each opportunity, I've forwarded to the court examples of what was presented to those involved that proved that my position was sound. I'm quite comfortable in the fact that damages are going to be awarded. I am now going to inform the State's Treasurer of my problem, along with the State's Risk Mamager.



PLAINTIFF's
EXIBIT NO. 40

My reason for this contact is to obtain from you any information as to any progress concerning my release has been made. If you are for some reason not in agreement with my position and feel that I must remain in my present situation, I'd like to be informed of this immediately, in order that I can forwarded same to Judge Joseph J. Farnan who is in the process of making a decision as to ordering my release.

                                        Sherman A. Carter

pc: Jack A. Markell, Treasurer
    Keith D. Barron, State Risk Manager
    Debra S. Allen, Office of the Lieutenant Gov.
    Senator Joseph Biden
    Judge J.J. Farnan, USDC
    file

w/Enclosures

