Delaware Correctional Center



FROM: Betty Burris
Deputy Warden

TO: Rebecca McBride   DATE: 5/27/99

SUBJECT: Attached
What's the story on this?

SIGNATURE: BBurris

PLAINTIFF'S
EXIBIT NO. 41

**Department of Correction - Bureau of Prisons**

# Memo



RECEIVED JUN 2 [1999] DEPUTY PRINCIPAL ASSISTANT

**To:** Carl Danberg, Deputy Principal Assistant
**From:** Richard E. Seifert, BOP Executive Assistant
**CC:**
**Date:** June 2, 1999
**Re:** Inmate Sherman A. Carter

---

Attached find two additional pieces of correspondence, received this date, concerning Mr. Carter's allegation of illegal detention.

The first letter dated 05-27-99 is addressed to me states that he has filed a civil action in the District Court. The second letter dated 05-27-99 is addressed to Jack A. Markell, State Treasurer.

Any additional correspondence on this matter will be forwarded to your office upon receipt.

Enclosures

RES/me

PLAINTIFF's EXIBIT NO. 42

● Page 1

To; Deputy Warden Burris
    Delaware Correctional Center

June 6,1999

Dear Deputy Warden:

    As you are aware, it is my position that this facility is illegally detaining me in violation of my rights. I've taken numerous steps to bring this fact to the attention of someone with the common sense to correct this matter. However all concerned have ignored me, and continued to carry out this now intentional violation of my rights.

    Today I had a conversation with Sargeant Williams of the Grievance committee, who was suppose to inquire from Record's what my new release date is, since I've worked in the Law Library since October. Ms. Williams informed me that the all knowledgable Ms. McBride told her that I now have three sentences. She was unable to provide me with the information, to which I have a right. It is strange that Ms. McBride now sees that I have three sentences, even more strange is the fact that these sentences have always been present, and none have any effect on my release date since they are probation sentences. I've sent a pay-to attempting to obtain this information but it has not been supplied. Since I do have a right to know my newest release date I am formally requesting that you compell someone in records to do their job. Is it possible that due to my challenge to my false imprisonment that someone now fells that they can keep me here forever, "I think not".

                                                                Submitted
                                                               Sherman A. Carter #102896

pc: Governor Thomas Carper
    Commissioner Taylor

PLAINTIFF's EXIBIT NO. 43

TO: Governor Thomas Carper
State of Delaware
Carvel State Office Building
820 N. French Street
Wilmington, DE 19801

June 6, 1999

RE: "What Rights are Mine"

Dear Governor Carper,

My name is Sherman A. Carter, and I am falsely being held in your facility at Smyrna, in violation of my God given rights. I find it strange that in a day and age like our I can be imprisoned for some five months past the maximum permitted by the laws of this state, and no one honor their duty to gain my release. I have contacted individuals in the Department of Corrections all the way up to the Commissioner's office. The Department of Justice is also aware of this situation as is the courts.

I know in my heart that had I been a white person so illegally held one phone call would have changed this nightmare. I have contacted the Lieutenant Governor's Office and I will say that an initial inquiry was made, however now some twenty odd days later, I'm still being held and no one can give a legal basis for my being here. Even more troubling is how my family has been ignored when they have sought to gain information pertaining to my situation. My release should have been at the end of January, but I inform this institution of the possibility of this taking place as far back as last August. There was a recent article that acknowledged that the DOC, has misinterpreted sentences in

PLAINTIFF's
EXIBIT NO. 44

the past. To acknowledge a problem and then ignor it seems quite idiotic to me, but maybe I am at this point very prejudice. I have now a short time release date of September of this year. If I am not released before then, I will become a perminent ficture in the lobby of the office of our number one political personality. I have the right to know from my Governor what gave this state the right to hold me in violation of my rights, where it was known to so many people with the ability to correct the injustice.

My attempts to obtain this information will be made known to the media of this state, and I will make sure that any attempt to conceal my treatment will be reported to the same media that plays such an important part in the future of any politician.

Submitted

*Sherman A. Carter*
Sherman A. Carter #102896

pc; Office of the Lt. Gov.
    Commissioner Stan Taylor
    Warden Snyder D.C.C.
    Staff Reporter News Journal
    file

To: Rebecca L. McBride
    Record's Department Supervisor
    Delaware Correctional Center
    Smyrna, DE 19977

June 8, 1999

Dear Ms. McBride:

    I've recently requested that I be provided with a statement of my short time release date which reflects the goodtime earned since I've been here. I was told by Sgt. Williams that you stated that I have three sentences. This is quite true, however what does that fact have to do with my release date, since the other sentences are probation. Further I have great concerns as to your competence since these sentences have always been apart of my record, the same record that you are now misinterpreting.

    You must be aware of the fact that sooner or later I will be released from your asinine foul up. I promise to raise more hell than you can imagine as to your qualifacations, and I'm sure that when the State has to compensate me due only to your mistakes, your position will be questioned. Even though the warden and others of DOC mignt not care about your costing the system money but others that I have and will contact will have I'm sure issues with your actions. I do not know what you had to do to get your position, but I do know that common, sense was not a contributing factor. Once again I want to know what my [NEW] release date is as your [JOB] entails.

                                      Sherman A. Carter #102896
                                      T-2

pc: Office of the Governor
    Office of the Lt. Governor
    Senator Joseph Biden
    file



PLAINTIFF's EXIBIT NO. 45

**DEPARTMENT of CORRECTION - Bureau of Prisons**

# Memo



RECEIVED JUN 9 1999
DEPUTY PRINCIPAL ASSISTANT

**To:** Carl C. Danberg, Deputy Principal Assistant

**From:** Richard E. Seifert, BOP Executive Assistant

**CC:**

**Date:** June 9, 1999

**Re:** Inmate Sherman A. Carter, SBI # 102896

---

Enclosed find the latest two letters from Mr. Carter; both dated June 6, 1999. The first is to me, the second is to the Governor.

Note the tone is increasingly more abrasive and threatening.

Any future correspondence will be forwarded to your office upon receipt.

● Page 1

PLAINTIFF's EXIBIT NO. 46

To: The Honorable Judge Alford
    Superior Court of New Castle
    Daniel L. Herrman Courthouse
    1020 King Street
    Wilmington, DE 19801

                                                    June 11, 1999

RE: SHERMAN A. CARTER v. STATE of DELAWARE
    Crim. Ac. No. 93090851/ ID: 303X6881DI
    Motion pursuant to Rule 35(a)

Dear Judge Alford:

My name is Sherman A. Carter, and I've as of June 9, 1999 filed with the Superior Court a motion pursuant to Rule 35(a), based on my sentence of December 16, 1997 being in violation of my constitutional right against double jeopardy. Further in support of said motion I wish to provide the court with a most recent decision from the Delaware Supreme Court, pertaining to time credited towards a sentence where a new sentence is imposed for a probation violation.

In Wayne T. Gamble v. State of Delaware, No 407, 1998, this state's highest court in it's decision stated quote " When a defendant acturally serves time at Level V incarceration, however, he or she is entitled to Level V credit. Consequently, this Court has consistently held that a defendant must be given Level V credit for all prior time acturally served at Level V incarceration when further incarceration at Level V is imposed after a probation violation".

PLAINTIFF's
EXIBIT NO. 47

In support of this ruling the Supreme Court cited Collick v. State, Del. Supr., No. 212, 1998 (August 10, 1998) slip op. at 3 ("Accordingly, upon finding that Collick had violated his probation, the Superior Court could have reimposed a three year Level V prison term, giving credit for all time previously spent at Level V...")(emphasis added). See also Warren v. State, Del. Supr., No. 99,1998 (June 12,1998).

Based on this newly aquited legal information the defendant contends that his sentence was illegal due to it's exceeding the statutory maximum allowed under the laws of this state, and thereby respectfully request that the Honorable Court grant his motion and compell his release from his illegal detention.

signed _____
Sherman A. Carter

To: Colonel Alan D. Ellingsworth Superintendent
Delaware State Police Headquarters
P.O. Box 430
Dover, Delaware 19903-5900

June 17, 1999

Dear, Superintendent Ellingsworth:

My name is Sherman A. Carter, and I am a individual now being "Unlawfully Imprisoned" here at Delaware Correctional Center. My present situation is a direct result of the criminal negligense of a Rebecca L. McBride Supervisor of the Record's Department. Title 11 of Delaware Code, §242. Requirement for criminal liability. A person is not guilty of an offense unless liability is based on conduct which includes a voluntary act or the omission to perform an act, which the person is physically capable of performing.(11 Del.C.1953,§ 242; 58 Del. Laws, c. 497, §1; 70 Del. Laws, c. 186, § 1.)

Ms. McBride has a legal duty not to harm me. Where she is responsible for calculation of my sentence, she has the duty to insure that I am released in compliance with the laws of this state. In August of 1998, I contacted McBride, and informed her of inaccuracies in the calculation of me release date. Her obligation to inquire as to the accuracy of my claim is unwavering. She was presented with legal information which proved that her position, which she presented to me on numerous occassions was incorrect. I even requested that due to her not being qualified to interpret law, she should contact the Department of Justice, to ascertain who's position is correct. McBride refused and now since late January, I've been unlawfully imprisoned. As recent as May 12, 1999 the State's Supreme



PLAINTIFF'S
EXIBIT NO. 48

Court validated my position that all time spent at Level V, must be credited to the original sentence. McBrides failure to investigate my claim and the fact that my present unlawful imprisonment is a direct result of her failure to check my claims establish the basis for the charge of §781. Unlawful imprisonment in the second degree. A person is guilty of unlawful imprisonment in the second degree when the person knowingly and unlawfully restrains another person.

It is my contention that the acts of McBride were upon being provided information which she had a duty to check, but failed, satisfy Del.C. §261. Causation. Conduct is cause of a result when it is an antecedent but for which the result in question would not have occurred. (11 Del.C. 1953, § 261; 58 Del.Laws,c.497 § 1.). Based on these facts I request that a criminal warrant be signed against Ms. Rebecca L. McBride. I appreciate any favorable consideration in this matter. If by chance you feel my complaint is not warranted, I respectfully request to be informed of the legal basis of your position.

Respectfully submitted

_____

pc: Warden Snyder
    R.L. McBride
    DAG Marybeth Paige
    Governor Tom Carper
    Lt. Governor's Office
    file



STATE OF DELAWARE
DEPARTMENT OF PUBLIC SAFETY
DIVISION OF STATE POLICE
P.O. BOX 430
DOVER, DELAWARE 19903

June 13, 1999

Mr. Sherman A. Carter
#00102896
Delaware Correctional Center
Smyrna, Delaware 19977

RE:   Complaint

Dear Mr. Carter:

I received your letter dated June 17, 1999, regarding your complaint against Rebecca McBride, an employee of the Department of Correction. The facts related in that letter do not provide probable cause to believe that a crime has occurred. Therefore, the Delaware State Police will not initiate a complaint against Ms. McBride.

Very truly yours,

Colonel Alan D. Ellingsworth
Superintendent

ADE:dap

cc: Mary Page Bailey, DAG

PLAINTIFF'S
EXIBIT NO. 47



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
**OFFICE OF THE COMMISSIONER**
245 McKEE ROAD
DOVER, DELAWARE 19904



MEMORANDUM

TO:     Stuart Drowos
        Deputy Attorney General

FROM:   Carl C. Danberg
        Deputy Principal Assistant

DATE:   June 22, 1999

SUBJECT: Sherman A. Carter

    Please review the attached file and sentencing order to determine if the sentence is being calculated correctly.

    The Department believes that it has been calculated correctly, but we would appreciate your opinion on this.

    Please give me a call if you have any questions.



PLAINTIFF'S
EXIBIT NO. 50

