To: Gov. Thomas Carper
    State of Delaware
    Carvel State Office Building
    820 N. French Street
    Wilmington, DE 19801

July 6, 1999

RE: <u>EXECUTIVE ORDER COMPELLING RELEASE FROM ILLEGAL IMPRISONMENT</u>

Dear Gov. Carper,

Enclosed is a copy of a request to Lt. Gov. Minner, due to the involvement of her office in my case where I've been intentionally held in violation of my constitutional rights. I am requesting that you as this state's highest official order my release. There are some very strange things involved in this case. As recent as July 2nd Ms. Bailey of the DOJ, told my brother that she was waiting for me to send her information as to my sentence. There can be no clearer indication that anything and everything possible is being done to hold me.

Let us consider this, once she was made aware of my claim, she had a legal duty to obtain my records and ascertain if infact I'm in jail legally. Since the Lt. Governor's office requested as far back as May 12th that the DOC, look into my claim and respond and the DOC, has to date not done so, there can be no dispute that it is due to my claim being correct. You must admit that if I was in jail legally someone would have responded in the affirmative. Governor Carper there is no justifacation for what is happening to me

PLAINTIFF'S
EXIBIT NO. 51

and the powers here are only attempting to cover their dastardly deeds done to me. Has our system come to a point where all eyes are blind to my rights only due to it being state actors that are perpertrating these vile acts on me and my loved ones. I look to your valor in resolution of this matter as JUSTICE dictates.

                                      Respectfully submitted

                                      Sherman A. Carter

cc: Mary Paige Bailey
    Lt. Gov. Minner
    Sen. Biden
    Sen Vaughn
    Al O. Plant
    U.S. District Court
    News Journal Co
    file

To: Lt. Gov. Ruth Ann Minner
    Tatnall Building
    Dover, DE 19903

July 14, 1999

RE: <u>STARVING FOR FREEDOM</u>

Dear Lt. Governor Minner:

    The above caption will soon be seen in local news papers depicting my quest through a hunger strike to bring to the attention of the public the illegality of my imprisonment. My family has informed me that Ms. Allen of your office now being unwilling to admit that a member of the Department of Justice had admitted that I should have been released. I know that Ms. Allen has been forced to recant he previous statement. I will note that when an inquiry is had the fact that the date given included time earned while I have been here in D.C.C. no rational person will dispute that a women with no knowledge of the workings of this system could have calculated this date and this will establish that infact your office has joined in the cover-up now in place per direction of the Department of Justice.

    Lt. Governor, I am well aware of the tactics of the DOJ. Their desire to keep this matter quiet will not be realized. I have undertaken to shed light on every illegal action done to me. I have done extensive research on my rights, even though this state feels that I don't have any. I have the right to demonstrate in a peaceful manner. I am also aware that the Department of Corrections has a duty to seek a court order to compel me to eat, "if" the DOC, has a legal


PLAINTIFF'S
EXIBIT NO. 52

position as to my being held in it's custody. This will be challenged in the courts by me. In doing so my issue will have to be addressed. Further I have reached out to numerous inmates here that have personal issues with the DOJ, due to it's violations of their rights, and many have pledged to contact family and friends to obtain their support as to calling the media, and their Representatives to inquire why I must take such a drastic step to bring out my situation. There will be published a notice of my hunger strike in local news papers, and family will also contact Rev. Geno Jennings of Philadelphia, who has a very large viewing audience, requesting that he mention my plight on his Sunday morning program.

Numerour News stations have or will be contacted by me and my family and friends. I have already written to the District Court informing of my intentions to strike due to no one being able to justify my imprisonment. Lt. Gov. Minner, I know the stratigy of the DOJ. Those that are continuing my illegal imprisonment thinks that at some point they will be able to either trick a favorable decision out of a reviewing court or discourage me into dropping my claim. Neither is realistic. I am in no way attempting to harm myself. But I do know that getting out of this information is the one thing that DOJ, can't deal with. As is now clear to your office. The State is not in a very good defense position. The liability is there and no tactic can change that. Based on my knowledge of systematic due pro-

cess violations constantly done by DOJ, I intend to use the media attention to bring out every unethical policy of the DOJ. Through my numerous challenges through criminal litigation it is clear, the fear of exposure that is a day to day issue with our Attorney General and her staff. Let me remind you that your office contacted the DOC, requesting that they look into my sentence and get back to you ( May 12,1999). To date no one has given you or me any legal basis for my being held. You will not be able to justify your not persuing this question. Also DAG. Bailey told my brother on July 2,1999 that she was waiting for me to send her information, rather than answer his question as to why I am still being held.

There are issues of infact if some of those involved have now become guilty of the criminal offense of "misprison", that is a question that I will raise before the District Court. Another benefit to me is that when the media becomes involved even if it takes weeks, I will hold out, and at that point I will no longer have any problem obtaining legal representation. Then the nightmare begins. I make a promise to you that upon my release, I intend to come directly to your office flanked by a reporter on one side and a attorney (Hungry) on the other. Our question to you will be, "WHY".

*Sherman A. Carter*

Sherman A. Carter

cc: U.S. District Court
    Attorney General M. Jane Brady
    Governor Carper
    ACLU
    NAACP
    file
    News Media

PLAINTIFF's
EXIBIT NO. 53

To: News Department
    WHYY Channel 12
    625 Orange Street
    Wilmington, DE 19801

July 14, 1999

Dear News Department:

I am enclosing information of intentional false imprisonment by the Department of Justice due to the failure of this State's Correctional System to do it's job. My imprisonment is clearly illegal and a cover up has been undertaken to conceal the wronges done to me. Because no one within this state has shown the valor required to bring this to an end, I have concluded that I must subject myself to a hunger strike to shed light on those that have so little regard for due process. I will undertake this strike as of July 28th if I am not released before then.

                                        Sherman A. Carter

<u>I pray that my being violated in this manner is news worthy</u>

PLAINTIFF's
EXIBIT NO. 54

To: News Journal Co.
    Advertising Director & or Legal Advertising Dept.

Dear News Journal Co:

My name is Sherman A. Carter, and as you can see, I am detained at the Delaware Correctional Center near Smyrna. Along with my order which I wish published in either you advertisment or Legal section of your paper, I am sending you a copy of a letter sent to Lt. Gov. Minner. This letter provides the basis for my request, and my decision to strike to put light on the obvious cover up. I am requesting that my notice run for one week beginning the week of July 26th. You can contact my brother Harry N. Carter at the following numbers to arrange payment.

Home # 778-1370, and Work # 995-3044

                                    Thanks for yor assistance

                                    _____
                                    Sherman A. Carter


Notice to be published    Caption " STARVING FOR FREEDOM"

                          In order to challenge his illegal imprisonment, Sherman A. Carter now held at DCC, will enter upon a hunger strike until he is released, as of July 28th.

PLAINTIFF'S
EXIBIT NO. 5

To: Warden Robert Snyder
    Delaware Correctional Center
    Smyrna Landing Road
    Smyrna, DE 19977

July 15, 1999

Warden Snyder:

    As you are aware, I am now being held illegally by you. Due to your failure to act in a manner that would bring about my release, and the extraordinary steps that I've taken to this point, I now realize that I must bring to light all the intentional violations of my rights that are causing me to be held. You are in a very difficult position as is. However I intend to make it even more difficult, in a peaceful and legal attemp to bring out these facts.

    As of July 28th I will begin a hunger strike and I will not eat until I am released from this illegal imprisonment. This will put you in a position where as the warden you are duty bound to protect me from harm, even from harm caused by myself. (check statute) However this duty only comes into play if you are legally in powered to have custody of me. We both know that you are not. Now in order to compell me to do that which you need done you must go to court and obtain a order. To do this against my legal challenge, you must prove that I am legally here. If you attempt this I'll have even

PLAINTIFF's
EXIBIT NO. 56

more blatant evidence to put before the District Court to prove the existence of a atmosphere of intentional due process violations. On the other side of the coin, if you chose not to compell me to take nurishment, then you will be either deliberately indifferent to you legal duty, or as we know you will not because you know I'm here illegally. This poses for you a problem that I feel would make King Solomon sweat. (just a pun).

I reiterate that my demonstration is one of peace, and due to those in power not being willing to admit their errors and bring this to an end. My decision is more to uncover the concealment of the actions of the State actor's involved. By now my family and friends are working to gain the attention of the media and political community. There are so many questions that I know that you can not answer. I suggest that you quickly contact your co-conspirators in the State Office Building and see what you can come up with. The past silence will not sustain the questions that await you. I am forwarding a copy of this to the District Court to substantiate my later claim that you are aware of the illegality of my being in your custody.

                                        Sherman A. Carter

To: Mary Page Bailey
    Deputy Attorney General
    Carvel State Office Building
    820 N. French Street
    Wilmington, DE 19801

July 15, 1999

Dear Ms. Bailey:

After giving your July 8th letter some real thought, I was almost pulled into challenging your information within. I then realized that even though the letter was addressed to me, it was meant for other eyes. I would like to ask you a simple question which is, "why do you have my records?" I've made known to every one involved that this problem is that the DOC's Record Department has mis-interpreted my sentence. Now you as the Legal Counsel for DOC, should have checked the legal position that I've raised and upon ascertaining the accuracy directed Record's to apply the legal application.

I informed Record's as far back as last August of Del.C. Title 11 §3901. However they either through sheer ignorance or indifference, ignored my information. As recent as June 2, 1999 the Delaware Supreme Court reiterated that a prisoner must be given credit for all time spent in jail. This ruling was previously established not only in Delaware's Supreme Court, but the Supreme Court of the

PLAINTIFF'S
EXIBIT NO. 55

United States. You mentioned that the court should address this issue, well our highest state court and our U.S. Supreme Court has done so.

You letter informs me that you do not perceive that a mistake was made. Maybe that is because your are in a area which you are not qualified to ascertain the technicle issue or it's application. I strongly suggest that my records be returned to DOC's Records Department immediately. Upon doing this I further suggest that you as DOC's legal representative instruct Records that all time previously spent in jail must be credited to the 3 year sentence. This should if done as the law requires should not take more that hours not days, weeks or months.

A perfect indication that you were not the one, nor was anyone else that had my records proper for the task, is the fact that my records took a tour and todate no one has been able to say either that I was legally in jail or illegally here. This again is causing me to ask, "why do you have my records?" To further show you how simple this matter is and to make clear to those who you have tried to mislead, I am providing you information that proves that there is no basis other than a weak attempt to cover up that which has been done to me.

cc: Senator James T. Vaughn
    Debra Allen, Lt. Gov. Office
    Al O. Plant



**PRISON HEALTH SERVICES INCORPORATED**

## PROGRESS NOTES

| Date/Time | Inmate's Name: Carter, Sherman | D.O.B.: 8/1/51 |
|---|---|---|

7/16/99 DCC/400 — Seen at the request of Dep. Warden McGuigan do to potential hunger strike.

S. I am not trying to kill myself. I thought I made that clear. I am trying to make a point because they are holding me here illegally. I'm not going to start until 7/28/9[9]

O. Calm, pleasant, appears amused that this writer is asking about suicide ideation.

A. Alert, oriented with thoughts intact. He does not appear psycho[tic] but frustrated with his situation. He is future oriented and not presented as a danger to himself or others.

P. Will notify L. McGuigan regarding this assessment. Mr. Carter was encouraged to notify MH and medical if he decides to go through with his plan. D. Carroll, M.C.

**MENTAL HEALTH**

60111 (5/85)  Complete Both Sides Before Using Another Sheet

PLAINTIFF'S EXHIBIT NO. 58

## MEMORANDUM

TO: GREGG WILSON
DEPUTY ATTORNEY GENERAL

STUART B. DROWOS
DEPUTY ATTORNEY GENERAL

FROM: MARY PAGE BAILEY
DEPUTY ATTORNEY GENERAL

RE: DOC'S REQUEST TO REVIEW SHERMAN CARTER'S FILE

DATE: JULY 21, 1999

Originally, Mr. Carter wrote to me on the mis-belief that I was reviewing his file based on his allegations that the DCC records department was not properly calculating his sentence. I have been able to determine that Mr. Carter was most like informed by another inmate, Carl Haskins, that I was the DAG who represented the DOC. Furthermore, Richard Seifert, Executive Assistant to the Bureau Chief, told the Carter family that he has forward the issue to the DOJ. In actuality, he forwarded it to Carl Danberg for review. Carl did send it to us after his own review requesting that this office review the file. Mr. Danberg did not find any errors in the method of calculation.

I have reviewed the file several time since I was assigned to review it for the DOC and did not find any problems. Today, I again reviewed it and re-read the *Gamble v. State* opinion that Mr. Carter has mentioned in one of his numerous letters to me.

In reviewing *Gamble* and the other Supreme Court decisions cited in Gamble, as well as 11 *Del. C.* §3901, I find that there might be another way to look at Mr. Carter's claims which had not been done before this. The cases appear to state that all Level 5 time under a sentence is supposed to get credit possible including probation sentences. If this is the case, I am concerned about who is responsible for giving credit for all of that Level 5 time. The cases address motions for correction of sentences. The opinions focused on the Superior Court's responsibility in giving credit for Level 5 time. They do not say that the responsibility belongs with the DOC. However, in the Gamble decision, the Court did give credit almost like a savings account for time served.

One question to pose is "Is it the Court's or DOC's or both's responsibility to credit for Level 5 time served?" The second question would be "Is a VOP sentence a separate charge or is it part of the original charge?" If the responsibility belongs to both the Court and DOC and a VOP is part of the original charge and the Court states "credit for time previously served" what does that mean? Is the prisoner entitled to a credit for every day at Level 5 even on his third violation of probation? Or just that time he waited to be sentenced on his third VOP?



PLAINTIFF'S
EXIBIT NO. 59

Page 2

     Presently, it appears that DOC is giving him credit for the time he waited for the hearing as well as statutory good time and meritorious good time (both earned from 12/1/97 to present). They do not appear to give him any credit for the time he served beyond one year in 1994 or for the time he was incarcerated in mid 1997. Is he entitled to such a credit by the DOC? Or can he, as he claims he can't be, held to serve more than the three years to which he was originally sentenced.

Here is a time line regarding the charge for which he is presently at Level V.

9/4/93
placed in DOC custody on three charges including PDWPP

8/4/94
sentenced for PDWPP to 3yrs level 5 including credit for any time previously served SUSPENDED after 1 yr to Level 4 in-patient drug treatment. HOLD at Level 5 for space at Level 4. (He had two other sentences which were suspended to lower levels of incarceration.)

9/4/94
sentence was modified to include the application of Sentac Policy #28. (If they sit at Level 5 for more than 90 days or half of their level 4 sentence (whichever is less) DOC can evaluate to place at Level 3 and request modification of sentence.)

11/30/94
Carter released to PA authorities to address charges there.

5/28/97
VOP#1 sentenced to Level V for 2 yrs suspended for Level II for 2yrs.

6/27/97
in DOC custody for VOP#2

9/16/97
VOP#2 sentence Level 5 for 2yrs suspended immediately to Level 4 (PC or Resid. Treatment) for 2years after completion of treatment balance at Level 3 Credit for any time previously served. Held at Level 3 for space available at Level 4

9/17/97 released to the streets

12/1/97
in DOC custody for VOP#3

Page 3

12/16/97
VOP#3 sentence Level 5 2 years unless complete rehab program then balance suspended for level 3.

3/6/99
VOP#3 sentence modified to include language shall be given credit for time previously served.

  In Mr. Carter's case, he was at Level 5 from 9/4/93 until 11/30/94 (453 days). He was back in at Level 5 from 6/27/97 until 9/17/97 (83 days). He went back to Level 5 on his third VOP from 12/1/97 until present (598 days). His total days at Level 5 on the original charge or in a VOP setting is 1134 days. This is more than three years. This does not take into account any good time statutory or meritorious. If he is to be released, there needs to be a reduction in the amount of time he must serve on probation overall.

  I have discussed this with the Appeals Division who appear to be divided on what credit Mr. Carter should get if any under the *Gamble* decision. As I discussed with Gregg, after we analyze the questions I have posed, I believe we may want to ask Judge Alford to clarify what her intent was when she stated "credit for time previously served". This will assist us advising the DOC regarding their request for a review of his file.

  I have attached the decisions and the statute to which I have referred. I am seeking some assistance in determining the answers to these questions as we need to address this immediately.



M. JANE BRADY
ATTORNEY GENERAL

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

NEW CASTLE COUNTY
Carvel State Building
820 N. French Street
Wilmington, DE 19801
Criminal Division (302) 577-8500
Fax: (302) 577-2496
Civil Division (302) 577-8400
Fax: (302) 577-6630

KENT COUNTY
Sykes Building
45 The Green
Dover, DE 19901
Criminal Division (302) 739-4211
Fax: (302) 739-6727
Civil Division (302) 739-7641
Fax: (302) 739-7652

SUSSEX COUNTY
114 E. Market Street
Georgetown, DE 19947
(302) 856-5352
Fax: (302) 856-5369

PLEASE REPLY TO:
New Castle County - Civil Division

July 22, 1999

The Honorable Haile L. Alford
Superior Court
Daniel L. Herrmann Courthouse
Wilmington, DE 19801

RE:   Sherman A. Carter

Dear Judge Alford:

    I am one of the Deputy Attorneys General who represent the Department of Correction. Recently, I received correspondence from an inmate named Sherman Carter regarding the application of a sentence issued by you in December, 1997. Shortly thereafter, the Department of Correction requested a review of the matter. In my review of Mr. Carter's file, I found that there may be some ambiguity in the interpretation of the language of Your Honor's order of March 6, 1999. This ambiguity appears to be causing a disagreement. I am writing to you to request some assistance in clarifying the sentence Your Honor issued earlier this year.

    As background, Mr. Carter was sentenced on August 4, 1994 to three years at Level V; suspended after one year to Level IV in-patient drug treatment for two years. He was given credit for time served and was to be held at Level V for space availability at Level IV as required by the Court's order. (See sentencing order attached). Since his release from Level V, Mr. Carter was sentenced on numerous intervening violations of probation. It is his latest sentence for violation of probation which is at issue.

    On December 1, 1997, Mr. Carter was re-incarcerated on his third violation of probation on the sentence mentioned above. On December 16, 1997, Your Honor sentenced him to serve two years at Level V; if he successfully completed a form of rehabilitation program, he was to serve the remainder of the sentence at Level III.(See sentencing order attached). On March 6, 1999, Your Honor modified the sentence to include that Mr. Carter was to receive credit for time previously served. (See modified sentencing order attached).

PLAINTIFF's
EXIBIT NO. 60

The Honorable Haile L. Alford
July 22, 1999
Page 2

  The ambiguity is what Your Honor intend by giving Mr. Carter credit for time previously served. The Department of Correction is under the belief that Your Honor has already taken into consideration the time Mr. Carter spent at Level V in the past by imposing a two year Level V sentence instead of the original three year Level V sentence, suspended. Therefore, the Department of Correction is interpreting the credit for time served to refer to the time served immediately prior to the imposition of the sentence for the third violation of probation (December 1, 1997 to December 16, 1999) rather than credit for every day served since 1993. Mr. Carter appears to believe that the language means he should get credit for every day of Level V time he served since he was originally incarcerated in 1993.

  So that there can be a resolution of this issue, I am writing to ask Your Honor to clarify your intent when Your Honor modified the sentence to include "The defendant shall be given credit for time previously served." Any guidance you can provide would be greatly appreciated.

                Respectfully,

                Mary Page Bailey
                Deputy Attorney General

cc: Stanley Taylor, Commissioner
   Robert Snyder, Warden
   Sherman Carter, Inmate