IN THE UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

No. 05-5148

SHERMAN CARTER,
        Plaintiff-Below,
        Appellee,

v.

STANLEY TAYLOR, et al.,
        Defendants-Below,
        Appellants.

**APPELLANTS' MEMORANDUM IN SUPPORT OF APPELLATE JURISDICTION**

On Appeal from the United States District Court
for the District of Delaware
C.A. No. 99-cv-00757

Aaron R. Goldstein

Stuart B. Drowos

Deputy Attorneys General
Department of Justice
State of Delaware
Carvel State Bldg.,6th Fl.
820 N. French Street
Wilmington, DE 19801
(302)577-8400
Aaron.Goldstein@state.de.us

Attorneys for Defendants-
Below, Appellants.

Dated:    December 13, 2005

1

**SUMMARY**

This Memorandum in Support of Appellate Jurisdiction is submitted in response to the December 8, 2005 letter directing the parties to respond in writing to an alleged jurisdictional defect.  The Appellants argue that jurisdiction is proper in this matter because they appeal from the District Court's decision to deny their Motion for Summary Judgment in relation to their claims that they are each entitled to qualified immunity.  The Appellee's claims spring from his allegation that he was incarcerated for longer than his sentence required.  The Appellants have argued that the Appellee never obtained a favorable termination of his sentence and that the multiple denials of *Habeas Corpus* relief challenging his continued confinement demonstrate that the Appellants could not have been on ``fair notice'' that the Appellee was unlawfully detained.  As set forth in the District Court's opinion, the denial of qualified immunity turns on issues of law.  Accordingly, the Appellants assert that jurisdiction to take the instant appeal is proper.

**ARGUMENT**

1.    Despite the interlocutory nature of qualified immunity rulings, they are reviewable on appeal where the dispute does not turn upon ``which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of `clearly established' law.'' *Johnson v. Jones*, 515 U.S. 304, 311

2

(1995). *See also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Wright v. City of Philadelphia*, 409 F. 3d 595, 599 (3d Cir. 2005). The qualified immunity issue in the instant appeal is twofold. First, the Plaintiff fails to establish a constitutional violation because he never obtained a favorable termination of his criminal sentence. Second, liability under the facts as set forth in the opinion was not ``clearly established.''

2. The Appellants will argue that the Appellee was required to demonstrate fulfillment of the ``favorable termination rule'' as required by *Heck v. Humphrey*, 512 U.S. 477, 486-487(1994) as a pre-requisite to filing suit. *See also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . .

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The issue of whether the Appellee ever obtained a favorable termination is a purely legal question essential to determining the propriety of denying qualified immunity for the Appellants. In the instant case, the Appellants argue that the District Court erred when it

3

determined that Appellee obtained a favorable termination within the meaning of *Heck* and its progeny. If the Appellee never obtained a favorable termination, he cannot establish the first prong of the qualified immunity analysis: a constitutional violation.

  3.    Qualified immunity determinations necessarily involve considerations of the claimed constitutional right.  The United States Supreme Court has held that qualified immunity analysis should first analyze the claimed constitutional right before addressing qualified immunity. *Brosseau v. Haugen*, _U.S._, 125 S.Ct. 596, 598 & n.3 (2004) (``When confronted with a claim of qualified immunity, a court must first ask the following question: `Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?' . . . We have no occasion in this case to reconsider our instruction . . . that lower courts decide the constitutional question prior to deciding the qualified immunity question.''); *Saucier v. Katz*, 533 U.S. 194, 200 (2001) (``[T]he first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered on a more specific level than recognized by the Court of Appeals.'').

  3.    Where a district court has framed the claimed

4

constitutional right incorrectly, and bases its qualified
immunity determination on that incorrect understanding of the
right at issue, the denial of qualified immunity turns on that
legal issue even though there may also be disputed material facts
at issue in the case.  Where the qualified immunity determination
turns on a legal issue, an interlocutory appeal of the qualified
immunity determination is appropriate and has a jurisdictional
basis.

    4.  In the instant action, the district court's analysis of
the claimed Eighth Amendment violation turned on the court's
conclusion that the ``favorable termination rule'' does not
require a Court Order.  In a November 20, 2005 Memorandum Order
denying Qualified Immunity, the Court stated that it was ``not
persuaded that the favorable termination doctrine requires a
court *order* that a sentence is invalid.''  The Appellants argue
that the District Court erred when it determined that a letter
from the sentencing judge constituted a "favorable termination"
of his criminal sentence.  Thus, the Appellants allege that the
Appellee has failed to demonstrate a constitutional violation.
Further, the Appellants also argue that assuming *arguendo* that
this Honorable Court determined that the letter does constitute a
favorable termination, the analysis utilized by the District
Court is so novel that no Appellant could have been on "fair
notice" that their individual liability was a possibility.  *See*
*Brosseau v. Haugen*, _U.S._, 125 S.Ct. 596, 599(2004)(``Because

5

the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct'').

5.  Appellants' second argument addresses the issue of whether the Appellee's claims were based on "clearly established" constitutional rights in a manner which provided them with "fair notice" that they could be subjected to liability.  Prior to filing his civil complaint, the Appellee repeatedly challenged his sentence in both state and federal venues.  He was never successful in any of his attempts.  The Appellants argue that evidence of these denials entitles them to qualified immunity because it was not objectively unreasonable to continue the Appellee's detention in light of the consistent judicial approval of his continued detention.

> The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

*Saucier v. Katz*, 533 U.S. 194, 202 (2001).  No reasonable correctional official could have believed that Appellee was unlawfully detained given his repeated failure to obtain favorable terminations of his incarceration.

6.  Additionally, when the Court below held that factual disputes precluded summary judgment regarding qualified immunity, it stated:

> Further, as the Court indicated in its previous Memorandum Order addressing the issue

6

> of qualified immunity generally, there are
> genuine issues of material fact which preclude
> the Court from granting qualified immunity at
> this juncture.

Thus, the Court below did not specify what facts it relied on and the legal reasoning it employed in denying summary judgment as to the Appellants' assertions of qualified immunity. *See Forbes v. Township of Lower Merion*, 313 F.3d 144, 149 (3d Cir. 2002)(requiring ``that future dispositions of a motion in which a party pleads qualified immunity include, at minimum, an identification of relevant factual issues and an analysis of the law that justifies the ruling with respect to those issues''). At a minimum, the Court below failed to specify what facts it relied on to deny qualified immunity. This is especially important given the fact that two of the three Appellants are supervisory officials who continue to be present in this case absent any evidence of their personal involvement in the Appellee's allegations. Regardless of the type of § 1983 claim, a civil rights plaintiff must show personal involvement by the defendants to succeed. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Additionally, Plaintiff must be able to present evidence that the Defendants acted with ``deliberate indifference'' in relation to the alleged constitutional violations. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). The Court below has not pointed to facts for which the Appellants have been denied qualified immunity.

FOR THE FOREGOING reasons, the defendants-appellants

7

respectfully submit that this Court has jurisdiction to hear this interlocutory appeal on the issue of qualified immunity. The Appellants remain ready to more fully brief the issues set forth in support of the instant appeal.


                                    STATE OF DELAWARE
                                    DEPARTMENT OF JUSTICE


                                    _____
                                    Aaron R. Goldstein (#3735)
                                    Stuart B. Drowos (# 427)
                                    Deputy Attorneys General
                                    Department of Justice
                                    State of Delaware
                                    Carvel State Bldg.,6th Fl.
                                    820 N. French Street
                                    Wilmington, DE 19801
                                    (302)577-8400
Dated:    December 13, 2005         Aaron.Goldstein@state.de.us
                                    Stuart.Drowos@state.de.us
                                    Attorneys for Defendants-Below,
                                    Appellants


8

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on December 13, 2005, he caused the foregoing document to be delivered to the   following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Sherman A. Carter
2900 Jefferson Street
Wilmington, DE 19802

**MANNER OF DELIVERY:**

____ One true copy by facsimile transmission to each recipient.

_X_ Two true copies by first class mail, postage prepaid, to each recipient.

_____ Two true copies by Federal Express.

_____ Two true copies by hand delivery to each recipient.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

Aaron R. Goldstein (#3735)
Stuart B. Drowos (# 427)
Deputy Attorneys General
Department of Justice
Carvel State Bldg.,6th Fl.
820 N. French Street
Wilmington, DE 19801
(302)577-8400
Aaron.Goldstein@state.de.us
Stuart.Drowos@state.de.us
Attorneys for Defendants-Below,
Appellants

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERMAN CARTER,                     :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :    Civil Action No. 99-757-JJF
                                    :
COMMISSIONER STANLEY TAYLOR,        :
WARDEN ROBERT SNYDER, and           :
RECORDS SUPERVISOR                  :
REBECCA L. McBRIDE,                 :
                                    :
        Defendants.                 :
                                    :

## MEMORANDUM ORDER

On November 22, 2005, Defendants appealed the Court's
November 10, 2005 Memorandum Order denying Defendants' request
for judgment in their favor on the basis of qualified immunity
and finding that genuine issues of material fact existed making
resolution of this issue inappropriate on summary judgment.  On
December 1, 2005, the Court held an in-court conference with the
parties to discuss the status of this case in light of the
appeal.

The Court noted that in the past, it had denied Plaintiff's
requests for counsel.  The record indicates that the Court had
requested representation for Plaintiff, but his case was not
selected by the then-available attorneys.  As the Court noted at
the December 1 conference, Plaintiff has litigated this case
commendably in a pro se capacity and the issues have been
relatively straightforward as a factual matter.  However, given
the complexities of the legal issues surrounding qualified

immunity and the current appeal, which brings along a host of
additional procedural and substantive complexities related to
jurisdiction and the like, the Court concludes that counsel is
critical for Plaintiff to proceed at this stage.

Because an appeal has been noticed, the Court will defer to
the Court of Appeals for the Third Circuit to appoint counsel for
Plaintiff to defend this appeal.  If, however, the Third Circuit
is unable to obtain representation for Plaintiff through its
panel of available attorneys, the Court will retain jurisdiction
of this case insofar as the appointment of counsel is concerned
so that Plaintiff may petition this Court for an attorney.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.    Petitioner's request for appointment of counsel is
**GRANTED**.

2.    Petitioner shall notify the Court in writing if an
attorney is not appointed to represent him at the appellate level
so that representation can be secured for Plaintiff through this
Court's Federal Civil Panel.

3.    In light of the pending appeal, Plaintiff's Motion In
Limine (D.I. 156) will be **DENIED** with leave to renew in the event
that this case is remanded for trial.

December 5, 2005
DATE                                UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERMAN CARTER,                    :
                                   :
        Plaintiff,                 :
                                   :
    v.                             :  Civil Action No. 99-757-JJF
                                   :
COMMISSIONER STANLEY TAYLOR,       :
                                   :
        Defendants.                :
                                   :

## MEMORANDUM ORDER

By letter dated August 31, 2005 (D.I. 147), Defendants
request the Court to address the issue of qualified immunity as
it relates to the Court's August 22, 2005 Memorandum Order
denying Plaintiff's Joint Motion For Leave To File Supplemental
Summary Judgment Argument Based On The Favorable Termination Rule
And Lack Of Subject Matter Jurisdiction.  In its August 22, 2005
Memorandum Order (D.I. 146), the Court denied Defendants' motion
for summary judgment based on the favorable termination rule and
concluded that Judge Alford's August 2, 1999 letter clarifying
Plaintiff's sentence was a favorable termination.  Specifically,
the Court concluded that the letter constituted a declaration of
invalidity by the state court.

In arguing that they are shielded by the doctrine of
qualified immunity, Defendants contend that there is no case law
or other legal authority which would support the notion that
Defendants were given fair notice that a letter between a judge
and an attorney, which does not relate to an active criminal or
civil matter, could be construed as a judicial order declaring a

criminal sentence invalid as required by the favorable termination rule.  Defendants contend that:

> [I]t would be novel to require Defendants to stand trial based on an accusation of unlawful incarceration in the absence of a prior favorable habeas corpus decision.  Thus, liability absent the favorable termination requirement could not be 'clearly established' for the purposes of qualified immunity.

(D.I. 139 at ¶ 7).

A public official is entitled to qualified immunity if the official's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Good v. Dauphin County Soc. Servs. For Children and Youth, 891 F.2d 1087, 1092 (3d Cir. 1989).  A court confronted with a claim of qualified immunity must consider, first, whether the facts alleged, when taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If not, the inquiry ends, and the officer is entitled to qualified immunity.  Id.

If, however, a constitutional violation could be alleged when viewing the injured party's allegations favorably, the Court must next consider whether the right was clearly established.  Id.  For a right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  Knowledge of

2

general concepts, however, is not enough.  Rather, the "inquiry
must be undertaken in light of the case's specific context, not
as a broad general proposition."  Saucier, 533 U.S. at 201-202.

    The Court first considered the doctrine of qualified
immunity in response to Defendants' Motion To Dismiss.  In their
initial Motion, Defendants argued that they were entitled to
qualified immunity, because Defendants "acted in good faith,
without gross or wanton negligence in the performance of their
discretionary duties."  (D.I. 8 at ¶ 11).  The Court rejected
Defendants' argument concluding that Plaintiff alleged sufficient
facts to state a violation of the Eighth Amendment based on
Plaintiff's incarceration after the expiration of his prison
term.  The Court specifically held that Plaintiff sufficiently
alleged deliberate indifference on the part of Defendants so as
to withstand dismissal.

    Defendants raised the doctrine of qualified immunity a
second time in their Renewed Motion To Dismiss (D.I. 106) which
was converted to a motion for summary judgment by the Court,
because it referenced matters outside the pleadings.  In
resolving that motion, the Court concluded that genuine issues of
material fact existed as to whether Defendants were deliberately
indifferent to Plaintiff's plight, including whether Defendants
failed to take timely action to recalculate Plaintiff's release
date and whether Defendants' delay in taking such action was

3

reasonable.  These factual issues also pertained to the application of qualified immunity, and therefore, the Court denied Defendants' motion to the extent they sought qualified immunity.

Defendants raised the doctrine of qualified immunity a third time in their Joint Motion For Leave To File Supplemental Summary Judgement Argument Based On The Favorable Termination Rule And Lack Of Subject Matter Jurisdiction (D.I. 139).  Defendants argue that they were not on fair notice that Judge Alford's letter could be construed as a favorable termination, and therefore, it appears to the Court that Defendants are raising the second prong of the qualified immunity analysis.  Under this prong, the Court must determine whether a reasonable person in Defendants' position would have understood that he or she was violating Plaintiff's constitutional rights.  This does not mean that there must be precedential case law that is factually indistinguishable from the plaintiff's case.  See Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987) (the issue is not whether "the very action in question has previously been held unlawful").  However, it "must be apparent" that the defendant's actions are unlawful "in the light of pre-existing law."  Id.

Though not precisely on point, it appears that at least one court in this Circuit has, in dicta, found that a defendant received a favorable termination when he was informed that his

4

sentence had been miscalculated and he was released from prison. Ray v. Childs, 2004 WL 250623, * 3 (holding plaintiff's claim was time barred, but noting that Plaintiff was required under the Supreme Court's decision in Heck to achieve success in attacking the calculation of his sentence before he could bring a Section 1983 suit and concluding that the required success was achieved when he was informed that his sentence had been miscalculated and he was released from prison). Moreover, the Court is not persuaded that the favorable termination doctrine requires a court order that a sentence is invalid, as Defendants suggest by their argument that they were not on fair notice that Judge Alford's letter could be considered a favorable termination. Judge Alford's letter resulted in Plaintiff's release from custody, and thus, as in Ray, Plaintiff achieved success in attacking the calculation of his sentence. Further, as the Court indicated in its previous Memorandum Order addressing the issue of qualified immunity generally, there are genuine issues of material fact which preclude the Court from granting Defendants qualified immunity at this juncture.

NOW THEREFORE, IT IS HEREBY ORDERED this /6 day of November 2005, that Defendant's request for summary judgment based on the doctrine of qualified immunity is **DENIED**.

UNITED STATES DISTRICT JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERMAN CARTER,                          :
                                         :
          Plaintiff,                     :
                                         :
     v.                                  :   Civil Action No. 99-757 JJF
                                         :
COMMISSIONER STANLEY TAYLOR,             :
et al.,                                  :
                                         :
          Defendants.                    :

### MEMORANDUM ORDER

Pending before the Court is Defendants' Joint Motion For Leave To File Supplemental Summary Judgment Argument Based On The "Favorable Termination Rule" And Lack Of Subject Matter Jurisdiction (D.I. 139). For the reasons discussed, the Court will deny the Motion.

### I.   Background

Plaintiff Sherman A. Carter was a former inmate at the Delaware Correctional Center at Symrna, Delaware. His Complaint alleges that Defendants violated the Due Process requirements of the Eighth and Fourteenth Amendments by deliberately miscalculating his sentence and causing him to spend additional time in incarceration.

The dispute began on March 6, 1999, when Judge Alford of the Superior Court of the State of Delaware entered an order instructing the Delaware Department of Justice ("Delaware DOJ") to credit Plaintiff's sentence for time previously served. Subsequently, Plaintiff told Defendants, employees of the

Delaware Department of Correction ("Delaware DOC"), that they were not sufficiently crediting his time. On July 22, 1999, in response to Plaintiff's complaints, the Delaware DOJ sent a letter to Judge Alford asking her to clarify her order. On August 2, 1999, Judge Alford replied to the Delaware DOJ by letter. Her interpretation of the sentence contradicted the Delaware DOJ's interpretation and required Plaintiff's immediate release.

## II.  Contentions

By their motion, Defendants contend that Plaintiff's claims fail to satisfy the favorable termination rule, and therefore, Plaintiff cannot recover damages for his allegedly unconstitutional imprisonment. In response, Plaintiff contends that he received a favorable termination from Judge Alford.

## III. Discussion

If a state prisoner seeks damages in a section 1983 suit and a judgment in favor of the plaintiff would imply the invalidity of the plaintiff's sentence, the plaintiff must satisfy the "favorable termination rule" announced in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held in relevant part that

> to recover damages for allegedly unconstitutional ...
> imprisonment ... a § 1983 plaintiff must prove that the ...
> sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of habeas

2

corpus....

Id. at 486-87 (1994). In other words, to establish a favorable

termination, a plaintiff must "demonstrate that the ... sentence

has already been invalidated." Id. at 487. In stating the

favorable termination rule, the Supreme Court analogized Section

1983 actions to the common law cause of action for malicious

prosecution. Id. at 484-85. The Supreme Court stated:

> We think the hoary principle that civil tort actions are not
> appropriate vehicles for challenging the validity of
> outstanding criminal judgments applies to § 1983 damages
> actions that necessarily require the plaintiff to prove the
> unlawfulness of his conviction or confinement, just as it
> has always applied to actions for malicious prosecution.

Id. at 484-85.

In this case, Plaintiff challenges the calculation of his

sentence. A section 1983 challenge to the calculation of a

sentence is a challenge to the sentence itself, and therefore,

Plaintiff must satisfy the favorable termination rule. Graham v.

Kooker, No.98-0038, 1998 WL 669931, at *4 (E.D. Pa. Sept. 28,

1998) (citing Glenn v. Armstrong, No. CIV.A.93-0807, 1998 WL

241199, at *3 (Mar. 31, 1998)); Owens v. Ortiz, No. Civ. 05-2351,

2005 WL 1199066 (D.N.J. May 19, 2005); Ray v. Childs, No. Civ.A.

02-7863, 2004 WL 250623, at *3 (E.D. Pa. Feb. 10, 2004); Mitchell

v. Dep't of Corrections, 272 F.Supp. 2d 464 (M.D. Pa. 2003);

Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997); Crawford v.

Barry, No. CIV.A.95-7073, 1996 WL 734096, at *2 (D.C. Cir. Nov.

8, 1996).

3

Plaintiff contends that he received a favorable termination from Judge Alford's August 2, 1999, letter. The Court agrees. Judge Alford entered the original order that credited Plaintiff for time previously served, and thus Judge Alford was authorized to determine the validity of the sentence as executed by the DOJ. Judge Alford's letter of clarification contradicted the Delaware DOJ's interpretation of the sentence and required Plaintiff's immediate release. In the Court's view, Judge Alford's letter constitutes a declaration of invalidity by a state tribunal. See Ray, 2004 WL at *3 (holding that a section 1983 plaintiff attacking a sentence miscalculation received a favorable termination where "he was informed that the sentence had been miscalculated and he was released from the ... sentence."). Therefore, the Court concludes that Plaintiff has received a favorable termination of his sentence by Judge Alford.

For the reasons discussed, the Court will deny Defendants' Joint Motion For Leave To File Supplemental Summary Judgment Argument Based On The "Favorable Termination Rule" And Lack Of Subject Matter Jurisdiction (D.I. 139).

4

## IV.  Conclusion

NOW THEREFORE, IT IS HEREBY ORDERED this 22 day of August 2005, that Defendants' Joint Motion For Leave To File Supplemental Summary Judgment Argument Based On The "Favorable Termination Rule" And Lack Of Subject Matter Jurisdiction (D.I. 139) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHERMAN CARTER,                     :
                                    :
          Plaintiff,                :
                                    :
     v.                             :    Civil Action No. 99-757 JJF
                                    :
COMMISSIONER STANLEY TAYLOR,        :
et al.,                             :
                                    :
          Defendants.               :
                                    :

## O R D E R

WHEREAS, Defendants filed a Renewed Motion To Dismiss (D.I. 106), which has been converted to a motion for summary judgment, contending that (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff has failed to state a claim upon which relief may be granted; and (3) Defendants are shielded from liability by qualified immunity;

WHEREAS, regarding Defendants' first contention, the Court finds that, because Plaintiff commenced this action after his release from prison, he no longer had a duty to exhaust administrative remedies;

WHEREAS, regarding Defendants' second contention, the Court finds that there exists a genuine issue of material fact as to whether Defendants exercised "deliberate indifference" towards Plaintiff's plight, specifically, whether Defendants failed to take timely action in recalculating Plaintiff's release date;

WHEREAS, regarding Defendants' third contention, the Court

finds that there exists a genuine issue of material fact as to whether said delay was reasonable;

NOW THEREFORE, IT IS HEREBY ORDERED that Defendants' Renewed Motion To Dismiss (D.I. 106) is **DENIED**.


April 2?, 2005
DATE

UNITED STATES DISTRICT JUDGE